Jerome P. Mullins
Attorney at Law
95 South Market Street, Suite 300
San Jose, California 95113
Voice: (408) 252-9937
Fax: (650) 685-5467

State Bar of California
Active Member Number 57861

Attorney for Plaintiff
THERESA LOUISE PASSINEAU

FILED

E-FILING

2007 NOV -8 P 2: 16

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

ADR

Fee Paid
S1
⑤

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

THERESA LOUISE PASSINEAU,              )
                          Plaintiff,   )
                                       )   No.
                                       )   **C07  05681  RS**
                                       )
vs.                                    )
                                       )   **COMPLAINT FOR DAMAGES**
                                       )
                                       )   **Violation of Civil Rights**
MONTEREY COUNTY DEPARTMENT             )   **Title 42, U.S.C. Section 1983**
OF SOCIAL AND EMPLOYMENT;              )
SERVICES; STEVE MUDD                   )
and                                    )
PAT MANNION, in their official capacity as  )   **JURY TRIAL DEMANDED**
social workers for MONTEREY COUNTY     )
DEPARTMENT OF SOCIAL AND               )
EMPLOYMENT SERVICES;                   )
                                       )
                                       )
MONTEREY COUNTY SHERIFF'S              )
DEPARTMENT; and D. FOSTER,             )
in his official capacity as Deputy Sheriff for  )
MONTEREY COUNTY;                       )
                                       )
SANTA CRUZ COUNTY HUMAN                )
RESOURCES AGENCY/FAMILY &              )
CHILDREN'S SERVICES; and               )
SYLVIA HERNANDEZ, in her official      )
capacity as social worker              )
for SANTA CRUZ COUNTY HUMAN            )

1

RESOURCES AGENCY/FAMILY &                 )
CHILDREN'S SERVICES,                       )
                                           )
                          Defendants )

## JURISDICTION AND VENUE

1.      This court has jurisdiction over the subject matter of this action pursuant to Title 28, United States Code, Sections 1331 and 1343. This cause of action is authorized by 42 U.S.C. Section 1983 and the Constitution of the United States to redress deprivations of constitutionally protected rights and interests under color of state law.

2.      The conduct upon which this suit is based occurred in this judicial district.

3.      Plaintiff is informed and believes and on that basis alleges that each of the named defendants resides in this judicial district.

## PARTIES

4.      Plaintiff THERESA PASSINEAU is a citizen of the United States, a resident of Monterey County, California, and on July 6, 2007, had joint legal custodian of six children with her husband, Brett Passineau.

5.      Defendant MONTEREY COUNTY DEPARTMENT OF SOCIAL AND EMPLOYMENT SERVICES ("DSES") is a local public entity situated in the State of California and organized under the laws of the State of California.

6.      Defendant STEVE MUDD is, and was at all times mentioned herein, a social worker and in doing the things hereinafter alleged, acted under color of state law as an agent of the COUNTY OF MONTEREY DEPARTMENT OF CHILD PROTECTIVE SERVICES and with its full consent and approval.

Complaint for Damages

7.    Defendant MONTEREY COUNTY SHERIFF'S DEPARTMENT is a local public entity situated in the State of California and organized under the laws of the State of California.

8.    Defendant D. FOSTER is, and was at all times mentioned herein, a DEPUTY SHERIFF and in doing the things hereinafter alleged, acted under color of state law as an agent of the MONTEREY COUNTY SHERIFF'S DEPARTMENT and with its full consent and approval.

9.    In doing the things herein alleged, the defendants, and each of them, acted as the agent, servant, employee and in concert with each of the remaining defendants.

## STATEMENT OF FACTS

10.    At about 6:30 P.M. on Wednesday, July 6, 2005, defendant social worker STEVE MUDD, accompanied by armed, uniformed peace officers, including defendant DEPUTY SHERIFF D. FOSTER, arrived at the residence of the plaintiff unannounced and entered the residence without plaintiff's consent and without a warrant. The defendants commenced a thorough search of the residence without consent, and thereafter took custody of the four of Plaintiff's children (all girls) who were present at the residence at that time. They informed the Plaintiff that they were taking these actions because of allegations that Brett Passineau, Plaintiff's husband, had sexually abused two of Plaintiff's children (boys) that were not present at the residence at that time, and were in fact visiting a former foster mother in Santa Rosa.

11.    The above-named defendants had no probable cause to believe that the children were in imminent danger of serious bodily injury at the time of the entry and removal and therefore acted contrary to federal constitutional standards that required a

3

warrant before removal. The above-named defendants also acted contrary to the requirements of California Welfare and Institutions Code sections 305 and 306.

12.    Defendants MUDD and FOSTER then chose to detain the children pending the filing of a dependency petition in the Monterey County Juvenile Court.

13.    The above-named defendants had ample time to obtain a warrant and failed to do so, electing instead to remove the children without a court order of any kind.

14.    The removal of the children was not necessary to avert any perceived harm to their welfare.

15.    In making the decision to detain the children, MUDD and FOSTER acted contrary to federal constitutional standards requiring them to return the children unless they were in danger of serious bodily injury or death. MUDD and FOSTER also violated the mandate of Section 309 of the California Welfare and Institutions Code in that they could not reasonably believe that detention was necessary for the immediate and urgent protection of the children.

16.    Almost immediately after taking the children, defendant MONTEREY COUNTY DEPARTMENT OF SOCIAL AND EMPLOYMENT SERVICES delegated much of the investigation in the dependency proceeding to the SANTA CRUZ COUNTY DEPARTMENT OF HUMAN RESOURCES AGENCY/FAMILY & CHILDREN'S SERVICES, which agency, jointly, and under the supervision and direction of the MONTEREY COUNTY DEPARTMENT OF SOCIAL AND EMPLOYMENT SERVICES, conducted a patently biased, coercive, and one-sided investigation of plaintiff with deliberate and callous indifference to plaintiff's constitutional rights.

17.     An initial hearing was scheduled in Juvenile Court for July 11, 2005, but was continued until Friday, July 15, 2005. At the hearing on July 15th, the presiding judge volunteered the following excoriation to Plaintiff's husband, as Plaintiff recalls it: "To bring a boy who had already been sexually abused into your home to protect and nurture him, and then to sexually abuse him again is despicable!" Then, turning to Plaintiff, the judge remarked: "If I were the mother, I would have kicked the husband out two seconds after I heard about this." Plaintiff's husband was not arrested on criminal charges until July 25th, indicating that there was not even probable cause to arrest him on the date of the judge's hasty condemnation of him.

18.     The judge's remarks in open court set the tone for the hostile, discriminatory investigation of Plaintiff that was to be conducted over the next eleven months with deliberate and callous indifference to her rights under the United States Constitution. Consistent with the judge's remarks, social workers investigating the case repeatedly advised Plaintiff that she could *never* effect reunification with her children unless she left her husband, and they faulted her "progress" for not verbalizing explicit belief in the allegations of the boys.

19.     On the basis of a completely biased and constitutionally offensive investigation conducted over a period of approximately eleven months or longer by the MONTEREY COUNTY DEPARTMENT OF SOCIAL AND EMPLOYMENT SERVICES and the SANTA CRUZ COUNTY HUMAN RESOURCES AGENCY/FAMILY & CHILDREN'S SERVICES, the Superior Court of Monterey County terminated the parental rights of plaintiff with regard to all of her children.

20.    Whereupon, pursuant to California Government Code Section 945.6, plaintiff filed a timely claim against defendant MONTEREY COUNTY, on March 23, 2007, which the MONTEREY COUNTY BOARD OF SUPERVISORS rejected on May 8, 2007.

## STATEMENT OF DAMAGES

21.    As a direct and proximate result of the incidents alleged in this complaint, plaintiffs sustained injuries and damages including, but not limited to: pain, suffering, as well as severe emotional distress, fear, anxiety, embarrassment, and humiliation, all to their general damage in an amount according to proof.

22.    As a further direct and proximate result of the incidents alleged in this complaint, plaintiff suffered loss of income, incurred attorney's fees, and other incidental expenses, all to her special damage in an amount according to proof.

23.    In doing the things alleged herein, defendants acted willfully and maliciously and in deliberate, reckless or callous disregard of the plaintiffs' rights justifying an award of punitive damages in accordance with proof.

24.    Plaintiffs have been compelled to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to reasonable attorney's fees pursuant to Title 42, United States Code § 1988.

## Count One
### Violation of Civil rights
### Title 42, United States Code, Section 1983
### (Defendants MUDD and FOSTER)

25.    Plaintiff realleges and incorporates herein by reference the allegations set forth in Paragraphs 1 through 24 of this complaint.

Complaint for Damages

26.     In doing the acts complained of herein, defendants MUDD and FOSTER acted under color of state law to deprive plaintiff as alleged herein, of constitutionally protected rights including, but not limited to:

(a) the right not be deprived of liberty without due process of law;

(b) the right to be free from unreasonable interference with parent-child relationships;

(c) the right to procedural due process;

(d) the right to be free from unreasonable searches and seizures;

(e) the right to be free from arbitrary intrusions on plaintiffs' physical and emotional well-being.

(f) the right to associate with another person in a marital relationship.

27.     As a direct and proximate result of the acts complained of herein, plaintiffs have suffered general and special damages as set forth in this complaint.

**Wherefore**, plaintiffs pray for relief as hereinafter set forth.

### Count Two
**Violation of Civil rights**
**Title 42, United States Code, Section 1983**
**(Defendants MANNION and HERNANDEZ)**

28.     Plaintiffs realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 24 of this complaint.

29.     In doing the acts complained of herein, defendants MANNION and HERNANDEZ acted under color of state law to deprive plaintiff as alleged herein, of constitutionally protected rights including, but not limited to:

(a) the right not be deprived of liberty without due process of law;

(b) the right to be free from unreasonable interference with parent-child relationships;

(c) the right to procedural due process, including a fair and impartial court hearing;

(d) the right to be free from arbitrary intrusions on plaintiffs' physical and emotional well-being.

(e) the right to associate with another person in a marital relationship.

30.    As a direct and proximate result of the acts complained of herein, plaintiffs have suffered general and special damages as set forth in this complaint.

**Wherefore**, plaintiffs pray for relief as hereinafter set forth.

### Count Three
### Violation of Civil rights
### Title 42, United States Code, Section 1983
### (Defendants MUDD, and FOSTER)

31.    Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 24 of this complaint.

32.    The seizure of the plaintiff's children constituted part of a pattern and practice of MONTEREY COUNTY to remove children from the custody of their parents without a warrant, without adequate investigation and without probable cause to believe that the children are in imminent harm of physical injury or death or without probable cause to believe that the children are at risk of any abuse or neglect.

33.    As a direct and proximate result of the acts complained of herein, plaintiffs have suffered general and special damages as set forth in this complaint.

8

**Wherefore**, plaintiffs pray for relief as hereinafter set forth.

## Jury Trial Demand

34.    Plaintiffs demand a jury trial in this matter.

## Prayer

**Wherefore**, plaintiff prays for judgment against the defendants as follows:

1.    General damages according to proof against all defendants;

2.    Special damages according to proof against all defendants;

3.    Attorneys' fees pursuant to statute against all defendants;

4.    Costs of suit; and

5.    For such other and further relief as the court deems appropriate.

Dated: _11/08/07_

_Jerome P. Mullins_
Jerome P. Mullins
Attorney for Plaintiff
Theresa Passineau

Complaint for Damages