1  DANA McRAE, State Bar No. 142231
   County Counsel, County of Santa Cruz
2  JESSICA C. ESPINOZA, State Bar No. 235941
   Assistant County Counsel
3  701 Ocean Street, Room 505
   Santa Cruz, California 95060
4  Telephone: (831) 454-2040
   Fax: (831) 454-2115
5
6  Attorneys for Defendants
   COUNTY OF SANTA CRUZ HUMAN
7  RESOURCES AGENCY/FAMILY &
   CHILDREN'S SERVICES AND
8  SYLVIA HERNANDEZ
9
                    UNITED STATES DISTRICT COURT
10
          NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION
11

12  | THERESA LOUISE PASSINEAU, | Case No. C07-05681 RS |
13  | | |
    | Plaintiff, | **SANTA CRUZ COUNTY** |
14  | | **DEFENDANTS' NOTICE OF MOTION** |
    | | **AND MOTION TO DISMISS** |
15  | v. | **COMPLAINT AND MOTION FOR A** |
    | | **MORE DEFINITE STATEMENT;** |
16  | | **MEMORANDUM OF POINTS AND** |
17  | MONTEREY COUNTY DEPARTMENT OF | **AUTHORITIES IN SUPPORT** |
    | SOCIAL AND EMPLOYMENT SERVICES, | |
18  | et. al. | **Date: January 9, 2007** |
19  | | **Time: 9:30 a.m.** |
    | Defendants. | **Dept: Courtroom 4, 5th Floor** |
20  | | |
21

22      TO THE COURT AND PLAINTIFF THERESA LOUISE PASSINEAU:  PLEASE TAKE

23  NOTICE that on January 9, 2007, at 9:30 a.m. or as soon thereafter as the motion may be heard in

24  Courtroom 4, 5th Floor, of the above-referenced court, defendants Santa Cruz County Human

25  Resources Agency/Family & Children's Services ("Santa Cruz County") and Sylvia Hernandez

26  ("Hernandez"), collectively referred to herein as "Santa Cruz County Defendants," will move the

27  Court for an order dismissing plaintiff's complaint pursuant to Federal Rule of Civil Procedure

28

1    12(b)(6).  In the alternative, Santa Cruz County Defendants will move the Court for an order,

2    pursuant to Federal Rule of Civil Procedure 12(e), requiring plaintiff to file a more definite statement

3    specifically setting forth allegations of unlawful behavior against each Santa Cruz County defendant.

4        The grounds for this motion are that plaintiff's complaint does not set forth facts sufficient to

5    state a cause of action against defendant Santa Cruz County or the identified social worker for Santa

6    Cruz County, Hernandez.  For these reasons, Santa Cruz County Defendants request that the Court

7    dismiss all claims filed by plaintiff against Santa Cruz County and Hernandez, or, in the alternative,

8    require plaintiff to state with particularity and in a non-conclusory fashion sufficient factual

9    allegations against Santa Cruz County and Hernandez so that the Santa Cruz County Defendants

10   may answer the complaint.

11       This motion is based on this notice of motion, the accompanying memorandum of points and

12   authorities, the pleadings on file in this action, and any other matter the Court deems proper to

13   review at the hearing of this motion.

14

15   Dated: November 29, 2007                DANA McRAE, COUNTY COUNSEL

16

17                                           By: _____/S/_____

18                                               JESSICA C. ESPINOZA
                                                 Assistant County Counsel
19                                               Attorneys for Defendants COUNTY OF
                                                 SANTA CRUZ HUMAN RESOURCES
20                                               AGENCY/FAMILY & CHILDREN'S
                                                 SERVICES AND SYLVIA HERNANDEZ

21

22

23                          **MEMORANDUM OF POINTS AND AUTHORITIES**

24                                    **INTRODUCTION**

25       Plaintiff Theresa Louise Passineau has filed a complaint against Monterey County Social and

26   Employment Services, two Monterey County social workers, the Monterey County Sheriff's

27   Department, a Monterey County Sheriff's Deputy, the Santa Cruz County Human Resources

28

Agency/Family & Children's Services, and a Santa Cruz County social worker for violation of her civil rights related to the removal of foster children from her home.

Santa Cruz County Defendants move to dismiss all claims filed by plaintiff against Santa Cruz County and the identified Santa Cruz County social worker, Hernandez, on the grounds that the complaint does not state facts sufficient to state a cause of action against them; in the alternative, Santa Cruz County Defendants move for a more definite statement.

**STATEMENT OF FACTS**

Plaintiff alleges that on or about July 6, 2005, a Monterey Country deputy sheriff and a Monterey County social worker arrived at her residence unannounced and took custody of the four foster children present at her residence. Plaintiff alleges that the foster children were removed due to allegations that her husband had sexually abused two of plaintiff's other children who were not at the residence at that time. Plaintiff alleges that the social worker and deputy entered and searched her home without a warrant and without consent. Further, plaintiff alleges that the deputy and social worker had no probable cause to believe the children were in imminent danger. (Plaintiff's Complaint, ¶¶ 10-11.)

The only allegations directed against Santa Cruz County or its personnel are related to the investigation in the dependency proceeding that followed the events of July 6, 2005. Plaintiff alleges that Monterey County delegated much of the investigation to Santa Cruz County, whereby Santa Cruz County, jointly, and under the supervision and direction of Monterey County, conducted a "patently biased, coercive and one-sided investigation" of plaintiff with "deliberate and callous indifference to plaintiff's constitutional rights." (Plaintiff's Complaint, ¶16.) Plaintiff further alleges that as a result of the investigation by Monterey County and Santa Cruz County, the Court terminated her parental rights. (Plaintiff's Complaint, ¶19.)

Plaintiff does not allege any claim for relief related to Santa Cruz County and only one claim for relief, brought under 42 U.S.C. section 1983, against Hernandez.

///

///

# ARGUMENT

## I.

## THE COURT SHOULD GRANT THIS MOTION TO DISMISS PLAINTIFF'S COMPLAINT AS TO SANTA CRUZ COUNTY AND HERNANDEZ

### A.    Plaintiff's Complaint Contains Insufficient Facts Showing That Hernandez Is Responsible For Any Wrongdoing In This Case

Section 1983 provides for liability against a "[P]erson who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ." (42 U.S.C. § 1983.)  Liability under section 1983 requires that there be an actual connection or link between the actions of the defendant and the deprivation alleged to have been suffered by the plaintiff.  (*Monell v. Department of Social Services* (1978) 436 U.S. 658, 691-694; *Rizzo v. Goode* (1976) 423 U.S. 362, 370.)  The Ninth Circuit has noted that "a person 'subjects' another to the deprivation of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." (*Johnson v. Duffy* (9th Cir. 1978) 588 F.2d 740, 743.)

In ruling on a motion to dismiss, courts must accept all material allegations of fact alleged in the complaint as true; however, courts do *not* accept as true legal conclusions cast in the form of allegations if such conclusions cannot be reasonably drawn from the facts alleged.  Similarly, the court need not accept unreasonable inferences or unwarranted deductions of fact.  (*Sprewell v. Golden State Warriors* (9th Cir. 2001) 266 F.3d 979, 988, *amended* at 275 F.3d 1187; *Western Mining Council v. Watt* (9th Cir. 1981) 643 F.2d 618, 624; *Dubbs v. C.I.A.* (N.D. Cal. 1990) 769 F.Supp. 1113, 1115.)  Under Federal Rule of Civil Procedure 8(a), a claim for relief must provide fair notice both of the nature of the claim and the facts that underlie the claim. (*Grid Systems Corp. v. Texas Instruments, Inc.* (N.D.Cal. 1991) 771 F.Supp. 1033, 1037.)  Accordingly, conclusory allegations unsupported by any specific facts are not sufficient to defeat a motion to dismiss. (*McCarthy v. Mayo* (9th Cir. 1987) 827 F.2d 1310, 1316; *see also Faruqi v. State of California*

(N.D.Cal. 1994) 1994 U.S. Dist. LEXIS 8676, at *4-6 [dismissing claims where plaintiff's allegations failed to distinguish among the many defendants and were vague, general, conclusory and contained no facts to support them]; *Scognamillo v. Credit Suisse First Boston LLC* (N.D.Cal. 2005) 2005 U.S. Dist. LEXIS 20221, at *7 et seq. [dismissing claims where plaintiff's allegations were conclusory and lacked specific facts].)

Here, plaintiff's allegations against Hernandez are insufficient, as they are not supported by any specific facts. In her complaint, plaintiff claims that, "[i]n doing the acts complained of herein, defendants Mannion and Hernandez acted under color of state law to deprive plaintiff as alleged herein, of constitutionally protected rights . . ." (Plaintiff's Complaint, ¶ 29.) However, aside from this conclusory sentence, plaintiff does not provide any further facts regarding Hernandez's alleged wrongdoing in this matter. Plaintiff does not set forth how Hernandez caused plaintiff damages or even identify how Hernandez is involved in the events at issue in this case.

Plaintiff's complaint fails to put Hernandez on notice of any factual allegations underlying her claim. Without more, plaintiff's conclusory allegations are insufficient to adequately state a claim for relief against Hernandez. Accordingly, Santa Cruz County Defendants respectfully request that this Court dismiss plaintiff's Complaint as to Hernandez.

### B.    Plaintiff's Complaint Contains Insufficient Facts Showing That Santa Cruz County Is Responsible For Any Wrongdoing In This Case

Similarly, plaintiff fails to set forth any specific facts concerning Santa Cruz County's alleged wrongful conduct. Plaintiff's only allegation regarding Santa Cruz County appears in her Statement of Facts. There, plaintiff alleges that Santa Cruz County "conducted a patently biased, coercive, and one-sided investigation" (Plaintiff's Complaint, ¶ 16) that ultimately resulted in the termination of her parental rights. (Plaintiff's Complaint, ¶ 19.) However, plaintiff does not set forth any specific facts underlying such allegations. And as previously stated, in ruling on a motion to dismiss courts do not accept as true legal conclusions cast in the form of allegations if such conclusions cannot be reasonably drawn from the facts alleged and courts need not accept unreasonable inferences or unwarranted deductions of fact. (*Sprewell, supra,* 266 F.3d at 988;

1  *Western Mining Council, supra,* 643 F.2d at 624; *Dubbs, supra,* 769 F.Supp. at 1115.)  Plaintiff's

2  conclusory allegation is insufficient to support any claim for relief against Santa Cruz County.

3      **C.    Plaintiff Has Not Properly Pled a 1983 Violation Against Santa Cruz County**

4      Plaintiff's complaint fails to state a cause of action against Santa Cruz County directly.

5  Accordingly, assuming that plaintiff's claim against Santa Cruz County is based on the alleged

6  wrongful conduct of Hernandez, plaintiff fails to properly plead a 1983 violation against Santa Cruz

7  County.  At a minimum, it is necessary to allege conduct which occurred in the execution of a

8  government's policy or custom promulgated either by its lawmakers or by those whose edicts or acts

9  may fairly be said to represent official policy.  (*Monell v. Dept. of Social Services of the City of New*

10  *York*, 436 U.S. 658 (1978).)  Here, plaintiff's complaint fails to allege Hernandez acted in the

11  execution of a Santa Cruz County policy or custom.  The only allegation against Hernandez is that

12  she "acted under color of state law to deprive plaintiff" of certain civil rights.  (Plaintiff's Complaint,

13  ¶ 29.)  This vague and conclusory allegation is inadequate, as it does not set forth what wrongful

14  conduct Hernandez was engaged in or what Santa Cruz County custom or policy she was

15  promulgating or following.

16      However, even if plaintiff could allege that Hernandez was involved in wrongdoing while

17  carrying out a custom or policy, she still cannot allege a cause of action under section 1983 against

18  Santa Cruz County based on the facts of this single incident.  (*See Oklahoma City v. Tuttle*, 471 U.S.

19  808, 831 (1985).)  In *Oklahoma City*, the court held that a municipal policy sufficient to impose

20  liability under section 1983 could not be established by a single, isolated instance of misconduct by

21  an officer. (*Id.* at 831.)  Here, plaintiff's complaint only consists of a single incident involving the

22  removal of children from her home and the subsequent investigation.  As there is no *respondeat*

23  *superior* liability under section 1983 in suits against municipalities, plaintiff cannot properly plead a

24  section 1983 violation against Santa Cruz County based on one wrongful investigation.  (*Id.; see*

25  *also Monell, supra*, 436 U.S. at 691.)

26      As plaintiff fails to state a cause of action against Santa Cruz County and cannot properly

27  plead a section 1983 violation, Santa Cruz County Defendants respectfully requests that this Court

28  dismiss all claims against Santa Cruz County.

1

## II.

2
3
4

**THE COURT SHOULD GRANT DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT BECAUSE THE COMPLAINT IS UNCLEAR AS TO WHAT EACH DEFENDANT IS ALLEGED TO HAVE DONE GIVING RISE TO LIABILITY**

5
6
7
8
9
10
11
12
13
14
15
16

If a complaint is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.  (Fed. Rules of Civ. Proc., Rule 12(e).)  "The proper test in evaluating a motion under Rule 12(e) is whether the complaint provides the defendant with a sufficient basis to frame his responsive pleadings."  (*Federal Sav. & Loan Ins. Corp. v. Musacchio* (N.D.Cal. 1988) 695 F.Supp. 1053, 1060.)  As the Ninth Circuit has noted, "A heightened pleading standard is not an invitation to disregard Rule 8's requirement of simplicity, directness and clarity.  The 'particularity' requirement of a heightened pleading standard, requiring 'nonconclusory allegations containing evidence of unlawful intent,' as opposed to 'bare allegations of improper purpose,' has among its purposes the avoidance of unnecessary discovery."  (*McHenry v. Renne* (9th Cir. 1996) 84 F.3d 1172, 1178.)  This purpose is defeated when a pleading fails to provide clear and concise averments stating which defendants are liable to which plaintiffs for which wrongs.  (*Id.*)

17
18
19

The court should consider the rights of all parties to fairly and efficiently make their way through litigation.  Requiring the parties to plainly state their legal theories and defenses helps achieve that goal.  As one court has noted:

20
21
22
23
24
25
26

> "Were we to relegate the acceptable norms of pleading to the province of discovery, we would be abandoning our obligation, and the litigants' obligation, to expedite the disposition of the action through the discouragement of wasteful pretrial activities as is contemplated by Rule 16(a) and (c), Federal Rules of Civil Procedure.  Lastly, we would merely observe that any currently held view that the deficiencies in pleadings may be cured through liberalized discovery is at increasingly mounting odds with the public's dissatisfaction with exorbitantly expansive discovery, and the impact that the public outcry has had upon our discovery Rules. [citation] To abdicate competent pleading in deference to amplified discovery does a distinct injustice to our responsibility, under Rule 1, Federal Rules of Civil Procedure, to 'administer' our procedures so as 'to secure the just, speedy, and inexpensive determination of every action.'"

27
28

(*Eisenach v. Miller-Dwan Medical Center* (D.Minn. 1995) 162 F.R.D. 346, 348.)

As noted above, plaintiff's complaint is vague, ambiguous, and conclusory in several respects.  The most glaring problem is that it fails to set forth any facts underlying plaintiff's conclusory claims against Santa Cruz County and Hernandez.  Moreover, it fails to set forth a cause of action against Santa Cruz County.  The court should require plaintiff to file a more definite statement to cure these defects.

<u>**CONCLUSION**</u>

For the reasons more fully discussed above, Santa Cruz County Defendants request that the Court dismiss plaintiff's complaint against Santa Cruz County and Hernandez.  In the alternative, Santa Cruz County Defendants request that the Court order plaintiff to file a more definitive statement such that the Santa Cruz County Defendants can properly frame a responsive pleading.

Dated: November 29, 2007     DANA McRAE, COUNTY COUNSEL


By: _____/S/_____

JESSICA C. ESPINOZA
Assistant County Counsel
Attorneys for Defendants COUNTY OF
SANTA CRUZ HUMAN RESOURCES
AGENCY/FAMILY & CHILDREN'S
SERVICES AND SYLVIA HERNANDEZ

*Passineau v. Monterey County, et al.*, Case No. C07-05681    SANTA CRUZ COUNTY DEFENDANTS'
MOTION TO DISMISS

-8-

## PROOF OF SERVICE

I, the undersigned, state that I am a citizen of the United States and employed in the County of Santa Cruz, State of California. I am over the age of 18 years and not a party to the within action. My business address is 701 Ocean Street, Room 505, Santa Cruz, California 95060. On the date set out below, I served a true copy of the following on the person(s)/entity(ies) listed below:

**SANTA CRUZ COUNTY DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT AND MOTION FOR A MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

_____ by **service by mail** by placing said copy enclosed in a sealed envelope and depositing the sealed envelope with the United States Postal Service with the postage fully prepaid.

___X___ by **service by mail** by placing said copy enclosed in a sealed envelope and placing the envelope for collection and mailing on the date and at the place shown below following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

_____ by **personal service** at a.m./p.m. at _____.

_____ by **express or overnight mail** by depositing a copy in a post office, mailbox, sub-post office, substation, mail chute, or other like facility regularly maintained by the United States Postal Service for receipt of express mail or a mailbox, mail chute, or other like facility regularly maintained by an overnight mail company, in a sealed envelope, with express mail postage paid addressed to the below listed person(s).

_____ by **express or overnight mail** by arranging for pick-up by an employee of an express/overnight mail company on:

**Jerome P. Mullins**
**Attorney at Law**
**95 South Market Street, Suite 300**
**San Jose, CA 95113**

I declare under penalty of perjury that the foregoing is true and correct. Executed November 29, 2007, at Santa Cruz, California.

_____
/S/
MARIA VARGAS

**DANA McRAE, COUNTY COUNSEL**
**COUNTY OF SANTA CRUZ**
**701 Ocean Street, Room 505**
**Santa Cruz, California 95060-4068**
**Telephone: (831) 454-2040**
**Facsimile: (831) 454-2115**

*Passineau v. Monterey County, et al.*, Case No. C07-05681

SANTA CRUZ COUNTY DEFENDANTS'
MOTION TO DISMISS