CHARLES J. McKEE         (SBN 152458)
County Counsel
IRVEN L. GRANT           (SBN 068950)
Deputy County Counsel
Office of the County Counsel
County of Monterey
168 W. Alisal Street, 3rd Floor
Salinas, California  93901-2680
email: kirkbrideta@co.monterey.ca.us
Telephone:     (831) 755-5045
Facsimile:     (831) 755-5283

Attorneys for Defendants MONTEREY COUNTY DEPARTMENT OF SOCIAL & EMPLOYMENT SERVICES, STEVE MUDD, PAT MANNION, MONTEREY COUNTY SHERIFF'S DEPARTMENT, and D. FOSTER

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA LOUISE PASSINEAU, | Case No. C 07-05681 RS |
| Plaintiff, | MONTEREY COUNTY DEFENDANTS STEVE MUDD, PAT MANNION AND D. FOSTER'S ANSWER TO PLAINTIFF'S COMPLAINT; JURY TRIAL DEMANDED |
| v. | |
| MONTEREY COUNTY DEPARTMENT OF SOCIAL AND EMPLOYMENT SERVICES, ET AL., | |
| Defendants. | |

In answer to Plaintiff's Complaint for Damages for Violation of Civil Rights, Defendants MONTEREY COUNTY DEPARTMENT OF SOCIAL & EMPLOYMENT SERVICES, SOCIAL WORKER STEVE MUDD, SOCIAL WORKER PAT MANNION, MONTEREY COUNTY DEPUTY SHERIFF D. FOSTER (County Defendants) allege as follows:

**JURISDICTION AND VENUE**

1. As to Paragraph 1, to the extent Plaintiff alleges causes of action under Title 42 of the United States Code, Section 1983 and Title 28, Sections 1331 and 1343, County Defendants admit that this Court has jurisdiction over this proceeding, otherwise Defendants deny that Plaintiff's has brought a

1  proper claim under 42 U.S.C. Section 1983.

2.  County Defendants admit that the Northern District of California is the proper venue for this action.

3.  Answering Paragraph 3 of the Complaint, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

**PARTIES**

4.  As to Paragraph 4, County Defendants admit Plaintiff Theresa Passineau is a citizen of the United States, a resident of Monterey County, California, and on July 6, 2007, had joint legal custodian of six children with her husband, Brett Passineau.

5.  As to Paragraph 5, except that Plaintiff has failed to serve Defendants COUNTY OF MONTEREY DEPARTMENT OF SOCIAL AND EMPLOYMENT SERVICES or COUNTY OF MONTEREY DEPARTMENT OF CHILD PROTECTIVE SERVICES with its Complaint or Summons. County Defendants admit the allegation of Paragraph 5.

6.  As to Paragraph 6, County Defendants admit to the allegations therein.

7.  Except that Plaintiff has failed to serve the MONTEREY COUNTY SHERIFF'S DEPARTMENT with this Complaint and Summons, County Defendants admit that the MONTEREY COUNTY SHERIFF'S DEPARTMENT is a local public entity situated in the State of California and organized under the laws of the State of California

8.  County Defendants admit that Defendant D. FOSTER is, and was at all times mentioned herein, a DEPUTY SHERIFF and in doing the things hereafter alleged, acted under color of state law as an agent of the MONTEREY COUNTY SHERIFF'S DEPARTMENT and with its full consent and approval.

9.  Answering Paragraph 9 of the Complaint, County Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

**STATEMENT OF FACTS**

10. County Defendants admit that at about 6:30 PM on Wednesday, July 6, 2005, defendant

social worker STEVE MUDD, was accompanied by Defendant DEPUTY SHERIFF D. FOSTER, and arrived at the residence of the plaintiff unannounced without a warrant to remove Plaintiff's four children (all girls) who were present at the residence. They informed the Plaintiff that they were taking these actions because of allegations that Brett Passineau, Plaintiff's husband, had sexually abused two of Plaintiff's children (boys) who reside there, but were not present at the residence. Otherwise County Defendants deny the remainder of the asserted allegation.

11. In answering Paragraph 11 of the Complaint, County Defendants deny each and every allegation contained therein.

12. County Defendants deny the allegation within Paragraph 12, except that County Defendants followed the legal requirements per this instance.

13. In answering Paragraph 13 of the Complaint, County Defendants deny each and every allegation contained therein.

14. In answering Paragraph 14 of the Complaint, County Defendants deny each and every allegation contained therein.

15. In answering Paragraph 15 of the Complaint, County Defendants deny each and every allegation contained therein.

16. County Defendants admit to the allegations at Paragraph 16, lines 18-23, beginning with the word "Almost" and ending in "SERVICES" and deny all other allegations set forth.

17. In answering Paragraph 17, County Defendants lack sufficient information to admit or deny the "excoriation" attributed by Plaintiff to the presiding Judge, do admit that the hearing was continued, and that Plaintiff's husband was arrested on criminal charges, otherwise County Defendants deny any remaining allegations.

18. In answering Paragraph 18 of the Complaint, County Defendants deny each and every allegation contained therein.

19. In answering Paragraph 19 of the Complaint, County Defendants deny each and every allegation contained therein.

20. County Defendants admit the allegation at Paragraph 20.

**STATEMENT OF DAMAGES**

21.   County Defendants deny the allegations set forth at Paragraphs 21, 22, 23, and 24.

**FIRST CAUSE OF ACTION**

25.   As to Paragraph 25, County Defendants repeat and incorporate their response to Paragraph 1 through 24 as though set out in full.

26.   In answering Paragraph 26 of the Complaint, County Defendants deny each and every allegation and all subparts contained therein.

27.   In answering Paragraph 27 of the Complaint, County Defendants deny each and every allegation and all subparts contained therein.

**SECOND CAUSE OF ACTION**

28.   As to Paragraph 28, County Defendants repeat and incorporate their response to Paragraph 1 through 24 as though set out in full.

29.   In answering Paragraph 29 of the Complaint, County Defendants deny each and every allegation and all subparts contained therein.

30.   In answering Paragraph 30 of the Complaint, County Defendants deny each and every allegation and all subparts contained therein.

**THIRD CAUSE OF ACTION**

31.   As to Paragraph 31, County Defendants repeat and incorporate their response to Paragraph 1 through 24 as though set out in full.

32.   In answering Paragraph 32 of the Complaint, County Defendants deny each and every allegation and all subparts contained therein.

33.   In answering Paragraph 33 of the Complaint, County Defendants deny each and every allegation and all subparts contained therein.

/ / /

/ / /

/ / /

/ / /

/ / /

### DEMAND FOR JURY TRIAL

Defendants respectfully demand that the present matter be set for jury trial.

### FIRST AFFIRMATIVE DEFENSE

Defendants assert as the First Affirmative Defense that Plaintiff failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants assert as the Second Affirmative Defense that Defendants are each entitled to absolute immunity.

### THIRD AFFIRMATIVE DEFENSE

Defendants assert as the Third Affirmative Defense that Defendants are each entitled to qualified immunity sufficient to defeat Plaintiff's claim.

DATED: December 14, 2007.                    Respectfully submitted,

CHARLES J. McKEE, County Counsel


By      /S/ Irven L. Grant
        IRVEN L. GRANT, Deputy County Counsel

Attorneys for Defendants MONTEREY COUNTY DEPARTMENT OF SOCIAL & EMPLOYMENT SERVICES, STEVE MUDD, PAT MANNION, MONTEREY COUNTY SHERIFF'S DEPARTMENT, and D. FOSTER

F:\WPWIN60\TXT\LIT\400 - Tort Lit\Passineau\Answer.wpd