Jerome P. Mullins
Attorney at Law
95 South Market Street, Suite 300
San Jose, California 95113
Voice: (408) 252-9937
Fax: (650) 685-5467

State Bar of California
Active Member Number 57861

Attorney for Plaintiff
THERESA LOUISE PASSINEAU

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| THERESA LOUISE PASSINEAU, <br> Plaintiff, <br><br> vs. <br><br><br> MONTEREY COUNTY DEPARTMENT OF SOCIAL AND EMPLOYMENT; SERVICES, et al. <br><br> Defendants | No. C-07-05681 RS <br><br> **Opposition of Plaintiff Theresa Passineau to Motion to Dismiss of Santa Cruz County Defendants** <br><br> **Date of Hearing:** January 9, 2007 <br> **Time:** 9:30 A.M. <br> **Department:** Courtroom 4, 5th Floor |

**Memorandum of Points and Authorities
in opposition to motions to dismiss complaint
and for more definite statement**

**I. Statement of issues.** [N.D. Civil L.R. 7-4(a)(3)]

On this motion to dismiss and motion to strike, defendants have presented the following issues: 1) whether or not plaintiff has stated a cause of action for violation of 42 USC section 1983 against moving defendants SANTA CRUZ COUNTY HUMAN RESOURCES AGENCY/FAMILY & CHILDREN'S SERVICES and SYLVIA HERNANDEZ; 2) whether or not plaintiff has properly pleaded a 1983 violation against moving defendants, and 3) whether or not plaintiff has provided sufficient facts to state a claim.

1

**II. Statement of facts.** (N.D. Civil L.R. 7-4(a)(4)]

Plaintiff THERESA LOUISE PASSINEAU, together with her husband, BRENT PASSINEAU, were the parents of six children, four girls and two boys. The family resided in Monterey County, California. (Complaint, para. 4.) On July 6, 2005, defendant STEVE MUDD, a social worker with defendant MONTEREY COUNTY DEPARTMENT OF SOCIAL AND EMPLOYMENT SERVICES, together with defendant DEPUTY SHERIFF D. FOSTER (an employee of defendant MONTEREY COUNTY SHERIFF'S DEPARTMENT) entered plaintiff's residence without plaintiff's consent and without a warrant. (Complaint, para. 10.)

At that time, defendants searched the residence without consent, thereafter taking custody of the four of the plaintiff's children (the girls) who were then present at the residence. Plaintiff was informed that these actions were being taken because of allegations that plaintiff's husband, Brent Passineau, had sexually abused the two boys. The boys were not in the home at that time, but in fact were visiting a former foster mother in Santa Rosa. (Complaint, para 10.) MUDD and FOSTER chose to detain the children pending the filing of a dependency petition in the Monterey County Juvenile Court. (Complaint, para. 12.)

At an initial hearing in Juvenile Court, the presiding judge condemned plaintiff's behavior, stating, "If I were the mother, I would have kicked the husband out two seconds after I heard about this." After the hearing, social workers commenced an 11-month investigation, repeatedly advising plaintiff that she would never be reunited with her children, and there would be no reunification, unless she left her husband. The social workers further faulted her progress for not clearly indicating her belief in the boys' allegations. (Complaint, paras. 17, 18.)

The complaint clearly identifies the social workers involved as STEVE MUDD and PAT MANNION, on behalf of MONTEREY COUNTY DEPARTMENT OF SOCIAL AND EMPLOYMENT SERVICES (caption of complaint; para. 6) and SYLVIA HERNANDEZ, on behalf of defendant SANTA CRUZ COUNTY HUMAN RESOURCES AGENCY/FAMILY & CHILDREN'S SERVICES (caption of complaint, para. 29.)

The investigation was delegated by MONTEREY COUNTY to SANTA CRUZ COUNTY DEPT. OF HUMAN RESOURCES/FAMILY & CHILDREN'S SERVICES. (Complaint, paragraph 16, lines 18-23.) Following the investigation, plaintiff's parental rights as to all of her children were terminated. (Complaint, paragraph 19.)

On November 8, 2007, plaintiff filed her complaint in this action. Defendants COUNTY OF SANTA CRUZ HUMAN RESOURCES AGENCY/FAMILY & CHILDREN'S SERVICES AND SYLVIA HERNANDEZ have now filed the within motion to dismiss and motion for more definite statement. As fully discussed below, the motions should be denied. In the alternative, if either motion is granted, leave to amend should also be granted.

## III. Argument.

### 1. The function of the FRCP 12(b)(6) Motion.

A Rule 12(b)(6) motion is similar to the common law general demurrer; i.e., it tests the legal sufficiency of the claim or claims in the complaint. The court must decide whether the facts alleged, if true, would entitle plaintiff to some form of legal remedy. Unless the answer is unequivocally "no", the motion must be denied. *Conley v. Gibson* (1957) 355 U.S. 41, 45-46, 78 S. Ct. 99; *De La Cruz v. Tormey* (9th cir. 1978) 582 F. 2d. 45, 48; *SEC v. Cross Financial Services Inc*. (CD CA 1995) 908 F. Supp. 718, 726-727.

Accordingly, a Rule 12(b)(6) dismissal is proper only where there is either a lack of a cognizable legal theory", or the "absence of sufficient facts alleged under a cognizable legal theory." *Balistrer v. Pacifica Police Department* (9th cir. 1990) 901 F. 2d. 696, 699; *Graehling v. Village of Lombard, Ill*. (7th cir. 1995) 58 F. 3d. 295, 297 ("A suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim.")

In resolving a 12(b)(6) motion, the court must (1) construe the complaint in the light most favorable to the plaintiff; 2) accept all well-pleaded factual allegations as true, and 3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.* (9th cir. 1996) 80 F. 3d. 336, 337-338; *Vector Research Inc. v. Howard & Howard Attorneys P.C.* (6th cir. 1996) 76 F. 3d. 692, 697. Thus, "the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes* (1974) 416 U.S. 232, 236,

3

94 S. Ct. 1683; *Hydrick v. Hunter* (9th cir. 2006) 466 F. 3d. 676, 686.

For purposes of Rule 12(b)(6), "claim" means a set of facts which, if established, gives rise to one or more enforceable legal rights. *Goldstein v. North Jersey Trust Co.* (S.D. NY 1966) 39 F.R.D. 363, 366; *In re Baker* (BD D NY 1986) 66 B.R. 652, 653.

A 12(b)(6) motion is generally viewed with disfavor because of the lesser role pleadings play in federal practice and the liberal policy regarding amendment. The Ninth Circuit has so held. See *Gilligan v. Jamco Development Corp.* (9th cir. 1997) 108 F. 3d. 246, 249 ("The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted.") See also *Colle v. Brazos County, Texas* (9th cir. 1993) 981 F. 2d. 237, 243.

This circuit has held that a 12(b)(6) dismissal is proper only in "extraordinary" cases. *United States v. Redwood City* (9th cir. 1981) 640 F. 2d. 963, 966; see *also Cauchi v. Brown* (ED CA 1999) 51 F. Supp. 2d. 1014, 1016; *United States v. White* (CD CA 1995) 893 F. Supp. 1423, 1428.

**2. In the determination of a 12(b)(6) motion, the Court should liberally construe Plaintiff's complaint.**

For purposes of a 12(b)(6) motion, the complaint must be construed in the light most favorable to plaintiff. *Parks School of Business Inc. v. Symington* (9th cir. 1995) 51 F. 3d. 1480, 1484. The U.S. Supreme Court has ruled that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson* (1957) 355 U.S. 41, 45-46, 78 S. Ct. 99; *Parks School of Business Inc.*, supra, at p. 1484.

Moreover, in reviewing a 12(b)(6) motion, the court must accept as true all material allegations of the complaint, as well as reasonable inferences to be drawn from them. *Pareto v. FDIC* (9th cir. 1998) 139 F. 3d. 696, 699; see also *Leatherman v. Tarranty County Narcotics Intelligence and Coordination Unit* (1993) 507 U.S. 163, 164, 113 S. Ct. 1160; *U.S. v. White* (CD CA 1995) 893 F. Supp. 1423, 1428.

Accordingly, the sole issue raised by a Rule 12(b)(6) motion is whether the facts pleaded would, if established, support a valid claim for relief. Thus, no matter how improbable the facts alleged are, they must be accepted as true for purposes of the motion. *Neitze v. Williams* (1989) 490 U.S. 319, 328-329, 109 S.

Ct. 1827; *Bernheim v. Litt* (2nd cir. 1996) 79 F. 3d. 318, 321.

Further, some courts, including the 9th circuit, have ruled that motions to dismiss civil rights complaints should be "scrutinized with special care." *Johnson v. State of California* (9th cir. 2000) 207 F. 3d. 650, 653; see also *Lillard v. Shelby County Board of Education* (6th cir. 1996) 76 F. 3d. 716, 724.

Here, defendants argue that plaintiff has failed to allege sufficient facts against defendant HERNANDEZ. Defendant's points and authorities, pp. 4-5. However, in the caption of the complaint, HERNANDEZ is clearly identified as a social worker for defendant SANTA CRUZ COUNTY HUMAN RESOURCES AGENCY/FAMILY & CHILDREN'S SERVICES. Moreover, plaintiff's second cause of action, asserted against HERNANDEZ in part, incorporates the previous allegations of the complaint by reference. Paragraph 28.  Paragraph 18 of plaintiff's complaint further alleges that "...social workers investigating the case repeatedly advised plaintiff that she could never effect reunification with her children unless she left her husband and they faulted her "progress" for not verbalizing explicit belief in the allegations of the boys." Plaintiff makes further reference to the investigation in paragraph 19.

Under the guidelines set forth in the cases cited above, plaintiff has alleged a cause of action for violation of 42 USC section 1983 against defendant HERNANDEZ. Therefore, the motion to dismiss should be denied.

**3. Plaintiff has alleged sufficient facts against defendant Santa Cruz County.**

Defendant also argues that plaintiff "fails to set forth any specific facts concerning Santa Cruz County's alleged wrongful conduct." (Defendant's points and authorities, 5: 19-20.) As noted above, plaintiff's complaint must be liberally construed, and motions to dismiss civil rights claims should be scrutinized with special care, supra.

Moreover, in reviewing a 12(b)(6) motion, the court must accept as true all material allegations of the complaint, as well as reasonable inferences to be drawn from them. *Pareto v. FDIC, supra, at p.* 699; see also *Leatherman v. Tarranty County Narcotics Intelligence and Coordination Unit,* supra, at p. 164.

Further, in reviewing a complaint for legal sufficiency in the face of a motion to dismiss for failure to state a claim, the court's point of departure is the Rule (Rule 8) providing that plaintiff need provide only a short and plain statement of the claim showing entitlement to relief. *Streit v. Bushnell* (S.D.N.Y. 2006) 424

5

F. Supp. 2d. 633, 640. The rule requiring that a claim be a plain and short statement showing that plaintiff is entitled to relief is to be liberally construed. *Hanson v. Hunt Oil Co.* C.A. N.D. 1968) 398 F. 2d. 578, 581; *Sidebotham v. Robison (*9th cir. 1954) 216 F. 2d. 816, 826.

In addition, the liberal notice pleading requirements of the procedural rules apply to a constitutional rights violation claim under section 1983, with the heightened pleading requirements of the rules inapplicable. *McLaughlin v. Rose Tree Media School Dist*. (E.D. Pa. 1998) 2 F. Supp. 2d. 476, 480.

Here, plaintiff has alleged that defendants "conducted a patently biased coercive, and one-sided investigation" (complaint, para. 16, lines 25-26), and further alleged that "...social workers investigating the case repeatedly advised Plaintiff that she could never effect reunification with her children unless she left her husband, and they faulted her "progress" for not verbalizing explicit belief in the allegations of the boys." (Complaint, Para. 18, lines 15-18). Under the guidelines set forth above, plaintiff has stated a cause of action against SANTA CRUZ COUNTY, and the 12(b)(6) motion should be denied.

**4. Plaintiff has properly pleaded a Section 1983 violation against defendant Santa Cruz County.**

Defendant SANTA CRUZ COUNTY also contends that plaintiff has failed to allege a 1983 violation against them. Defendant's points and authorities, page 6.

In order to hold a county liable under 42 USC section 1983, the plaintiff must show: 1) that he possessed a constitutional right of which he was deprived; 2) that the county had a policy; 3) that the policy amounts to deliberate indifference to plaintiff's constitutional right, and 4) that the policy to the moving force behind the constitutional violation. *Anderson v. Warner* (9th cir. 2006) 451 F. 3d. 1063, 1070; *Mabe v San Bernardino County Dept. of Social Services* (9th cir. 2001) 237 F. 3d. 1101, 1110-1111. A municipality can be held liable under section 1983 when execution of its policies, express or implied, has directly caused alleged constitutional violations. *Mackinney v. Nielsen* (9th cir. 1995) 69 F. 3d. 1002.

To state a claim under section 1983, a plaintiff must both allege the deprivation of a right secured by the federal constitution or statutory law, and allege that the deprivation was committed by a person acting under color of state law. *Anderson v. Warner* (9th cir. 2006) 451 F. 3d. 1063, 1067. There is no rigid formula for determining whether a state or local law official is acting under color of state law for purposes of a section 1983 claim. *Anderson v. Warner*, at p. 1068.

6

Passineau v. Monterey County, Case No. C 07 05681 RS          Plaintiff's Opposition to Motion to Dismiss

Moreover, a county is subject to liability under section 1983 if its policies, established by the county's lawmakers or by those whose edicts or acts may fairly be said to represent official policy, caused the constitutional violation at issue. *Brewster v. Shasta County* (9th cir. 2001) 275 F. 3d. 803, 805; *Cortez v. County of Los Angeles* (9th cir. 2002) 294 F. 3d. 1186, 1189.

There are three ways to show a policy or custom of a municipality warranting municipal liability for a constitutional violation: 1) by showing a longstanding practice or custom which constitutes the standard operating procedure of the local government entity; 2) by showing that the decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision, or 3) by showing that an official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate. *Rosenbaum v. City and County of San Francisco* (9th cir. 2007) 484 F. 3d. 1142, 1155.

Here, plaintiff has alleged that a presiding judge in a juvenile dependency proceeding set the tone for the discriminatory investigation of plaintiff. (Complaint, paragraph 18, lines 11-13.) Plaintiff has further alleged that consistent with the judge's remarks, plaintiff was repeatedly told by social workers that she would never be reunited with her children. Complaint, para. 18, lines 15-18.) Plaintiff's children were ultimately taken away (complaint, para. 19), and a presiding judge is clearly a decision-making official. Thus, plaintiff's complaint meets the requirements of the second method of proof set forth above.

Moreover, under *Rosenbaum*, plaintiff does not have to show a long-standing policy. Rather, it is sufficient to meet one of the other criteria set forth above. Indeed, showing a long-standing policy is only one way to establish the cause of action. *Ulrich v. City and County of San Francisco* (9th cir. 2002) 308 F. 3d. 968, 984.

Further, a policy, for purposes of a section 1983 claim against a government entity is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible for establishing final policy with respect to the matter in question. *Long v. County of Los Angeles* (9th cir. 2006) 442 F. 3d. 1178, 1185; Brass v. *County of Los Angeles* (9th cir. 2003) 328 F. 3d. 1192, 1199.

Here, defendant chose to remove the children from plaintiff's home prior to initiating any investigation. Complaint, para. 10. Defendants further told plaintiff that she would lose her children unless she left her husband. Complaint, paragraph 18. Thus, plaintiff has alleged that defendant deliberately removed her children, telling plaintiff she would not be reunited with them. Other choices, including the conducting of an investigation prior to removal of the children, were clearly available. Plaintiff has therefore stated a cause of action against SANTA CRUZ COUNTY, and the motion to dismiss should be denied.

**5. The motion for more definite statement should be denied.**

A Rule 12(e) motion is proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted. *Famolare Inc. v. Edison Bros. Stores Inc*. (ED CA 1981) 525 F. Supp. 940, 949, *Cellars v. Pacific Coast Packaging, Inc*. (ND CA 1999) 189 F.R.D. 575, 578. A motion for more definite statement may not be used to restrict the liberality in pleading afforded by Rule 8. *Elwonger v. Career Academy Inc.* (D.C. Wis. 1971) 54 F.R.D. 85, 87.

Accordingly, the motion fails where the complaint is specific enough to apprise the defendant of the substance of the claim being asserted. *Bureerong v. Uvawas* (CD CA 1996) 922 F. Supp. 1450, 1461; *FRA S.p.A v. Surg-O-Flex of America, Inc*. (SD NY 1976) 415 F. Supp. 421, 427.

Further, if the detail sought by a motion for more definite statement is obtainable through discovery, the motion should be denied. *Beery v. Hitachi Home Electronics (America)* (CD CA 1993) 157 F.R.D. 477, 480.

A motion for more definite favor is viewed with disfavor, and is rarely granted. *In re American International Airways, Inc*. (ED PA 1986) 66 B.R. 642, 645. In addition, the Northern District has ruled that a motion for more definite statement is likely to be denied where the substance of a claim has been alleged, even though some of the details are omitted. *Boxall v. Sequoia Union High School Dist*. (ND CA 1979) 464 F. Supp. 1104, 1113-1114.

Accordingly, to the extent the procedural rule governing more definite statements can be implemented to require more than what is required by the rule governing notice pleading and the rule governing dismissal for failure to state a claim, and may thereby be prone to abuse by defendants, its exercise should be cast in the mold of strictest necessity. *Clark v. McDonald's Corp*. (D.N.J. 2003) 213

8

F.R.D. 198, 233.

Further, contrary to what defendants argue (at p. 7, lines 10-14), there is no "heightened pleading standard" in a civil rights case. *McLaughlin v. Rose Tree Media School Dist*. (E.D. Pa. 1998) 2 F. Supp. 2d. 476, 480. Thus, even though plaintiff may have omitted some of the details, the substance of the claim has been alleged, and discovery is available to provide additional information as to plaintiff's claims and theories in this case. This disfavored motion should therefore be denied.

**6. If the court grants the 12(b)(6) motion, it should grant Plaintiff leave to amend.**

FRCP 15(a) expressly provides that leave to amend "shall be given when justice so requires." FRCP Rule 15(a); *Allen v. City of Beverly Hills* (9th cir. 1990) 911 F. 2d. 367, 373; *Friedlander v. Nims* (11th cir. 1985) 755 F. 2d. 810, 813.

Moreover, where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one more chance to amend the complaint before the district court dismisses the action with prejudice. *Silva v. Bieluch* (11th cir. 2003) 351 F. 3d. 1045, 1048; *DeCarlo v. Fry* (2nd cir. 1998) 141 F. 3d. 56, 62. Thus, if this court is inclined to grant the 12(b)(6) motion, leave to amend should also be granted.

**7. If the court grants the motion for more definite statement, the court should also permit Plaintiff to amend.**

The court has wide discretion and may require that the complaint be amended, or that the information sought be supplied by declarations or other means. *Warth v. Seldin* (1975) 422 U.S. 490, 501-502, 95 S. Ct. 2197.

If the motion for more definite statement is granted, plaintiff should be given leave to amend.

## IV. Conclusion.

The court should deny the motion to dismiss and motion for more definite statement. If the court grants either motion, it should, in all fairness, allow leave to amend.

Dated: _____    _____
                                                                           Jerome P. Mullins
                                                                           Attorney for Plaintiff
                                                                           Theresa Passineau