```
1   CHARLES J. McKEE        (SBN 152458)
    County Counsel
2   IRVEN L. GRANT          (SBN 068950)
    Deputy County Counsel
3   Office of the County Counsel
    County of Monterey
4   168 W. Alisal Street, 3rd Floor
    Salinas, California 93901-2680
5   email: granti@co.monterey.ca.us
    Telephone:    (831) 755-5045
6   Facsimile:    (831) 755-5283

7   Attorneys for Defendants MONTEREY COUNTY DEPARTMENT OF SOCIAL &
    EMPLOYMENT SERVICES, STEVE MUDD, PAT MANNION, MONTEREY
8   COUNTY SHERIFF'S DEPARTMENT, and DIANE FOSTER
```

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA LOUISE PASSINEAU, | Case No. C 07-05681 RS |
| Plaintiff, | MONTEREY COUNTY DEFENDANTS STEVE MUDD, PAT MANNION AND D. FOSTER'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT AND MOTION FOR A MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT |
| v. | |
| MONTEREY COUNTY DEPARTMENT OF SOCIAL AND EMPLOYMENT SERVICES, ET AL., | |
| Defendants. | Date: March 10, 2008 |
| _____/ | Time: 9:30 AM |
| | Dept.: Courtroom 4, 5th Floor |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN that on March 10, 2008, at 9:30 a.m. or as soon thereafter as the motion may be heard in Courtroom #4, 5th Floor, of the United States District Court for the Northern District of California, located at 280 South First Street, San Jose, California, Defendants STEVE MUDD, PAT MANNION, and DIANE FOSTER (hereinafter collectively referred to as "Monterey County Defendants") will move the Court for an order dismissing plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In the alternative, Monterey County Defendants will move the

---

1  Court for an order, pursuant to Federal Rule of Civil Procedure 12(e), requiring plaintiff to file a more
2  definite statement specifically setting forth allegations of unlawful behavior against each Monterey
3  County Defendant.
4      The grounds for this motion are that plaintiff's complaint does not set forth facts sufficient to
5  state a cause of action against the identified social workers for the Monterey County Department of
6  Social & Employment Services, namely Steve Mudd and Pat Mannion, as well as Monterey County
7  Sheriff's Department Deputy Dianna Foster. For these reasons, Monterey County Defendants request
8  that the Court dismiss all claims filed by plaintiff against these Defendants and or, in the alternative,
9  require plaintiff to state with particularity and in a non-conclusory fashion sufficient factual allegations
10 against each Defendant. If Petitioner does serve Defendants Monterey County Department of Social and
11 Employment Services and Monterey County Sheriff's Department with a summons and the same
12 complaint as filed herein, as indicated by counsel, the court is asked to include these Defendants as part
13 of this motion.
14     This motion is based on this notice of motion, the accompanying memorandum of points and
15 authorities, the pleadings on file in this action, and any other matter the Court deems proper to review at
16 the hearing of this motion.

17

18 DATED: January 15, 2008.            Respectfully submitted,

19                                     CHARLES J. McKEE, County Counsel

20

21                                     By     /S/ Irven L. Grant
                                              IRVEN L. GRANT, Deputy County Counsel
22
                                       Attorneys for Defendants MONTEREY COUNTY
23                                     DEPARTMENT OF SOCIAL & EMPLOYMENT
                                       SERVICES, STEVE MUDD, PAT MANNION,
24                                     MONTEREY COUNTY SHERIFF'S DEPARTMENT, and
                                       DIANE FOSTER
25

26 / / /

27 / / /

28 / / /

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff Theresa Louise Passineau has brought a 1983 Action against Monterey County Department of Social and Employment Services, two Monterey County Social Workers, Steve Mudd and Pat Mannion, the Monterey County Sheriff's Department, and a Monterey County Sheriff's Deputy, Dianna Foster, for violation of her civil rights related to the removal of foster children from her home. In addition, plaintiff has sued the Santa Cruz County Human Resources Agency/Family & Children's Services, and a Santa Cruz County social worker, on similar grounds.

Monterey County Defendants move to dismiss all claims filed by plaintiff against Monterey County and Social Workers Steve Mudd and Pat Mannion and Sheriff Deputy Diane Foster, on the grounds that the complaint does not state facts sufficient to state a cause of action against them. Alternatively, Monterey County Defendants seek the Court's order directing plaintiff to serve a more definite statement as to its claims and allegations.

To date only the individual Monterey Defendants Steve Mudd, Pat Mannion and Dianna Foster, sued as D. Foster, have been served with a summons and complaint. Plaintiff's counsel has indicated he intends to serve a summons and complaint as to Defendants Monterey County Department of Social and Employment Services, and Monterey County Sheriff's Office. But given that a motion to dismiss has been filed by Defendant Santa Cruz County and which will be heard in approximately 35 days, Defendants files this motion so as a matter of judicial economy both motions can be heard on the same day. If Defendants are served shortly, Defendants will amend their pleading to include the additional Defendants.

## STATEMENT OF FACTS

Plaintiff alleges that on or about July 6, 2005, Defendant Monterey County Deputy Sheriff Foster and a Monterey County Social Worker Mudd arrived at her residence unannounced and took custody of the four of the foster children residing at her residence. Plaintiff further asserts that the foster children were removed based upon the allegations made by two other of her foster children that her husband had sexually abused them. The latter children were not at the residence at that time the allegations were made or at the time of removal of the remaining four children. Plaintiff alleges that Mudd and Foster

entered and searched her home and removed the four foster children without a warrant and without consent. Further, plaintiff alleges that Foster and Mudd had no probable cause to believe the children were in imminent danger. (Plaintiff's Complaint, ¶¶ 10-12, 16, and 19.) Plaintiff's husband's criminal prosecution on the sexual abuse is pending at this date.

As discussed below, plaintiff's allegations are nothing more than a string of conclusions and assumptions for which plaintiff has not alleged sufficient factual support.

## ARGUMENT

### I.

### IT IS APPROPRIATE FOR THE COURT TO GRANT DEFENDANTS' MOTION TO DISMISS.

**A.    Plaintiff Has Failed To Allege Sufficient Facts Showing That Defendants Mudd, Mannion And Foster Are Responsible For Any Wrongdoing (Counts I, II and III).**

The complaint does not set out any facts as to Defendant Mannion. Reference to Defendant Mannion first appears within Count Two, and again no specific acts or omissions are alleged as to this Defendant within Count Two, or elsewhere within the complaint.

Section 1983 provides for liability against a "[P]erson who, under color of any statute, ordinance, regulation, custom, or usage, of any State. . .subjects, or causes to be subjected, any citizen. . .to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws. . . ." (42 U.S.C. § 1983.) Section 1983 creates a cause of action against any person who, acting under color of state law, deprives a person of her constitutional rights. *See 42 U.S.C. § 1983.* The *Fourth Amendment,* generally bans warrantless searches and seizures in a person's dwelling unless there exist exigent circumstances. *See Kyllo v. U.S.,* 533 U.S. 27, 31, 150 L. Ed. 2d 94, 121 S. Ct. 2038 (2001).

"The *Fourteenth Amendment* guarantees that parents will not be separated from their children without due process of law except in emergencies." *Mabe v. San Bernardino County,* 237 F.3d 1101, 1007 (9th Cir. 2001) *(citing Stanley v. Illinois,* 405 U.S. 645, 651, 31 L. Ed. 2d 551, 92 S. Ct. 1208 (1972)). *See also Wallis v. Spencer,* 202 F.3d 1126, 1136-37 (9th Cir. 2000).

The Ninth Circuit has noted that "a person 'subjects' another to the deprivation of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's

affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." (*Johnson v. Duffy* (9th Cir. 1978) 588 F.2d 740, 743.)

Liability under section 1983 requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. (*Monell v. Department of Social Services* (1978) 436 U.S. 658, 691-694; *Rizzo v. Goode* (1976) 423 U.S. 362, 370.)

Applied to the family home, these constitutional principles mean that social workers "may remove a child from the custody of its parent without prior judicial authorization only if the information they possess at the time of the seizure is such as provides reasonable cause to believe that the child is in imminent danger of serious bodily injury and that the scope of the intrusion is reasonably necessary to avert that specific injury." *Wallis,* 202 F.3d at 1138. See also *Calabretta v. Floyd,* 189 F.3d 808, 813-14 (9th Cir. 1999).

Under California Welfare and Institutions Code section 306, a county welfare department may take into and maintain temporary custody of, without a warrant, a minor who has been declared a dependent child of the juvenile court under Section 300 or who the social worker has reasonable cause to believe is a person described in subdivision (b) or (g) of Section 300, and the social worker has reasonable cause to believe that the minor has an immediate need for medical care or is in immediate danger of physical or sexual abuse or the physical environment poses an immediate threat to the child's health or safety.

While considering a motion to dismiss, courts must accept all material allegations of fact alleged in the complaint as true; but they do *not* accept as true legal conclusions cast in the form of allegations if such conclusions cannot be reasonably drawn from the facts alleged. This would seem to require that Plaintiff's conclusions should be anchored to some facts which identify Defendants' conduct and in this case, at least indicate that no exigent circumstances were present. Similarly, the court need not accept unreasonable inferences or unwarranted deductions of fact. (*Sprewell v. Golden State Warriors* (9th Cir. 2001 266 F.3d 979, 988, *amended* at 275 F.3d 1187; *Western Mining Council v. Watt* (9th Cir. 1981) 643 F.2d 618, 624; *Dubbs v. C.I.A.* (N.D. Cal. 1990) 769 F.Supp. 1113, 1115.) In essence, conclusory allegations unsupported by any specific facts are not sufficient to defeat a motion to dismiss. *(McMarthy v. Mayo* (9th Cir. 1987) 827 F.2d 1310, 1316.)

Plaintiff asserts the issue of warrantless removal and search at ¶ 10, and describes this conduct in ¶

10, as committed without "probable cause to believe that the children were in imminent danger of serious bodily injury...". Plaintiff fails to provide any specific fact(s), such as her husband was living outside the residence and therefore proposed no threat; that plaintiff could adequately protect the four minor female children from her husband; that she agreed to act in a way to guard against any contact between her husband and the four children; that she contested the allegations of sexual abuse; that she did not believe the allegations of sexual abuse; and that she had adequate alternative placement for the minors.

At ¶ 13 plaintiff alleges, "The above-named defendants had ample time to obtain a warrant and failed to do so, electing instead to remove the children without a court order of any kind." And again at ¶ 14 "The removal of the children was not necessary to avert any perceived harm to their welfare." Again plaintiff fails to allege any facts in support of either of these broad allegations.

As for the subsequent investigation of the dependency issues, done by Santa Cruz County at the request of Monterey County, plaintiff again alludes to wrongful conduct, in a conclusionary fashion as "...patently broad, coercive and one-sided investigation of plaintiff with deliberate and callous indifference to plaintiff's constitutional rights" (Complaint ¶ 16). No specific facts of wrongdoing are alleged as to Monterey County Defendants. Each of the above allegations run afoul of Federal Rule of Civil Procedure section 8(a), which requires that a claim must provide a fair notice of the facts which underlie the claim. F.R.C.P. section 8(a); *Grid Systems Corp. v. Texas Instruments, Inc.* (N.D. Cal. 1991) 771 F.Supp. 1033, 1037.

Some cases allow the complaint to stand if the plaintiff can hypothesize facts, so long as such is in keeping with the complainant's allegations. *Hearn v. R.J. Reynolds Tobacco Co.* (D A2 2003) 279 F.Supp,2d 1096, 1101. Herein, plaintiff has offered nothing more than a conclusion that the removal was wrongful without even a skeleton of facts from which to further hypothesize why an emergency did not exist. In short, as one court has put it, the court need not "swallow the plaintiff's invective hook, line and sinker; bold assertions; unsupportable conclusions; periphrastic circumlocomotion and the like need not be credited. *Aulson v. Blanchard* (1st Cir. 1996) 83 F.3d 1, 3. In a similar vein re *Delariam Motor Co.* (6th Cir. 1993) 991 F.2d 1236, 1240; *Transphase Systems, Inc. v. Southern California Edison Co.* (CD CA 1993) 839 F.Supp. 711, 718. Thus as it has now plead, Plaintiff has not alleged any specific

facts or factual scenario, as would constitute a factual foundation of wrongdoing, in plausible support of a 1983 theory of recovery. This court should dismiss the complaint on the above grounds.

## II.
## PLAINTIFF HAS FAILED TO ALLEGE ANY FACTS AS TO DEFENDANT MANNION (COUNT II).

Defendant Mannion's name, besides being found in the caption as a defendant is not named as a party in Plaintiff's pleading section entitled Parties ¶¶ 4-9. Defendant Mannion is described as a Defendant in Count Two only, along with Defendant Hernandez, an employee of Santa Cruz County.

Throughout this Count and the complaint in general, no specific facts are asserted as to Defendant Mannion. Mannion therefore has not been provided with any notice of her alleged wrongful conduct, in clear violation of F.R.C.P. section 8(a); *Grid Systems Corp. v. Texas Instruments, Inc.* (N.D. Cal. 1991) 771 F.Supp. 1033, 1037. This motion should be granted as to Defendant Mannion as to Count II.

## III.
## PLAINTIFF HAS FAILED TO ALLEGE SUFFICIENT FACTS TO SUPPORT A 1983 CLAIM AS TO MONTEREY COUNTY OR ITS DEPARTMENTS.

Plaintiff's allegations within Count Three is directed at Defendants Mudd and Foster. All that Plaintiff asserts are individual actions allegedly taken by these two parties. Yet the intent of the count seems to be to assert that Monterey County carried on a policy and practice of removing children from their parents without a warrant, without adequate investigation, and without probable cause that they were in imminent harm of injury or neglect. But Plaintiff has not alleged facts which would elevate the actions of either Defendant such as would constitute a "County" custom and practice.

Defendants' objections are several. First, Monterey County or any of its departments and Sheriff's Office is not named as a Defendant. Second, Plaintiff asserts through the complaint only the singular incident involving the individual defendants named. Generally a single isolated instance of misconduct or wrongdoing by an officer is not sufficient to support a 1983 claim against the officer's public employer. *Oklahoma City v. Tuttle* (1985) 471 U.S. 808, 831.

Third, a similar defect of pleading was addressed in *Meyers v. Contra Costa County Department*

*of Social Services, et al.* (1987) 812 F.2d 1154.  There the court concluded that plaintiff had made an insufficient showing that the act complained of was pursuant to an established policy and practice as required under *Monell v. Department of Social Services* (1978) 436 U.S. 658, 691.  As the *Meyers* court said in agreement with the District Court,

> a close reading of the first count of the complaint indicates that it is not the policies themselves that are alleged to give rise to the constitutional deprivations of which plaintiffs complain.  Rather, the complaint states that various unauthorized actions were committed by the named defendants in furtherance of an alleged conspiracy to deprive plaintiffs of custody of the children.

Fourth, as Plaintiff herself alleges throughout, the individual defendants acted in response to the judicial proceedings, and in particular the comments allegedly made by the dependency judge. There are no facts asserted that the accusoral acts were part of a county or department policy.

As a result of the above Count Three fails to assert a 1983 claim as to Defendants Mudd and Foster or the County of Monterey or any of its departments.  This motion should be granted as to Count Three.

## IV.

## DEFENDANTS MUDD, FOSTER AND MANNION ARE ENTITLED TO IMMUNITY AS ANY AND ALL ACTION TAKEN TO INSTITUTE DEPENDENCY PROCEEDINGS AS TO EACH MINOR DEPENDENT.

Plaintiff claimed 1983 violations as to Defendant Mudd and Defendant Mannion as set out within Counts One and Two, respectively and ¶¶ 17, 18, 19.  These paragraphs attempt to describe the subsequent carrying out of the dependency proceedings – initiation of the detention hearing ¶ 17; Plaintiff alleges that the Dependency Judge set the tone for the hostile, discriminatory investigation of Plaintiff that was to be conducted over the next eleven months with deliberate and callous indifference to her rights under the United States Constitution.  Consistent with the judge's remarks, social workers investigating the case repeatedly advised Plaintiff that she could never effect reunification with her children unless she left her husband, and they faulted her "progress" for not verbalizing explicit belief in the allegations of the boys."  None of the above is specifically directed to Defendant Mudd, Foster or Mannion.  Claims of "constitutionally offensive investigation" - ¶ 19 are just wildly asserted in shotgun fashion as to Monterey County Department of Social and Employment Services.

The Ninth Circuit has long held that social workers are entitled to absolute immunity in performing quasi-prosecutorial functions connected with the initiation and pursuit of child dependency proceedings. *Meyers v. Contra Costa County Department of Soc. Servs.* (1987) 812 F.2d 1154, 1157. In *Meyers*, the court found that social worker Haaland was entitled to absolute immunity, in initiating dependency proceedings, *Ibid.* at page 1157. The allegations against Haaland, included conspiracy with the mother to deprive plaintiff Meyers custody of the children, filing various dependency petitions with the juvenile court, seeking dependency and removal the children, continuing to order plaintiff to stay away from his home even after the police had ended its investigation, *Ibid.* at page 1159.

To the extent any allegations as to any Defendant may be gleaned from the complaint, they seem to be similar to those asserted against Haarland. The scope of a social worker's functions are compassed within and protected by absolute immunity, *Miller v. Gammie,* 335 F.3d 889 (2003). The *Miller* court cited heavy to two United States Supreme Court Cases, *Antoine v. Byers & Anderson, Inc.,* 508 U.S. 429, 432-37, 124 L. Ed. 2d 391, 113 S. Ct. 2167 (1993) and *Kalina v. Fletcher*, 522 U.S. 118, 127-29, 139 L. Ed. 2d 471, 118 S. Ct. 502 (1997). The *Miller* court in relying on *Antoine v. Kalina* explained that protected functions are limited to those that enjoyed such status under the common law. It went on to say "Our decision *Meyers* is consistent with the controlling Supreme Court decisions. *Meyers* recognized absolute immunity for social workers only for the discretionary, quasi-prosecutorial decisions to institute court dependency proceedings to take custody away from parents." *Meyers*, 812 F.2d at 1157. In opposite is *Czikalla v. Molloy*, 649 F.Supp. 1212, which would effectively deny absolute immunity to all social workers, and restrict their immunity to qualified or done in good faith. I doing so the *Czikalla* court and others fail to grabble with the specific function at issue and do not present the preferred clinical examination of the relevant actions and duties of a social worker in Defendant Mannion's position.

Herein the acts asserted, if attributable to any defendant track with those of social worker Haaland, and as such absolute immunity extends to all action taken in regard to the detention hearing through the dependency proceedings, and placement of the minors.

Deputy Sheriff Foster has a rightful claim to a qualified immunity. A finding of qualified immunity is depended on two major inquiries. The first is, taken in a light most favorable to the party

asserting injury, do the facts show the officer's conduct violated a constitutional right. The second is, whether the law is so clearly established that the officer's conduct was unlawful in the circumstances of the case, *Saucier v. Katz* (2001) 121 S.Ct. 2151, 2155. Each of the above inquiries is fact intensive – hence the need for an articulate expression of the alleged wrongdoing beginning with the initial complaint, discovery not withstanding, *Eisenach v. Miller-Dwan Medical Center* (1995) 162 F.R.D. 346, 348. Defendant Foster should be allowed to assert the immunity defense until Plaintiff alleges facts that would persuade the court otherwise.

The entitlement to immunity is another basis upon which to grant the dismissal motion as to each Defendant.

## V.

## **DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT**

Federal Rules of Civil Procedure, Rule 12(e) provides "...In evaluating a motion under Rule 12(e) the question is if the complaint provides the defendant with a sufficient basis to frame his responsive pleadings." (*Federal Sav. & Loan Ins. Corp. v. Musacchio* (N.D.Cal. 1988) 695 F.Supp. 1053, 1060.) As the Ninth Circuit has noted, "A heightened pleading standard is not an invitation to disregard Rule 8's requirement of simplicity, directness and clarity. The 'particularity' requirement of a heightened pleading standard, requiring 'nonconclusory allegations containing evidence of unlawful intent,' as opposed to 'bare allegations of improper purpose,' has among its purposes the avoidance of unnecessary discovery." *(McHenry v. Renne* (9th Cir. 1996) 84 F.3d 1172, 1178.) This instruction is disregarded where the complaint fails to provide clear and concise averments stating which defendants are liable to which plaintiffs for which wrongs. (*Id.*)

Leaving it up to discovery is not a sufficient means to avoid the above obligations. As one court has noted:

> "Were we to relegate the acceptable norms of pleadings to the province of discovery, we would be abandoning our obligation, and the litigants' obligation, to expedite the disposition of the action through the discouragement of wasteful pretrial activities as is contemplated by the discouragement of wasteful pretrial activities as is contemplated by Rule 16(a) and (c), Federal Rules of Civil Procedure. Lastly, we would merely observe that any currently held view that the deficiencies in pleadings may be cured through

> liberalized discovery is at increasingly mounting odds with the public's dissatisfaction with exorbitantly expansive discovery, and the impact that the public outcry has had upon our discovery Rules. [citation] To abdicate competent pleading in deference to amplified discovery does a distinct injustice to our responsibility, under Rule 1, Federal Rules of Civil Procedure, to 'administer' our procedures so as 'to secure the just, speedy, and inexpensive determination of every action.'"

*(Eisenach v. Miller-Dwan Medical Center* (D.Minn. 1995) 162 F.R.D. 346, 348.)

Plaintiff's complaint is vague, ambiguous, and conclusory as to each named Defendant. Insufficient facts are alleged as to the individual Defendants, Mudd, Mannion and Foster, as well as the Monterey County Department of Social and Employment Services and Sheriff's Office. The court should order that Plaintiff file a more definite statement addressing these shortcomings.

## **CONCLUSION**

Allegations as to both Mudd and Foster are vague and ambiguous, and stated conclusion are indefinite in large measure. As to Defendant Mannion, no specific accusatory facts are alleged.

As to Defendants Mudd and Foster, Plaintiff has failed to set for facts which address in any fashion the exigent circumstances of having a live-in husband whom the police officer believed sexually molested two of the six minor children, all of which reside with Plaintiff and her husband. As for the apparent attempt to allege a 1983 theory based upon "policy and practice" the complaint merely cites to acts taken by two individuals and not the policy of public entity defendants. Therefore, Defendants Mudd, Mannion and Foster, as well as the remaining Monterey Defendants Monterey County Department of Social and Employment Services and Monterey County Sheriff's Office (if served by the current complaint) request that the complaint be dismissed. Alternatively, these Defendants request that the court order Plaintiff to file a more definite statement per Federal Rule of Civil Procedure, section 8(a).

///
///
///
///
///

1  DATED: January 15, 2008.    Respectfully submitted,

2                              CHARLES J. McKEE, County Counsel

4                              By  /S/ Irven L. Grant
                                   IRVEN L. GRANT, Deputy County Counsel

                               Attorneys for Defendants MONTEREY COUNTY
6                              DEPARTMENT OF SOCIAL & EMPLOYMENT
                               SERVICES, STEVE MUDD, PAT MANNION,
7                              MONTEREY COUNTY SHERIFF'S DEPARTMENT, and
                               D. FOSTER

8  F:\WPWIN60\TXT\LIT\400 - Tort Lit\Passineau\Mtn to Dismiss.wpd

---

*Theresa L. Passineau v. Monterey County Dept. of Social & Employment Services, et al.*   Case No. C 07-05681 RS
Monterey County Defendants' Motion to Dismiss                                               12