CHARLES J. McKEE         (SBN 152458)
County Counsel
IRVEN L. GRANT           (SBN 068950)
Deputy County Counsel
Office of the County Counsel
County of Monterey
168 W. Alisal Street, 3rd Floor
Salinas, California 93901-2439
email: kirkbrideta@co.monterey.ca.us
Telephone:   (831) 755-5045
Facsimile:   (831) 755-5283

Attorneys for Defendants MONTEREY COUNTY DEPARTMENT OF SOCIAL & EMPLOYMENT SERVICES, STEVE MUDD, PAT MANNION, MONTEREY COUNTY SHERIFF'S DEPARTMENT, and D. FOSTER

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA LOUISE PASSINEAU, | Case No. C 07-05681 JW |
| Plaintiff, | DEFENDANTS' SUPPLEMENTAL STATEMENT TO DEFENDANTS' MOTION TO DISMISS COMPLAINT AND MOTION FOR A MORE DEFINITE STATEMENT |
| v. | |
| MONTEREY COUNTY DEPARTMENT OF SOCIAL AND EMPLOYMENT SERVICES, ET AL., | |
| Defendants. _____/ | Date: March 10, 2008<br>Time: 9:00 AM<br>Dept.: Courtroom 8, 4th Floor |

## I.

## **INTRODUCTION**

Counsel for Plaintiff and the Monterey County Defendants met on February 4, 2008 for the purpose of drafting the Joint Case Management Conference Statement. During the meeting consideration was given to Item #3 (legal issues) and Item #15 (narrowing the issue). At the close of the meeting Defendants's counsel advised Plaintiff's counsel he would try and set out a further statement or expansion of its previously filed Motion to Dismiss and Motion for a More Definite Statement to include further challenges to the complaint. Following is the expansion to be included with Defendants' motion.

*Theresa L. Passineau v. Monterey County Dept. of Social & Employment Services, et al.*    Case No. C 07-05681 JW
Defendants' Supplemental Statement to Defendants' Motion to Dismiss Complaint and
Motion for a More Definite Statement    1

## II.

## THE ROOKER-FELDMAN RULE BARS COURT CONSIDERATION
## OF THE PRESENT COMPLAINT

Defendants' concern is that as currently plead, it is not possible to distinguish and discern what Plaintiff has currently plead as her civil rights from those rights that were at issue and determined during the state court dependency process, covering the eleven month period set out at ¶ 19.

The underlying dependency case considered each of the minor children and Plaintiff. It was processed in the same general manner many other dependency cases are handled. In summary, the court set a Detention Hearing shortly after the minor children were taken into custody. A contested Detention Hearing was held. The court granted the detention order. Then followed the Jurisdictional hearing, jurisdiction was found and custody ordered. Subsequently family services were ordered. Plaintiff and her husband failed to follow through, and services were terminated. Plaintiff appealed the court's termination of services, and the appeal was denied. During the Selection and Implementation process (further hearings), the parents rights are terminated, and the future status of the children (here adoption), was settled.

At each stage of the above hearing(s) or contest(s), Plaintiff had the right to appeal the court's determination and findings. Plaintiff chose to do so only as to the termination of services, which the Appellate Court denied. At each stage of each hearing and contest, Plaintiff was represented by counsel and her rights were defended.

Aside from issues that may arise as to the initial removal, Plaintiff has litigated, in the state court proceedings her rights, civil or otherwise. Final judgments are in place. Given the above the present complaint is no more than an attempt to appeal final determinations, especially as to Plaintiff, reached in the state court.

Plaintiff asserts that statements attributed to the judge at the July 15, 2005 hearing set the stage for a ". . . hostile, discriminatory investigation of Plaintiff . . ." ¶¶ 17, 18. Given this approach it is clear that the universe of rights are those that would have been considered by the judge's comments. Equally clear is that these rights were or could have been addressed during each of the subsequent dependency hearing(s) or contest(s). The present complaint does not set out or identify any other "rights" over and

*Theresa L. Passineau v. Monterey County Dept. of Social & Employment Services, et al.*    Case No. C 07-05681 JW
Defendants' Supplemental Statement to Defendants' Motion to Dismiss Complaint and
Motion for a More Definite Statement                                    2

1  above what was the gist of Plaintiff's rights before the state court and determined in those proceedings.

2  Unless Plaintiff demonstrates an ability to amend the present complaint to identify facts related to rights and issues not decided or could have been decided within the dependency proceedings, several problems arise. First, Plaintiff has failed to state facts sufficient to state a cause of action. Two, Plaintiff runs afoul of the *Rooker-Feldman* rule, as well as the abstention doctrine.

Jurisdiction to review state court judgments is vested in the U.S. Supreme Court (28 USC Sec. 1257) and not in the federal district courts. Thus, a district court may not adjudicate an action seeking to set aside a final state court judgment (a *de facto* appeal). Further, a federal district court may not adjudicate claims that are "inextricably intertwined" with those adjudicated by the state court – even though there may be claims that the state court judgment has violated or allowed the violation of the plaintiffs' federal statutory or constitutional rights. *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06, 114 S.Ct. 2647, 2653-56 (1994); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 483, 103 S.Ct. 1303, 1316 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 44 S.Ct. 149, 150 (1923).

The "*Rooker-Feldman*" rule is jurisdictional. The court must raise it and dismiss the action if it applies, even if the parties do not raise the issue. *Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004); *Worldwide Church of God v. McNair*, 805 F.2d 888, 390 (9th Cir. 1986).

In *Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 029-30 (9th Cir. 2002), the court held, "Where the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented to both courts are inextricably intertwined. See also *Parkview Assocs. P'ship v. City of Lebanon*, 225 F.3d 321, 325 (3d cir. 2000); *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995).

The Rooker-Feldman doctrine bars this court from reviewing the underlying juvenile court proceedings, which is the essence of Plaintiff's claims based on the continued detention and placement of the children. The detention of the children and placement care was made pursuant to the provisions of California Welfare & Institutions Code section 300 et seq. Simply raising a constitutional claim will not confer subject matter jurisdiction where the constitutional issue is "inextricably intertwined" with the state court proceedings, as in this case. This court lacks subject matter jurisdiction and each of the causes of action should be dismissed pursuant to F.R.C.P. 12(b)(1) and 12(b)(6).

*Theresa L. Passineau v. Monterey County Dept. of Social & Employment Services, et al.*   Case No. C 07-05681 JW
Defendants' Supplemental Statement to Defendants' Motion to Dismiss Complaint and
Motion for a More Definite Statement                                                                                          3

### III.

### THE COURT SHOULD ABSTAIN FROM HEARING EACH OF THE CAUSES OF ACTION BECAUSE THE MATTERS COMPLAINED OF ARE CUSTODY ISSUES BEST LEFT TO RESOLUTION BY STATE COURT

Another concern is that the current complaint is based upon an attack of the underlying issues of child custody. These are traditionally left to the states. Consideration of Plaintiff's lawsuit would result in "an impermissible intrusion into a domain reserved for state law." *Coats v. Woods*, 819 f.2D 236 (9th Cir. 1987), cert den. 484 U.S. 802 (1987); *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)); *In re Burrus*, 136 u.s. 586, 593-594 (1890); *Tree Top v. Smith*, 577 F.2d 519, 521 (9th Cir. 1978).

Plaintiff objects to the continued detention of her children, placement and termination of rights by the juvenile court. California Welfare & Institutions Code section 300 authorizes the juvenile court to find jurisdiction (e.g. decide custody issues) over children who have been subjected to, or are at risk of, neglect or abuse. In *Coats v. Woods, supra*, in which one parent alleged denial of her constitutional rights in regard to a custody dispute, the court held abstention was appropriate.

> "This case, while raising constitutional issues, is at its core a child custody dispute. The state courts have already considered the merits of Coasts' claims and have held that her former husband is entitled to custody. The district court was aptly reluctant to put itself in the position of having to review the state courts' custody decision. If the constitutional claims in the case have independent merit, the state courts are competent to hear them. Given the state courts' strong interest in domestic relations, we do not consider that the district court abused its discretion when it invoked the doctrine of abstention." *Id.*, at 237.

Similarly, in *Tree Top v. Smith*, *supra*, plaintiff sought a writ of habeas corpus to obtain the return of her daughter who had been adopted by others. The court found that plaintiff's parental rights had been terminated under state law. The court held that the matter was res judicata in that a final decision had already been entered by the state court, which plaintiff failed to appeal. The court also found that dismissal of plaintiff's petition was appropriate on the grounds of abstention, invoking the

*Theresa L. Passineau v. Monterey County Dept. of Social & Employment Services, et al.*    Case No. C 07-05681 JW
Defendants' Supplemental Statement to Defendants' Motion to Dismiss Complaint and
Motion for a More Definite Statement    4

"long standing policy of the federal courts to refrain from interfering in state domestic relations disputes." *Id.*, at 521.

If this court does not abstain from hearing these causes of action case, it would be required to re-examine issues reserved to state law. The motion to dismiss should be granted.

## IV.
## CONCLUSION

In the present case, in order to award relief to plaintiffs against Defendants Steve Mudd, Pat Mannion, D. Foster, Monterey County Department of Social and Employment Services, and Monterey County Sheriff's Office, this court would have to find that the Monterey County Superior Court was wrong in detaining the children, placing of the children, terminating services and terminating parental rights at each stage of the proceeding where those issues were or could have been before the court. These issues are inextricably intertwined with the dependency state court process.

Application of the *Rooker-Feldman* rule and Abstention rule is required in this case. The district court lacks subject matter jurisdiction over this case. Plaintiff's case should be dismissed. See *Vernon v. Rollins-Threats*, 2005 U.S. Dist. LEXIS 13255 (N.D. Texas, June 30, 2005).

DATED: February 6, 2008.              Respectfully submitted,

                                                          CHARLES J. McKEE, County Counsel

                                                          By  /S/ Irven L. Grant
                                                               IRVEN L. GRANT, Deputy County Counsel

                                                         Attorneys for Defendants MONTEREY COUNTY DEPARTMENT OF SOCIAL & EMPLOYMENT SERVICES, STEVE MUDD, PAT MANNION, MONTEREY COUNTY SHERIFF'S DEPARTMENT, and D. FOSTER

*Theresa L. Passineau v. Monterey County Dept. of Social & Employment Services, et al.*   Case No. C 07-05681 JW
Defendants' Supplemental Statement to Defendants' Motion to Dismiss Complaint and
Motion for a More Definite Statement                                                          5