DANA McRAE, State Bar No. 142231
County Counsel, County of Santa Cruz
JESSICA C. ESPINOZA, State Bar No. 235941
Assistant County Counsel
701 Ocean Street, Room 505
Santa Cruz, California 95060
Telephone: (831) 454-2040
Fax: (831) 454-2115

Attorneys for Defendants
COUNTY OF SANTA CRUZ HUMAN
RESOURCES AGENCY/FAMILY &
CHILDREN'S SERVICES AND
SYLVIA HERNANDEZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| THERESA LOUISE PASSINEAU, | Case No. C07-05681 JW |
|---|---|
| Plaintiff, | **SANTA CRUZ COUNTY DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT AND MOTION FOR A MORE DEFINITE STATEMENT** |
| v. | |
| MONTEREY COUNTY DEPARTMENT OF SOCIAL AND EMPLOYMENT SERVICES, et al. | **Date:** March 10, 2008<br>**Time:** 9:00 a.m.<br>**Dept:** Courtroom 8, 4th Floor |
| Defendants. | |

**INTRODUCTION**

Plaintiff's opposition to Santa Cruz County Defendants' motion to dismiss and motion for a more definite statement contains no specific facts implicating any of these moving defendants with wrongdoing and does not offer any relevant legal analysis in opposition to the relief defendants seek. Prior to filing a responsive pleading, defendants are entitled to know what wrongdoings they are being sued for. Accordingly, Santa Cruz County Defendants reassert the arguments set forth in their original moving papers and request that the Court dismiss plaintiff's complaint and order her to file an amended complaint stating specific allegations to which defendants can respond.

# ARGUMENT

## I.

## THE COURT SHOULD GRANT THIS MOTION TO DISMISS

### A. Plaintiff's Complaint Contains No Specific Facts of Santa Cruz County Defendants' Wrongdoing.

Liability under section 1983 requires that there be an actual connection or link between the actions of the defendant and the deprivation alleged to have been suffered by the plaintiff. (*Monell v. Department of Social Services* (1978) 436 U.S. 658, 691-694; *Rizzo v. Goode* (1976) 423 U.S. 362, 370.) Here, the complaint does not contain any substantive facts connecting defendant Santa Cruz County or Hernandez with wrongdoing; likewise, plaintiff's opposition papers do not explain what conduct Santa Cruz County or Hernandez engaged in that would subject them to liability.

In her opposition, plaintiff argues that her allegations against the "social workers" are sufficient to state a cause of action against Hernandez. However, to properly state a claim, plaintiff must provide fair notice of "both of the nature of the claim and the facts that underlie the claim" (*Grid Systems Corp. v. Texas Instruments, Inc*. (N.D. Cal. 1991) 771 F.Supp. 1033, 1037.) Here, plaintiff's claims regarding the "social workers" fail to distinguish between defendants or identify what social worker did what action and makes no specific allegations regarding any wrongdoings by Hernandez. These vague claims against the "social workers" do not provide Hernandez with sufficient notice of her alleged misconduct.

Similarly, plaintiff's conclusory allegation that Santa Cruz County "conducted a patently biased, coercive, and one –sided investigation of plaintiff" is insufficient to state a claim against Santa Cruz County or Hernandez. Plaintiff's opposition does not set forth any additional facts indicating how or why Santa Cruz County's investigation of plaintiff was biased and coercive. Plaintiff's allegation is vague, general, conclusory and contains no facts to support it.

In both the complaint and the opposition, plaintiff fails to set forth any facts concerning the allegedly biased investigation or wrongdoings by Santa Cruz County or Hernandez. Rather, plaintiff simply re-states her bare conclusions that are unsupported by any facts or inferences that can be derived from those facts. Plaintiff's allegations fail to give the notice required by rule 8(a), fail to

1 state a claim upon which relief can be granted, and, therefore, may be dismissed.  (*Faruqui v. California* (D. Cal. 1994) 1994 U.S. Dist. LEXIS 8676; *see also McCarthy v. Mayo* (9th Cir. 1987) 827 F.2d 1310, 1316; *Ivey v. Board of Regents* (9th Cir. 1982) 673 F.2d 266, 268; *Mann v. Tucson Dep't of Police* (9th Cir. 1986) 782 F.2d 790, 793 ["wholly vague and conclusory allegations are not sufficient to withstand a motion to dismiss."].)

### B. Plaintiff's Complaint Does Not State A Section 1983 Cause of Action Against Santa Cruz County.

In her opposition, plaintiff incorrectly argues that Santa Cruz County is liable for violations of her civil rights based on the conduct of the presiding judge in the juvenile dependency hearing. (*See* Opposition, 7:12-18)  It is clear that the State Constitution and statues gives the state, not the counties, direction and control over superior and municipal court judges.  (*See County of Sonoma v. Workers Compensation Appeals Board* (1990) 222 Cal. App. 3d 1131, 1137.)  The State retains the authority to administer, control, direct, remove, retire and admonish judges.  There are no provisions delegating the authority to counties in which the judges sit.  The county has absolutely no influence or control over the manner in which a judge performs his or her duties.  (*See* Cal. Const. Art VI, 5, 19, 20; Cal. Gov't Code 68200, 24000.)  However, even if the judges were officials of the county wherein they sit, it is clear that the matter at issue was decided in Monterey County, not Santa Cruz County.  Santa Cruz County cannot be held liable for any actions of the presiding judge in this case.

Plaintiff's opposition fails to establish a Santa Cruz County policy or act that warrants municipal liability under section 1983.  Neither plaintiff's complaint nor her opposition alleges conduct that occurred in the execution of a Santa Cruz County policy or custom promulgated either by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy.  (*Monell v. Dept. of Social Services of the City of New York* (1978) 436 U.S. 658.)  Santa Cruz County Defendants respectfully requests that this Court dismiss all claims against Santa Cruz County.

## II.

## THE COURT SHOULD GRANT THE MOTION
## FOR A MORE DEFINITE STATEMENT

If a complaint is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. (Fed. Rules of Civ. Proc., Rule 12(e).) "The proper test in evaluating a motion under Rule 12(e) is whether the complaint provides the defendant with a sufficient basis to frame his responsive pleadings." (*Federal Sav. & Loan Ins. Corp. v. Musacchio* (N.D. Cal. 1988) 695 F. Supp. 1053, 1060.) Put simply, plaintiff's complaint does not provide Santa Cruz County Defendants with a sufficient basis to frame their responsive pleadings, because nowhere does it specify what Hernandez or the County of Santa Cruz allegedly did wrong. The Court should order plaintiff to file a more definite statement in order to correct this defect in her Complaint.

## CONCLUSION

For the reasons more fully discussed above, Santa Cruz County Defendants requests that the Court dismiss plaintiff's complaint and order her to file an amended complaint stating specific allegations to which defendants can respond.

Dated: February 11, 2008         DANA McRAE, COUNTY COUNSEL

By: _____/S/_____
    JESSICA C. ESPINOZA
    Assistant County Counsel
    Attorneys for Defendants COUNTY OF
    SANTA CRUZ HUMAN RESOURCES
    AGENCY/FAMILY & CHILDREN'S
    SERVICES AND SYLVIA HERNANDEZ