Jerome P. Mullins
Attorney at Law
95 South Market Street, Suite 300
San Jose, California 95113
Voice: (408) 252-9937
Fax: (650) 685-5467

State Bar of California
Active Member Number 57861

Attorney for Plaintiff
THERESA LOUISE PASSINEAU

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA LOUISE PASSINEAU,<br>                              Plaintiff,<br><br>vs.<br><br><br><br><br>MONTEREY COUNTY DEPARTMENT<br>OF SOCIAL AND EMPLOYMENT;<br>SERVICES, et al.<br><br>                              Defendants | No. C-07-05681 RS<br><br>**OPPOSITION OF PLAINTIFF THERESA PASSINEAU TO MOTION TO DISMISS OF MONTEREY COUNTY DEFENDANTS** |

**MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO MOTION TO DISMISS COMPLAINT
AND MOTION FOR MORE DEFINITE STATEMENT**

**Table of Contents**

| | Page |
|---|---|
| Table of Authorities Cited | |
| Opposition to Motion to Dismiss Complaint | |
| I. Statement of issues | 1 |
| II. Statement of facts. | 2 |
| III. Argument | 3 |
|    A. The function of the FRCP 12(b)(6) Motion. | 3 |
|    B. In the determination of a 12(b)(6) motion, Plaintiff's complaint should be liberally construed. | 4 |
|    C. Monterey County Defendants' "Supplemental Statement" in support of the motions is untimely, so the court should not consider it. | 4 |
|    D. The supplemental papers add new facts not properly considered on a motion to dismiss the complaint. | 5 |
|    E. Plaintiff has alleged sufficient facts against defendants Mannion and Mudd. | 6 |
|    F. Plaintiff has alleged sufficient facts to state a cause of action against defendant Foster. | 7 |
|       1. Plaintiff has alleged sufficient facts to establish a section 1983 violation. | 7 |
|       2. Plaintiff has also sufficiently alleged that defendant FOSTER acted without probable cause. | 8 |
|    G. The court cannot determine issues of fact on a motion to dismiss. | 8 |
|    H. Plaintiff has properly pleaded a Section 1983 violation against the Monterey County defendants. | 9 |
|    I. At best, defendants MUDD and MANNION are entitled to only qualified immunity, not absolute immunity. | 10 |
|       1. Social workers involved in a warrantless search and seizure are entitled to qualified immunity only. | 10 |
|       2. Defendant failed to identify the common law counterpart to the alleged immunity, and the motion should therefore be denied. | 11 |
|    J. The alleged immunity of defendants MUDD and MANNION must be determined by a jury | 12 |
|    K. A jury must also determine whether or not defendant FOSTER is entitled to immunity. | 12 |
|    L. The court should deny the motion for more definite statement. | 12 |
|    M. If the court grants the 12(b)(6) motion, it should also grant Plaintiff leave to amend. | 13 |
|    N. The court should grant leave to amend if it grants the motion for more definite statement. | 13 |
| IV. Conclusion | 13 |

## Table of Authorities Cited

**Cases** | **Page**

| Case | Page |
|---|---|
| *Allen v. City of Beverly Hills* (9th Cir. 1990) 911 F.2d 367 | 13 |
| *Anderson v. Warner* (9th Cir. 2006) 451 F.3d 1063 | 7, 9 |
| *Arpin v. Santa Clara Valley Transp. Agency* (9th cir. 2001) 261 F.3d 912 | 5 |
| *Balistrer v. Pacifica Police Department* (9th Cir. 1990) 901 F.2d 696 | 3 |
| *Beery v. Hitachi Home Electronics* (America) (CD CA 1993) 157 F.R.D. 477 | 12 |
| *Beliveau v. Cras* (CD CA 1995) 872 F. Supp. 1393 | 5 |
| BeVier v. Hucal (7th cir. 1986) 806 F.2d 123 | 8 |
| *Bernheim v. Litt* (2d Cir. 1996) 79 F.3d 318 | 4 |
| *Boxall v. Sequoia Union High School District* (ND CA 1979) 464 F. Supp. 1104 | 13 |
| *Brass v. County of Los Angeles* (9th Cir. 2003) 328 F. 3d 1192 | 10 |
| *Brewster v. Shasta County* (9th Cir. 2001) 275 F. 3d 803 | 9 |
| *Bureerong v. Uvawas* (CD CA 1996) 922 F. Supp. 1450 | 12 |
| *Cahill v. Liberty Mutual Insurance Co.* (9th Cir. 1996) 80 F.3d 336 | 3 |
| *Cauchi v. Brown* (ED CA 1999) 51 F.Supp. 2d 1014 | 4 |
| *Cellars v. Pacific Coast Packaging, Inc.* (ND CA 1999) 189 F.R.D. 575 | 12 |
| *Clark v. McDonald's Corp.* (D.N.J. 2003) 213 F.R.D. 198 | 13 |
| *Colle v. Brazos County, Texas* (9th Cir. 1993) 981 F.2d 237 | 4 |
| *Conley v. Gibson* (1957) 355 U.S. 41, 78 S.Ct. 99 | 3,4 |
| *Cooperativa de Ahorro Y Credito Aguada v. Kidder, Peabody & Co.* (1st cir. 1993) 993 F.2d. 269 | 5 |
| *Cortez v. County of Los Angeles* (9th Cir. 2002) 294 F.3d 1186 | 9 |
| *De La Cruz v. Tormey* (9th Cir. 1978) 582 F.2d 45 | 3 |
| *DeCarlo v. Fry* (2nd Cir. 1998) 141 F.3rd 56 | 13 |
| *Eisenach v. Miller-Dwan Medical Center* (D. Minn. 1995) 162 F.R.D. 346 | 12 |
| *Elwonger v. Career Academy Inc.* (D.C. Wis. 1971) 54 F.R.D. 85 | 12 |
| *Famolare Inc. v. Edison Bros. Stores, Inc.* (ED CA 1981) 525 F. Supp. 940 | 12 |
| *FRA S.p.A. v. Surg-O-Flex of America, Inc.* (SD NY 1976) 415 F. Supp. 421 | 12 |
| *Friedlander v. Nims* (11th Cir. 1985) 755 F.2d 810 | 13 |
| *Gilligan v. Jamco Development Corp.* (9th Cir. 1997) 108 F.3d 246 | 4 |
| *Goldstein v. North Jersey Trust Co.* (S.D. NY 1966) 39 F.R.D. 363 | 3 |
| *Graehling v. Village of Lombard, Ill.* (7th Cir. 1995) 58 F.3d 295 | 3 |

| | | |
|---|---|---:|
| 1 | *Hanson v. Hunt Oil Co. C.A.N.D.* 1968) 398 F.2d 578 | 6 |
| 2 | *Hydrick v. Hunter* (9th Cir. 2006) 466 F.3d 676 | 3 |
| 3 | *In re American International Airways, Inc.* (ED PA 1986) 66 B.R. 642 | 13 |
| 4 | *In re Baker* (BD D NY 1986) 66 B.R. 652 | 3 |
| 5 | *Johnson v. State of California* (9th Cir. 2000) 207 F. 3d 650 | 4 |
| 6 | *Kelly v. Director, Federal Emergency Management Agency* (D.C. Mass. 1981) 549 F. Supp. 8 | 8 |
| 7 | *Leatherman v. Tarranty County Narcotics Intelligence and Coordination Unit* (1993) 507 U.S. 163, 113 S.Ct. 1160 | 4,5,6 |
| 8 | *Long v. County of Los Angeles* (9th Cir. 2006) 442 F. 3d 1178 | 10 |
| 9 | *Mabe v. San Bernardino County Dept. of Social Services* (9th Cir. 2001) 237 F.3d 1101 | 7,9,12 |
| 10 | *McKenzie v. Lamb* (9th cir. 1984) 738 F.2d 1105 | 9 |
| 11 | *Mackinney v. Nielsen* (9th Cir. 1995) 69 F.3d 1002 | 9 |
| 12 | *McLaughlin v. Rose Tree Media School District* (E.D. Pa. 1998) 2 F. Supp. 2d 476 | 6,13 |
| 13 | *Meyers v. Contra Costa County Dept. of Social Services* (9th cir. 1987) 812 F.2d. 1154 | 11 |
| 14 | *Miller v. Gammie* (9th cir. 2003) 335 F.3d. 889 | 10 |
| 15 | *Neitze v. Williams* (1989) 490 U.S. 319 | 4,5 |
| 16 | *Oklahoma City v. Tuttle* (1985) 471 U.S. 808 | 10 |
| 17 | *Pareto v. FDIC* (9th Cir. 1998) 139 F.3d 696 | 4,5,6 |
| 18 | *Parkes v. County of San Diego* (S.D. Cal. 2004) 345 F. Supp. 2d. 1071 | 8,10,11,12 |
| 19 | *Parks School of Business Inc.v. Symington* (9th Cir. 1995) 51 F.3d 1480 | 4 |
| 20 | *Rogers v. County of San Joaquin* (9th cir. 2007) 487 F. 3d. 1288 | 8,11 |
| 21 | *Rosenbaum v. City and County of San Francisco* (9th Cir. 2007) 484 F.3d 1142 | 9 |
| 22 | *Roundtree v. City of New York* (E.D.N.Y. 1991) 778 F.Supp. 614 | 9 |
| 23 | *Saucier v. Katz* (2001) 533 U.S. 194, 121 S.Ct. 2151 | 12 |
| 24 | *Scheuer v. Rhodes* (1974) 416 U.S. 232, 94 S.Ct. 1683 | 3 |
| 25 | *SEC v, Cross Financial Services, Inc.* (CD CA 1995) 908 F.Supp. 718 | 3 |
| 26 | *Silva v. Bieluch* (11th cir. 2003) 351 F.3d. 1045 | 13 |
| 27 | *Streit v. Bushnell* (S.D.N.Y. 2006) 424 F. Supp. 2d 633 | 6 |
| 28 | *Stanley v. Illinois* (1972) 405 U.S. 645, 92 S.Ct. 1208 | 7 |
| | *Ulrich v. City and County of San Francisco* (9th Cir. 2002) 308 F.3d 968 | 10 |
| | *United States v. Redwood City* (9th Cir. 1981) 640 F.2d 963 | 4 |
| | *United States v. White* (CD CA 1995) 893 F.Supp. 1423 | 4,6 |
| | *Vector Research Inc. v. Howard & Howard Attorneys P.C.* (6th Cir. 1996) 76 F.3d 692 | 3 |

*Wallis v. Spencer* (9th cir. 2006) 451 F.3d. 1063 ... 7,8,9

*Warth v. Seldin* (1975) 422 U.S. 490 95 S.Ct. 2197 ... 13

*West v. Atkins* (1988) 487 U.S. 42, 108 S. Ct. 2250 ... 7

**Statutes**

42 United States Code § 1983 ... 9

**Constitutional Provisions**

U.S. Const., Amendment 14 ... 7

**Rules**

Federal Rules of Civil Procedure

Rule 8 ... 6,12

Rule 12(b)(6) ... 3,4,5,6,9

Rule 15(a) ... 13

Local Rules of the United States District Court for the Northern District of California

N.D. Civil L.R. 7-4 ... 2,4

Jerome P. Mullins
Attorney at Law
95 South Market Street, Suite 300
San Jose, California 95113
Voice: (408) 252-9937
Fax: (650) 685-5467

State Bar of California
Active Member Number 57861

Attorney for Plaintiff
THERESA LOUISE PASSINEAU

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| THERESA LOUISE PASSINEAU,<br>　　　　　　　Plaintiff,<br><br>vs.<br><br><br><br>MONTEREY COUNTY DEPARTMENT<br>OF SOCIAL AND EMPLOYMENT;<br>SERVICES, et al.<br><br><br>　　　　　　　Defendants | No. C-07-05681 RS<br><br>**Opposition of Plaintiff Theresa Passineau<br>to Motion to Dismiss<br>of Monterey County Defendants**<br><br>Date of Hearing:　March 10, 2008<br>Time:　　　　　　9:00 A.M.<br>Department:　　　Courtroom 4, 5th Floor |

# Memorandum of Points and Authorities
# in Opposition to
# Motions of Monterey County Defendants
# to Dismiss Complaint and for
# More Definite Statement

## I. Statement of Issues [N.D. Civil L.R. 7-4(a)(3)]

　　　In their motion to dismiss and motion to strike, Monterey County defendants, collectively, have presented the following issues: (1) whether or not plaintiff has stated a cause of action for violation of 42 USC section 1983 against moving defendants; (2) whether or not plaintiff has properly pleaded a 1983 violation against moving defendants; (3) whether or not defendants MUDD, FOSTER and MANNION are

1

Passineau v. Monterey County, Case No. C 07 05681 RS　　　　　　　Plaintiff's Opposition to Motion to Dismiss

entitled to immunity as to actions taken to institute dependency proceedings; and (4) whether or not plaintiff has provided sufficient facts to state a claim.

In untimely supplemental moving papers, Monterey County defendants have also raised two additional issues: (1) application of the *Rooker-Feldman* doctrine; and (2) the doctrine of abstention.

## II. Statement of Facts [N.D. Civil L.R. 7-4(a)(4)].

Plaintiff THERESA LOUISE PASSINEAU, together with her husband, Brent Passineau, were the parents of four girls and two boys. The family resided in Monterey County, California. (Complaint, para. 4.) On Wednesday, July 6, 2005, defendant STEVE MUDD, a social worker with defendant MONTEREY COUNTY DEPARTMENT OF SOCIAL AND EMPLOYMENT SERVICES ("DSES"), together with defendant DEPUTY SHERIFF D. FOSTER (an employee of defendant MONTEREY COUNTY SHERIFF'S DEPARTMENT) entered plaintiff's residence without plaintiff's consent and without a warrant. (Complaint, para. 10.)

At that time, defendants searched the residence without consent, thereafter taking custody of the four of the plaintiff's children (the girls) who were then present at the residence. The DSES worker and police officers informed Plaintiff that they were taking these actions because of allegations that plaintiff's husband, Brent Passineau, had sexually abused the two boys. The boys were not in the home at that time, but in fact were visiting a former foster mother in Santa Rosa. (Complaint, para 10.) MUDD and FOSTER chose to detain the children pending the filing of a dependency petition in the Monterey County Juvenile Court. (Complaint, para. 12.)

At an initial hearing in Juvenile Court, the presiding judge condemned plaintiff's behavior, stating, "If I were the mother, I would have kicked the husband out two seconds after I heard about this." After the hearing, social workers commenced an 11-month investigation, repeatedly advising plaintiff that she would never be reunited with her children, and there would be no reunification, unless she left her husband. The social workers further faulted her progress for not clearly indicating her belief in the boys' allegations. (Complaint, paras. 17, 18.)

The complaint clearly identifies the social workers involved as STEVE MUDD and PAT MANNION, on behalf of MONTEREY COUNTY DEPARTMENT OF SOCIAL AND EMPLOYMENT SERVICES (caption of complaint; para. 6), and SYLVIA HERNANDEZ, on behalf of defendant SANTA CRUZ COUNTY HUMAN RESOURCES AGENCY/FAMILY & CHILDREN'S SERVICES. (caption of complaint, para. 29.)

Early on, MONTEREY COUNTY delegated much of the investigation to SANTA CRUZ COUNTY DEPT. OF HUMAN RESOURCES/FAMILY & CHILDREN'S SERVICES. (Complaint, paragraph 16, lines 18-23.) As a result of this investigation, the Superior Court of Monterey County terminated Plaintiff's parental rights as to all six children. (Complaint, paragraph 19.)

2

On November 8, 2007, plaintiff filed her complaint in this action. Monterey County defendants have now filed a motion to dismiss and motion for more definite statement. The remaining named defendants filed a similar motion earlier, and both motions are scheduled for hearing at the same time on the same date.

On or about February 6, 2008, Monterey County defendants filed "DEFENDANTS' SUPPLEMENTAL STATEMENT TO DEFENDANTS' MOTION TO DISMISS COMPLAINT AND MOTION FOR A MORE DEFINITE STATEMENT." As fully discussed below, the court should deny these motions. In the alternative, if either motion is granted, the court should grant leave to amend. The court should also disregard the Defendants' untimely SUPPLEMENTAL STATEMENT. If the court considers the SUPPLEMENTAL STATEMENT on the merits, plaintiff respectfully requests an opportunity to provide supplemental briefing.

## III. Argument.

### A. The function of the FRCP 12(b)(6) Motion.

A Rule 12(b)(6) motion is similar to the common law general demurrer; i.e., it tests the legal sufficiency of the claim or claims in the complaint. The court must decide whether the facts alleged, if true, would entitle plaintiff to some form of legal remedy. Unless the answer is unequivocally "no", the motion must be denied. *Conley v. Gibson* (1957) 355 U.S. 41, 45-46, 78 S. Ct. 99; *De La Cruz v. Tormey* (9th cir. 1978) 582 F. 2d. 45, 48; *SEC v. Cross Financial Services Inc.* (CD CA 1995) 908 F. Supp. 718, 726-727

Accordingly, a Rule 12(b)(6) dismissal is proper only where there is either a lack of a "cognizable legal theory," or the "absence of sufficient facts alleged under a cognizable legal theory." *Balistrer v. Pacifica Police Department* (9th cir. 1990) 901 F. 2d. 696, 699; *Graehling v. Village of Lombard, Ill.* (7th cir. 1995) 58 F. 3d. 295, 297 ("A suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim.")

In resolving a 12(b)(6) motion, the court must (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true, and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.* (9th cir. 1996) 80 F. 3d. 336, 337-338; *Vector Research Inc. v. Howard & Howard Attorneys P.C.* (6th cir. 1996) 76 F. 3d. 692, 697. Thus, "the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes* (1974) 416 U.S. 232, 236, 94 S. Ct. 1683; *Hydrick v. Hunter* (9th cir. 2006) 466 F. 3d. 676, 686.

For purposes of Rule 12(b)(6), "claim" means a set of facts which, if established, gives rise to one or more enforceable legal rights. *Goldstein v. North Jersey Trust Co.* (S.D. NY 1966) 39 F.R.D. 363, 366; *In re Baker* (BD D NY 1986) 66 B.R. 652, 653.

A 12(b)(6) motion is generally viewed with disfavor because of the lesser role pleadings play in federal practice and the liberal policy regarding amendment. The Ninth Circuit has so held. See *Gilligan v. Jamco Development Corp.* (9th cir. 1997) 108 F. 3d. 246, 249 ("The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted.") See also *Colle v. Brazos County, Texas* (9th cir. 1993) 981 F. 2d. 237, 243.

This circuit has held that a 12(b)(6) dismissal is proper only in "extraordinary" cases. *United States v. Redwood City* (9th cir. 1981) 640 F. 2d. 963, 966; see also *Cauchi v. Brown* (ED CA 1999) 51 F. Supp. 2d. 1014, 1016; *United States v. White* (CD CA 1995) 893 F. Supp. 1423, 1428.

### B. In the determination of a 12(b)(6) motion, Plaintiff's complaint should be liberally construed.

For purposes of a 12(b)(6) motion, the court must construe the complaint in the light most favorable to Plaintiff. *Parks School of Business Inc. v. Symington* (9th cir. 1995) 51 F. 3d. 1480, 1484. The U.S. Supreme Court has ruled that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson* (1957) 355 U.S. 41, 45-46, 78 S. Ct. 99; *Parks School of Business Inc., supra*, at p. 1484.

Moreover, in reviewing a 12(b)(6) motion, the court must accept as true all material allegations of the complaint, as well as reasonable inferences to be drawn from them. *Pareto v. FDIC* (9th cir. 1998) 139 F. 3d. 696, 699; see also *Leatherman v. Tarranty County Narcotics Intelligence and Coordination Unit* (1993) 507 U.S. 163, 164, 113 S. Ct. 1160; *U.S. v. White* (CD CA 1995) 893 F. Supp. 1423, 1428.

Accordingly, the sole issue raised by a Rule 12(b)(6) motion is whether the facts pleaded would, if established, support a valid claim for relief. Thus, no matter how improbable the facts alleged are, they must be accepted as true for purposes of the motion. *Neitze v. Williams* (1989) 490 U.S. 319, 328-329, 109 S. Ct. 1827; *Bernheim v. Litt* (2nd cir. 1996) 79 F. 3d. 318, 321.

Further, some courts, including the 9th circuit, have ruled that motions to dismiss civil rights complaints should be "scrutinized with special care." *Johnson v. State of California* (9th cir. 2000) 207 F. 3d. 650, 653; see also *Lillard v. Shelby County Board of Education* (6th cir. 1996) 76 F. 3d. 716, 724.

### C. Monterey County Defendants' "Supplemental Statement" in support of the motions is untimely, so the court should not consider it.

As noted above, defendants filed a "Supplemental Statement to Defendants' Motion to Dismiss Complaint and Motion for More Definite Statement." This supplemental statement was filed on or about February 6, 2008, well after the filing and service of the original moving papers. Pursuant to Local Civil Rule 7-2(a), all motions must be served and filed thirty-five (35) days before the hearing. Any exception to this rule requires a court order. L. R. 7-2(a).

The motions are set for hearing on March 10, 2008. Accordingly, the supplemental papers should have been filed and served by February 4, 2008.

Moreover, plaintiff received the supplemental papers just a few days before her opposition to the motion was due. (21 days before the hearing, or by February 15, 2008.) (It is noted that Monday, February 18, 2008, is a federal holiday.) Accordingly, the supplemental papers are untimely and prejudicial, and should not be considered.

If the court intends to consider these new arguments on the merits, plaintiff respectfully requests the opportunity to provide supplemental briefing.

## D. The supplemental papers add new facts not properly considered on a motion to dismiss the complaint.

Defendants' supplemental statement adds new facts, not alleged by plaintiff in her complaint. Defendants allege that:

> "the court set a Detention Hearing shortly after the minor children were taken into custody. A contested Detention Hearing was held. The court granted the detention order. Then followed the Jurisdictional Hearing, jurisdiction was found and custody ordered. Subsequently family services were ordered. Plaintiff and her husband failed to follow through, and services were terminated. Plaintiff appealed the court's termination of services, and the appeal was denied. During the Selection and Implemention process (further hearings), the parents rights are terminated, and the future status of the children (here adoption), was settled." (Defendants' supplemental statement, 2: 9-15.)

The 12(b)(6) motion is based upon the pleadings, and upon matters of which judicial notice may be taken. *Arpin v. Santa Clara Valley Transp. Agency* (9th cir. 2001) 261 F. 3d. 912, 925; *Beliveau v. Caras* (CD CA 1995) 872 F. Supp. 1393, 1395.

Monterey County Defendants have failed to request judicial notice of these facts, or the results of the prior hearings. It is also respectfully noted that the court may not take judicial notice on its own, without affording the parties the opportunity to be heard. *Cooperativa de Ahorro Y Credito Aguada v. Kidder, Peabody & Co.* (1st cir. 1993) 993 F. 2d. 269, 273.

Moreover, a 12(b)(6) motion is based on the allegations in the complaint. As noted above, in reviewing a 12(b)(6) motion, the court must accept as true all material allegations of the complaint, as well as reasonable inferences to be drawn from them. *Pareto v. FDIC, supra*, at p. 699; see also *Leatherman v. Tarranty County Narcotics Intelligence and Coordination Unit, supra*, at p. 164.

Accordingly, the sole issue raised by a Rule 12(b)(6) motion is whether the facts pleaded would, if established, support a valid claim for relief. Thus, no matter how improbable the facts alleged are, they must be accepted as true for purposes of the motion. *Neitze v. Williams, supra*, at pp. 328-329.

Thus, absent a timely and proper request for judicial notice, the court may not consider these new facts.

**E. Plaintiff has alleged sufficient facts against defendants Mannion and Mudd.**

Defendant also argues that plaintiff "fails to set forth any specific facts showing that Defendants Mudd, Mannion and Foster are responsible for any wrongdoing." (Defendant's points and authorities, 4: 11-12.) As noted above, plaintiff's complaint must be liberally construed, and motions to dismiss civil rights claims should be scrutinized with special care, *supra*.

Moreover, in reviewing a 12(b)(6) motion, the court must accept as true all material allegations of the complaint, as well as reasonable inferences to be drawn from them. *Pareto v. FDIC, supra*, at p. 699; see also *Leatherman v. Tarranty County Narcotics Intelligence and Coordination Unit, supra*, at p. 164.

Further, in reviewing a complaint for legal sufficiency in the face of a motion to dismiss for failure to state a claim, the court's point of departure is the Rule (Rule 8) providing that plaintiff need provide only a short and plain statement of the claim showing entitlement to relief. *Streit v. Bushnell* (S.D.N.Y. 2006) 424 F. Supp. 2d. 633, 640. The rule requiring that a claim be a plain and short statement showing that plaintiff is entitled to relief is to be liberally construed. *Hanson v. Hunt Oil Co.* (C.A. N.D. 1968) 398 F. 2d. 578, 581; *Sidebotham v. Robison* (9th cir. 1954) 216 F. 2d. 816, 826. Moreover, a complaint is to be construed as to do substantial justice. FRCP Rule 8(f)

In addition, the liberal notice pleading requirements of the procedural rules apply to a constitutional rights violation claim under section 1983, with the heightened pleading requirements of the rules inapplicable. *McLaughlin v. Rose Tree Media School Dist.* (E.D. Pa. 1998) 2 F. Supp. 2d. 476, 480.

Here, defendants argue that plaintiff fails to set out any facts as to defendant MANNION. (Defendants' points and authorities, 4: 13; 7: 5-13). However, MANNION is clearly identified in the caption of the complaint as a social worker. Moreover, Count Two of the Complaint (Violation of USC section 1983) incorporates all of the previous allegations by reference. (Complaint, para. 28) Count Two of the Complaint also alleges that defendants MANNION and HERNANDEZ deprived plaintiff of constitutionally protected rights. (Paragraphs 29 through 30) The court can draw reasonable inferences as to MANNION'S liability from these allegations. As such, the court should deny the 12(b)(6) motion. *Pareto v. FDIC, supra*, at p. 699; *Leatherman v. Tarranty County Narcotics Intelligence and Coordination Unit, supra*, at p. 164; *U.S. v. White, supra*, at p. 1423, 1428.

Moreover, plaintiff has alleged that defendants "conducted a patently biased, coercive, and one-sided investigation." (complaint, para. 16, lines 25-26) She further alleged that "...social workers investigating the case repeatedly advised Plaintiff that she could never effect reunification with her children unless she left her husband," and they faulted her "progress" for not verbalizing explicit belief in the allegations of the boys." (Complaint, Para. 18, lines 15-18) Under the principles set forth above, plaintiff has stated a cause of action against MUDD and MANNION and the court should deny the motion to dismiss.

6

Passineau v. Monterey County, Case No. C 07 05681 RS        Plaintiff's Opposition to Motion to Dismiss

**F. Plaintiff has alleged sufficient facts to state a cause of action against defendant Foster.**

*1. Plaintiff has alleged sufficient facts to establish a section 1983 violation.*

Defendants also argue that plaintiff failed to allege sufficient facts against defendant D. FOSTER. (Defendants' points and authorities, 4: 11-12.) D. FOSTER is identified in the caption of plaintiff's complaint as Deputy Sheriff for MONTEREY COUNTY. Plaintiff further alleges as follows: "At about 6:30 p.m. on Wednesday, July 6, 2005, defendant social worker STEVE MUDD, accompanied by armed, uniformed police officers including defendant DEPUTY SHERIFF D. FOSTER, arrived at the residence of the plaintiff unannounced and entered the residence without plaintiff's consent and without a warrant. The defendants commenced a thorough search of the residence without consent, and thereafter took custody of the four of Plaintiff's children (all girls) who were present at the residence at that time. They informed the Plaintiff that they were taking these actions because of allegations that Brett Passineau, Plaintiff's husband, had sexually abused two of Plaintiff's children (boys) that were not present at the residence at that time, and were in fact visiting a former foster mother in Santa Rosa." (Plaintiff's complaint, para. 10)

Plaintiff has also alleged that FOSTER acted under color of state law when she took the children from plaintiff's home. (Plaintiff's complaint, para. 26) To state a claim under section 1983, a plaintiff must allege both the deprivation of a right secured by the federal Constitution or federal statutory law, *and* allege that the deprivation was committed by a person acting under color of state law. *Anderson v. Warner* (9th cir. 2006) 451 F. 3d. 1063, 1067; *West v. Atkins* (1988) 487 U.S. 42, 48, 108 S. Ct. 2250. The right of parents and children to live together without governmental interference is an essential liberty interest protected by the Fourteenth Amendment's guarantee that parents and children will not be separated by the state without due process of law except in an emergency. *Wallis v. Spencer* (9th cir. 2000) 202 F. 3d. 1126, 1136, citing *Stanley v. Illinois* (1972) 405 U.S. 645, 651, 92 S. Ct. 1208; *Mabe v. San Bernardino County Dept. of Social Services* (9th cir. 2001) 237 F. 3d. 1101, 1107. Defendants have acknowledged this is the law. See defendants' points and authorities, p. 4: 23-26. Accordingly, plaintiff has alleged the deprivation of a right secured by the federal Constitution or by federal statutory law.

There are three requirements that must be satisfied for a police officer to have acted under color of state law for purposes of a section 1983 claim: (1) the action must have been performed while the officer is acting, purporting, or pretending to act in the performance of his or her official duties; (2) the officer's pretense of acting in the performance of his duties must have had the purpose and effect of influencing the behavior of others; and (3) the challenged conduct must be related in a meaningful way either to the officer's governmental status or to the performance of his duties. *Anderson v. Warner* (9th cir. 2006) 451 F. 3d. 1063, 1068. The facts plaintiff has alleged in this lawsuit satisfy these requirements. As such, plaintiff has stated a section 1983 cause of action against defendant FOSTER.

### *2. Plaintiff has also sufficiently alleged that defendant FOSTER acted without probable cause.*

Plaintiff has alleged that defendant FOSTER acted without probable cause in removing the children from the home without conducting a further investigation. (Complaint, para. 10, 11.)

Officials may remove a child from custody of its parent without prior judicial authorization only if information they possess at the time of the seizure is such as provides reasonable cause to believe that the child is in imminent danger of serious bodily injury and that the scope of the intrusion is reasonably necessary to avert that specific injury. *Wallis v. Spencer* (9th cir. 2000) 202 F. 3d. 1126, 1138; *Parkes v. County of San Diego* (S.D. Cal. 2004) 345 F. Supp. 2d. 1071, 1088.

Further, police cannot, without a court order, seize children suspected of being abused or neglected unless reasonable avenues of investigation are first pursued, particularly where it is not clear that a crime has been or will be committed. *Wallis v. Spencer, supra*, at p. 1138.

Thus, "An officer has a duty to make a thorough investigation and exercise reasonable judgment before invoking the awesome power of arrest and detention." *BeVier v. Hucal* (7th cir. 1986) 806 F. 2d. 123, 128, cited in *Wallis v. Spencer, supra*, at p. 1138. Moreover, a state cannot remove children from their parents' custody without a court order unless there is specific, evidence, capable of being articulated, that provides reasonable cause to believe that a child is in imminent danger of abuse. *Wallis v. Spencer, supra*, at p. 1138.

Further, officials violate the Fourteenth Amendment right of parents not to be separated from their children without due process of law except in emergencies, when they remove a child from the home absent information, at the time of the seizure, which establishes reasonable cause to believe that the child is in imminent danger of serious bodily injury and that the scope of the intrusion is reasonably necessary to avert that specific injury. *Rogers v. County of San Joaquin* (9th cir. 2007) 487 F. 3d. 1288, 1294. Warrantless removal of children is justified only if the children might be beaten or molested in the time it would take to get a warrant. *Rogers v. County of San Joaquin, supra*, at p. 1294-1295.

Here, defendant FOSTER removed four children from plaintiff's home based on the allegation that the two male children, who were not present at the time, had been sexually abused. (Plaintiff's complaint, para. 10) Plaintiff has alleged that the two boys were not present at the time, and no allegations of sexual abuse against the girls had been made. This did not constitute a thorough investigation on the part of FOSTER, as it is not clear that a crime had been or would be committed against the girls. As such, defendant FOSTER acted without probable cause, and plaintiff has alleged sufficient facts to constitute a cause of action.

**G. The court cannot determine issues of fact on a motion to dismiss.**

Factual questions cannot be resolved in a 12(b)(6) motion for failure to state a claim upon which relief can be granted. *Kelly v. Director, Federal Emergency Management Agency* (D.C. Mass 1981) 549 F. Supp. 8, 14; *Roundtree v. City of New York* (E.D.N.Y. 1991) 778 F. Supp. 614, 617. The existence of reasonable cause to remove a child from custody of its parent without prior judicial authorization is a question of fact to be determined by a jury. *Wallis v. Spencer, supra*, at p. 1138; *McKenzie v. Lamb* (9th cir. 1984) 738 F. 2d. 1105, 1108.

Accordingly, plaintiff's allegations that defendant FOSTER lacked reasonable cause to remove plaintiff's children from their home must be determined by a trier of fact, and the court should deny the 12(b)(6) motion.

**H. Plaintiff has properly pleaded a Section 1983 violation against the Monterey County defendants.**

Defendant DSES also argues that plaintiff has failed to allege a 1983 violation. (Defendants' points and authorities, pages 7-8)

In order to hold a county liable under 42 USC section 1983, plaintiff must show: 1) that she possessed a constitutional right of which she was deprived; 2) that the county had a policy; 3) that the policy amounts to deliberate indifference to plaintiff's constitutional right, and 4) that the policy was the moving force behind the constitutional violation. *Anderson v. Warner* (9th cir. 2006) 451 F. 3d. 1063, 1070; *Mabe v San Bernardino County Dept. of Social Services* (9th cir. 2001) 237 F. 3d. 1101, 1110-1111. A municipality can be held liable under section 1983 when execution of its policies, express or implied, has directly caused alleged constitutional violations. *Mackinney v. Nielsen* (9th cir. 1995) 69 F. 3d. 1002.

To state a claim under section 1983, a plaintiff must allege both the deprivation of a right secured by federal constitutional or federal statutory law, and allege that the deprivation was committed by a person acting under color of state law. *Anderson v. Warner* (9th cir. 2006) 451 F. 3d. 1063, 1067. There is no rigid formula for determining whether a state or local law official is acting under color of state law for purposes of a section 1983 claim. *Anderson v. Warner*, at p. 1068.

Moreover, a county is subject to liability under section 1983 if its policies, established by the county's lawmakers or by those whose edicts or acts may fairly be said to represent official policy, caused the constitutional violation at issue. *Brewster v. Shasta* County (9th cir. 2001) 275 F. 3d. 803, 805; *Cortez v. County of Los Angeles* (9th cir. 2002) 294 F. 3d. 1186, 1189.

There are three ways to show a policy or custom of a municipality that warrants municipal liability for a violation of federal constitutional standards. These are: (1) by showing a longstanding practice or custom which constitutes the standard operating procedure of the local government entity; 2) by showing

9

that the decision-making official was, as a matter of state law, a final policymaking authority whose edicts or acts may fairly be said to represent official policy in the area of decision, or 3) by showing that an official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate. *Rosenbaum v. City and County of San Francisco* (9th cir. 2007) 484 F. 3d. 1142, 1155.

Here, plaintiff has alleged that a presiding judge in a juvenile dependency proceeding set the tone for the discriminatory investigation of plaintiff. (Complaint, paragraph 18, lines 11-13.) Plaintiff has further alleged that consistent with the judge's remarks, plaintiff was repeatedly told by social workers that she would never be reunited with her children. (Complaint, para. 18, lines 15-18.) Plaintiff's children were ultimately taken away (Complaint, para. 19), and a presiding judge is clearly a decision-making official. Thus, plaintiff's complaint meets the requirements of the second method of proof set forth above.

Moreover, under *Rosenbaum*, plaintiff does not have to show a long-standing policy. Rather, it is sufficient to meet one of the other criteria set forth above. Indeed, showing a long-standing policy is only one way to establish the cause of action. *Ulrich v. City and County of San Francisco* (9th cir. 2002) 308 F. 3d. 968, 984.

Further, a policy, for purposes of a section 1983 claim against a government entity, is a deliberate choice to follow a course of action made from among various options by the official or officials responsible for establishing final policy with respect to the matter in question. *Long v. County of Los Angeles* (9th cir. 2006) 442 F. 3d. 1178, 1185; *Brass v. County of Los Angeles* (9th cir. 2003) 328 F. 3d. 1192, 1199.

Here, defendant chose to remove the children from plaintiff's home prior to initiating any investigation. (Complaint, para. 10) Defendants further told plaintiff that she would lose her children unless she left her husband. (Complaint, paragraph 18) Thus, plaintiff has alleged that defendant deliberately removed her children, telling plaintiff she would not be reunited with them. Other options, including a fair and balanced investigation prior to removal of the children, were clearly available. Plaintiff has therefore stated a cause of action against MONTEREY COUNTY, and the motion to dismiss should be denied.

Moreover, defendants misconstrue the holding of *Oklahoma City v. Tuttle* (1985) 471 U.S. 808, cited at page 7, line 27 of their points and authorities. This case held that a single isolated instance of excessive force by a police officer is not sufficient to support a 1983 claim. The within action does not involve excessive force by a police officer. This holding has not only been misconstrued by defendants, but is inapposite. Accordingly, the court should disregard this portion of defendants' argument.

## I. At best, defendants Mudd and Mannion are entitled to only qualified immunity, not absolute immunity.

### *1. Social workers involved in a warrantless arrest are entitled to qualified immunity only.*

Defendants MUDD and MANNION argue that they are entitled to absolute immunity in performing prosecution-like functions connected with the initiation and pursuit of child dependency

10

Passineau v. Monterey County, Case No. C 07 05681 RS                    Plaintiff's Opposition to Motion to Dismiss

proceedings. (Defendants' points and authorities, 9: 1-3) However, discretionary decisions and recommendations are not functionally similar to prosecutorial or judicial functions and are not entitled to absolute immunity. *Parkes v. County of San Diego* (S.D. Cal. 2004) 345 F. Supp. 2d. 1071, 1086, citing *Miller v. Gammie* (9th cir. 2003) 335 F. 3d. 889, 897. Moreover, only those prosecutorial or judicial functions recognized as absolutely immune at common law are entitled to absolute immunity under contemporary law. *Parkes v. County of San Diego, supra*, at p. 1086, citing *Miller v. Gammie, supra*, at p. 897.

However, *Parkes* held that claims for violation of Fourth and Fourteen Amendment rights to be free from unlawful search and seizure and interference with familial relationships are subject to *qualified*, not absolute, immunity. *Id.* at p. 1088. These are the issues presented by the within action.

In *Parkes*, the court held that a reasonable jury could conclude that a social worker's removal of children from a mother's custody violated the Fourteenth Amendment, where the social worker lacked judicial authorization for removal, removal was based on one child's report of molestation by father, there were no allegations of molestation or abuse by mother, and social worker stated that mother's failure to be protective placed sibling of child who reported molestation at risk of serious bodily harm, but mother did not present risk to child who reported molestation. *Id.* at p. 1088.

In the case before the court, DSES (with uniformed police assistance) took the children from the lawful custody of their mother with no allegations of molestation having ever been made against *her* (and, for that matter, *ever being made* against her throughout the state court proceedings). Moreover, the children who had allegedly been molested were not in the home at the time. Under Parkes, these actions violated Plaintiff's liberty interest protected by the Fourteenth Amendment.

The case upon which defendants rely, *Meyers v. Contra Costa County Dept. of Social Services* (9th cir. 1987) 812 F. 2d. 1154, (cited at p. 9 of defendants' points and authorities) can be factually distinguished. *Meyers* does not involve the warrantless removal of children from the parents' home. Rather, the facts in *Meyers* focus on the initiation of juvenile dependency proceedings by the social workers. *Id.* at p. 1156. In the instant case, plaintiff's allegations focus on the removal of the children from the home without a warrant. Under *Parkes*, this type of action does not enjoy absolute immunity. See also *Rogers v. County of San Joaquin, supra*, at p. 1297, specifically on point. (claim of qualified immunity by social worker who removed child from home without a warrant.)

### *2. Defendant failed to identify the common law counterpart to the alleged immunity and the motion should therefore be denied.*

Further, the official claiming absolute immunity has the burden of identifying the common law counterpart to the function that the official asserts is shielded by absolute immunity. *Parkes* at p. 1086, citing *Miller v. Gammie*. Here, defendants have failed to identify the common law counterpart, and thus the court should deny the motion.

## J. The alleged immunity of defendants Mudd and Mannion must be determined by a jury.

Whether reasonable circumstances existed, giving rise to qualified immunity on the part of a public official, is generally a question of fact for the jury. *Parkes v. County of San Diego, supra,* at p. 1089; *Mabe v. San Bernardino County, supra,* at p. 1108. Questions of fact cannot be resolved on a 12(b)(6) motion, *supra*. Thus, the court should deny the motion.

## K. A jury must also determine whether or not defendant Foster is entitled to immunity.

Determining whether an official is entitled to qualified immunity requires a two-step approach. First, the court must consider whether, taken in the light most favorable to the party asserting injury, the facts alleged show the officer's conduct violated a constitutional right. Second, the court must consider whether the right was clearly established; the inquiry being whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *Parkes v. County of San Diego* (S.D. Cal. 2004) 345 F. Supp. 2d. 1071, 1088, citing *Saucier v. Katz* (2001) 533 U.S. 194, 201, 121 S. Ct. 2151.

Whether reasonable circumstances existed, giving rise to qualified immunity on the part of a public official, is generally a question of fact for the jury. *Parkes v. County of San Diego, supra,* at p. 1089; *Mabe v. San Bernardino County, supra,* at p. 1108. Defendants have acknowledged that the inquiries involving qualified immunity are fact intensive. See defendants' points and authorities, p. 9, lines 27-28, 10, lines 1-3. Questions of fact cannot be resolved on a 12(b)(6) motion, *supra*. Thus, the court should deny the motion.

## L. The court should deny the motion for more definite statement.

A Rule 12(e) motion is proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted. *Famolare Inc. v. Edison Bros. Stores Inc.* (ED CA 1981) 525 F. Supp. 940, 949, *Cellars v. Pacific Coast Packaging, Inc.* (ND CA 1999) 189 F.R.D. 575, 578. A motion for more definite statement may not be used to restrict the liberality in pleading afforded by Rule 8. *Elwonger v. Career Academy Inc.* (D.C. Wis. 1971) 54 F.R.D. 85, 87.

Accordingly, the motion fails where the complaint is specific enough to apprise the defendant of the substance of the claim being asserted. *Bureerong v. Uvawas* (CD CA 1996) 922 F. Supp. 1450, 1461; *FRA S.p.A v. Surg-O-Flex of America, Inc.* (SD NY 1976) 415 F. Supp. 421, 427.

Further, if the detail sought by a motion for more definite statement is obtainable through discovery, the motion should be denied. *Beery v. Hitachi Home Electronics (America)* (CD CA 1993) 157 F.R.D. 477, 480. Defendants' reference to *Eisenach v. Miller-Dwan Medical Center* (D. Minn. 1995) 162 F.R.D. 346, a case decided in another circuit, is unpersuasive.

12
Passineau v. Monterey County, Case No. C 07 05681 RS            Plaintiff's Opposition to Motion to Dismiss

## J. The alleged immunity of defendants Mudd and Mannion must be determined by a jury.

Whether reasonable circumstances existed, giving rise to qualified immunity on the part of a public official, is generally a question of fact for the jury. *Parkes v. County of San Diego, supra,* at p. 1089; *Mabe v. San Bernardino County, supra,* at p. 1108. Questions of fact cannot be resolved on a 12(b)(6) motion, *supra*. Thus, the court should deny the motion.

## K. A jury must also determine whether or not defendant Foster is entitled to immunity.

Determining whether an official is entitled to qualified immunity requires a two-step approach. First, the court must consider whether, taken in the light most favorable to the party asserting injury, the facts alleged show the officer's conduct violated a constitutional right. Second, the court must consider whether the right was clearly established; the inquiry being whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *Parkes v. County of San Diego* (S.D. Cal. 2004) 345 F. Supp. 2d. 1071, 1088, citing *Saucier v. Katz* (2001) 533 U.S. 194, 201, 121 S. Ct. 2151.

Whether reasonable circumstances existed, giving rise to qualified immunity on the part of a public official, is generally a question of fact for the jury. *Parkes v. County of San Diego, supra,* at p. 1089; *Mabe v. San Bernardino County, supra,* at p. 1108. Defendants have acknowledged that the inquiries involving qualified immunity are fact intensive. See defendants' points and authorities, p. 9, lines 27-28, 10, lines 1-3. Questions of fact cannot be resolved on a 12(b)(6) motion, *supra*. Thus, the court should deny the motion.

## L. The court should deny the motion for more definite statement.

A Rule 12(e) motion is proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted. *Famolare Inc. v. Edison Bros. Stores Inc.* (ED CA 1981) 525 F. Supp. 940, 949, *Cellars v. Pacific Coast Packaging, Inc.* (ND CA 1999) 189 F.R.D. 575, 578. A motion for more definite statement may not be used to restrict the liberality in pleading afforded by Rule 8. *Elwonger v. Career Academy Inc.* (D.C. Wis. 1971) 54 F.R.D. 85, 87.

Accordingly, the motion fails where the complaint is specific enough to apprise the defendant of the substance of the claim being asserted. *Bureerong v. Uvawas* (CD CA 1996) 922 F. Supp. 1450, 1461; *FRA S.p.A v. Surg-O-Flex of America, Inc.* (SD NY 1976) 415 F. Supp. 421, 427.

Further, if the detail sought by a motion for more definite statement is obtainable through discovery, the motion should be denied. *Beery v. Hitachi Home Electronics (America)* (CD CA 1993) 157 F.R.D. 477, 480. Defendants' reference to *Eisenach v. Miller-Dwan Medical Center* (D. Minn. 1995) 162 F.R.D. 346, a case decided in another circuit, is unpersuasive.

A motion for more definite statement is viewed with disfavor, and is rarely granted. *In re American International Airways, Inc.* (ED PA 1986) 66 B.R. 642, 645. In addition, the Northern District has ruled that a motion for more definite statement is likely to be denied where the substance of a claim has been alleged, even though some of the details are omitted. *Boxall v. Sequoia Union High School Dist.* (ND CA 1979) 464 F. Supp. 1104, 1113-1114.

Accordingly, to the extent the procedural rule governing more definite statements can be implemented to require more than what is required by the rule governing notice pleading and the rule governing dismissal for failure to state a claim, and may thereby be prone to abuse by defendants, its exercise should be cast in the mold of strictest necessity. *Clark v. McDonald's Corp.* (D.N.J. 2003) 213 F.R.D. 198, 233.

Further, contrary to what defendants argue (at p. 10, lines 16-17), there is no "heightened pleading standard" in a civil rights case. *McLaughlin v. Rose Tree Media School Dist.* (E.D. Pa. 1998) 2 F. Supp. 2d. 476, 480. Thus, even though plaintiff may have omitted some of the details, the substance of the claim has been alleged, and discovery is available to provide additional information as to plaintiff's claims and theories in this case. The court should therefore deny this disfavored motion.

## M. If the court grants the 12(b)(6) motion, it should also grant Plaintiff leave to amend.

FRCP 15(a) expressly provides that leave to amend "shall be given when justice so requires." FRCP Rule 15(a); *Allen v. City of Beverly Hills* (9th cir. 1990) 911 F. 2d. 367, 373; *Friedlander v. Nims* (11th cir. 1985) 755 F. 2d. 810, 813.

Moreover, where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one more chance to amend the complaint before the district court dismisses the action with prejudice. *Silva v. Bieluch* (11th cir. 2003) 351 F. 3d. 1045, 1048; *DeCarlo v. Fry* (2nd cir. 1998) 141 F. 3d. 56, 62. Thus, if this court is inclined to grant the 12(b)(6) motion, the court should also grant leave to amend.

## N. The court should grant leave to amend if it grants the motion for more definite statement.

The court has wide discretion and may require that the complaint be amended, or that the information sought be supplied by declarations or other means. *Warth v. Seldin* (1975) 422 U.S. 490, 501-502, 95 S. Ct. 2197.

If the motion for more definite statement is granted, plaintiff should be given leave to amend.

## IV. Conclusion.

The court should deny both the Monterey County Defendants' motion to dismiss and motion for more definite statement. If it grants either motion, the court should grant Plaintiff leave to amend the complaint. Moreover, the court should not consider Monterey County Defendants' untimely

1  "supplemental" papers on the merits. If the court is inclined to consider them, Plaintiff respectfully
2  requests the opportunity to file supplemental briefing, or a continuance of the scheduled hearing to allow briefing on the merits of the new issues raised by the Monterey County Defendants.

3

4  Dated: _____

Jerome P. Mullins
Attorney for Plaintiff
Theresa Passineau