CHARLES J. McKEE        (SBN 152458)
County Counsel
IRVEN L. GRANT          (SBN 068950)
Deputy County Counsel
Office of the County Counsel
County of Monterey
168 W. Alisal Street, 3rd Floor
Salinas, California  93901-2680
email: granti@co.monterey.ca.us
Telephone:     (831) 755-5045
Facsimile:     (831) 755-5283

Attorneys for Defendants MONTEREY COUNTY DEPARTMENT OF SOCIAL & EMPLOYMENT SERVICES, STEVE MUDD, PAT MANNION, MONTEREY COUNTY SHERIFF'S DEPARTMENT, and D. FOSTER

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA LOUISE PASSINEAU,<br><br>Plaintiff,<br><br>v.<br><br>MONTEREY COUNTY DEPARTMENT OF SOCIAL AND EMPLOYMENT SERVICES, ET AL.,<br><br>Defendants.<br>_____/ | Case No.  C 07-05681 JW<br><br>MONTEREY COUNTY DEFENDANTS STEVE MUDD, PAT MANNION AND D. FOSTER, MONTEREY COUNTY DEPARTMENT OF SOCIAL & EMPLOYMENT SERVICES AND MONTEREY COUNTY SHERIFF'S OFFICE'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT AND MOTION FOR A MORE DEFINITE STATEMENT |

## I.

## PLAINTIFF'S OPPOSITION FAILS TO EXPLAIN THE VAGUE AND AMBIGUOUS NATURE OF THE COMPLAINT.

Plaintiff's Opposition to Defendants' 12(b)(6) Motion sets out a string of citations which commonly called for a set of "facts alleged"; "sufficient facts alleged"; "well pleaded factual allegations"; a "set of facts",  Complaint page 3, lines 21-26.  Defendants again challenge the Complaint in failing to assert sufficient factual allegations so as to give notice of Defendants' wrong doing.

/ / /

*Theresa L. Passineau v. Monterey County Dept. of Social & Employment Services, et al.*    Case No. C 07-05681 JW
Monterey County Defendants Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss
Complaint and Motion for a More Definite Statement                                                                                              1

Plaintiff's opposition as to Defendant Mannion is that she is named in the caption; and that Count Two of the Complaint incorporates all previous allegations by reference, Complaint page 6, lines 16-22. Naming a defendant in the caption provides no notice of liability. Count Two fails to allege any facts as to Mannion. In fact the incorporated by reference paragraphs are devoted to the removal of the minors, and then go on to assert that Santa Cruz County immediate took over of the case for the alleged 11-month period. No facts general or otherwise are alleged or directed towards Defendant Mannion, who was not involved in the removal, and is not an employee of Santa Cruz County.

While Plaintiff does allege that social workers investigating the case repeatedly advised Plaintiff that she could never effect reunification with her children unless she left her husband, and they faulted her progress for not verbalizing explicit belief in the allegations of the boys, Plaintiff's Opposition page 6. lines 23-26, nothing is alleged as to Defendant Mannion. Moreover, Santa Cruz County conducted the dependency case, not Monterey County.

## II.

## PLAINTIFF HAS NOT ALLEGED SUFFICIENT FACTS TO CONCLUDE THAT DEFENDANTS FOSTER OR MUDD ACTED WITHOUT PROBABLE CAUSE.

At page 8 and ff Plaintiff argues that she has sufficiently alleged that Defendant Foster acted without probable cause. Plaintiff relies heavy on *Rogers v. County of San Joaquin* (9th Cir. 2007) 487 F.3d. 1288.

The facts of Rogers do not describe the present matter. Rogers is not a sexual abuse case. In Rogers the minor children were found to be malnourished, had rotten teeth, and the home was dirty and in disarray. Otherwise the children were alert and active. Immediate medical attention was not considered necessary to cure the bottle rot or malnutrition conditions, *Rogers*, 487 F.3d 1288, 1295.

In addition, upon the initial report of child neglect received by San Joaquin County Protective Services, the intake unit did not view the report as requiring an emergency response. In fact a second report came in and intake assigned it to a ten-day response, *Rogers,* 487 F.3D 1288, 1291. Lastly, the social worker conceded she could have obtained a warrant within hours and failed to assert that she believed the medical conditions would have worsened if she delayed in taking at least one minor into custody in order to obtain a warrant.

*Theresa L. Passineau v. Monterey County Dept. of Social & Employment Services, et al.*     Case No. C 07-05681 JW
Monterey County Defendants Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss
Complaint and Motion for a More Definite Statement                                           2

1  Plaintiff fails to challenge or question Defendant Foster's or Mudd's actions. Herein there are no
2  assertions that the Plaintiff gave any credit to or concern over the serious allegations made by both
3  minors when confirmed by Defendants Foster and Mudd. Mr. Passineau, accused of the abuse, was still
4  living in the home with all six minors. Plaintiff has not plead that Mr. Passineau would be separated
5  from or kept from contacting the minors. The Dependency Judge's comments at the Dependency
6  hearing which Plaintiff cites within the Complaint, page 17, lines 2-7 are relevant as to the question of
7  how serious the minors' situation would appear at the time of the removal to a reasonable social worker.
8  *Baker v. Racansky* (9th Cir. 1989) 887 F.2d 183, 185 N.I. There the judge is quoted as saying:

> At the hearing on July 15th, the presiding judge volunteered the
> following excoriation to Plaintiff's husband, as Plaintiff recalls it:
> "To bring a boy who had already been sexually abused into your
> home to protect and nurture him, and then to sexually abuse him
> again is despicable!" Then, turning to Plaintiff, the judge
> remarked: "If I were the mother, I would have kicked the husband
> out two seconds after I heard about this." (Complaint, ¶ 17.)

16  In all Plaintiff has failed to assert sufficient facts to even suggest that the minors were not in
17  immediate danger. Viewing the complaint favorably to the Plaintiff, there is (are) no allegation(s) of
18  fact(s) that Defendant Foster or Defendant Mudd were provided with such information by the home visit
19  that would allow them to reasonably predict that if the minor females were left in their home they would
20  be safe. Rather it is reasonable to suspect that Mr. Passineau might well confront the minors, try to
21  convince them not to speak, that he may have abused them as well, or that Plaintiff would voluntarily
22  agree to keep the children isolated from Mr. Passineau, and be successful in doing so.

### III.

### PLAINTIFF HAS FAILED TO PROPERLY PLEAD A 1983 VIOLATION AS TO MONTEREY COUNTY DEFENDANTS.

26  Plaintiff argues that she has sufficiently plead a section 1983 violation as to Monterey County
27  Defendants. Plaintiff's argument is based largely upon one of the three ways to show policy or custom
28  municipality rendering it liable for such violations that Plaintiff cites to, namely '2) by showing that the

*Theresa L. Passineau v. Monterey County Dept. of Social & Employment Services, et al.*   Case No. C 07-05681 JW
Monterey County Defendants Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss
Complaint and Motion for a More Definite Statement                                          3

decision-making official was, as a matter of law, a final policymaking authority whose edits or acts may fairly be said to represent official policy in the area of decision." Plaintiff cites *Rosenbaum v. City & County of San Francisco* (9th Cir. 2007) 484 F.3d 1142, 1155. (Plaintiff's Opposition page 9, line 28 - page 10, line 2.) Plaintiff further concludes, "Thus, Plaintiff's Complaint meets the requirements of the second method of proof set forth above," Plaintiff's Opposition, page 10, lines 7-8. Plaintiff then singles out the presiding judge in the juvenile dependency proceeding as the policy maker.

Simply put a superior court judge does not make department policy and is not a county employee or officer. A superior court judge is chosen in Monterey County at a general election (Cal. Const., Art. VI, section 16(b)). Judicial conduct is prescribed in The Code of Judicial Ethics created by the California Supreme Court, (Cal. Const. Art. VI, section 18(m)). The ethical rules are contained within 6 Canons. For example,

| | | |
|---|---|---|
| Canon 1 states: | "A judge shall uphold the integrity and independence of the judiciary." | |
| Canon 3 states: | "A judge shall perform the duties of judicial office impartially and diligently." | |
| Canon 3B in part sets forth: | | |
| Canon 3B(2): | Be faithful to the law, "regardless of partisan interests, public clamor or fear of criticism"; maintain professional competence. | |
| Canon 3B(7): | Accord a full right to be heard to every person having a legal interest in the proceeding, but refrain from initiating, permitting or considering ex parte communications except as authorized. | |
| Canon 3B(8): | Dispose of all judicial matters fairly, promptly, and efficiently. | |

Further Cal. Gov't Code 24000 enumerates county officers. The list does not include superior court judges.

A superior court judge does not make official or unofficial policy for an individual county department and in particular as to the official policy to be followed by Defendants Mannion, Mudd or Foster.

Again, Plaintiff's opposition merely further underlies the fact that what Plaintiff has alleged if anything, are the actions of one or two individuals, and is allegedly reflective of certain individual

*Theresa L. Passineau v. Monterey County Dept. of Social & Employment Services, et al.*    Case No. C 07-05681 JW
Monterey County Defendants Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss
Complaint and Motion for a More Definite Statement    4

1  Defendant choices and not the basis upon or reflective of county or department wide policy, official or
2  unofficial.

### IV.
### DEFENDANTS' SUPPLEMENTAL STATEMENT, RAISING THE ROOKER-FELDMAN AND ABSTENTION ISSUES IS TIMELY.

At Plaintiff's Complaint, pages 4-5 Plaintiff argues that Defendants' Supplemental Statement filed on or about February 6, 2008, was not filed in a timely fashion (Opposition, pages 4-5). In this regard Defendants note that the court on its own may raise these same concerns. *Frederiksen v. City of Lockport* 384 f.3D 437, 438 (7TH Cir. 2004); *Worldwide Church of God v. McNair* 805 F.2d 888, 890 (9th Cir. 1986). Plaintiff also attacks the issue by stating that Defendants failed to request that the court take judicial notice of the hearings conducted within the Dependency case. Defendants believe it is sufficient that the court take notice that the Dependency case was litigated, which Plaintiff admits to in the Complaint. In other words, Plaintiff had a full opportunity to initiate her rights within the Dependency proceedings. In addition this issue arose as noted in Defendants' Supplemental Statement, from the face-to-face meeting with Plaintiff's counsel in early February 2008. Nevertheless Defendants are not opposed to allowing Plaintiffs additional time to respond to the issues raised in this regard, Defendants reserving time to reply.

### V.
### DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT SHOULD BE GRANTED.

The present Complaint is vague and ambiguous as to individual County Defendants as well as Defendants County of Monterey and The Monterey County Department of Social & Employment Services. No specific wrongful acts are attributed to Defendant Mannion. The Complaint lacks any allegations that Defendants Mudd and Foster's actions to remove the minor were not reasonable or for lack of exigent circumstances. Plaintiff objects because such was done without a warrant, but fails to assert factually, why a warrant should have been first obtained, and why either Defendants' belief of immediate harm, at the time, was not reasonable. Plaintiff fails to demonstrate that the action of any Monterey County Defendant was done in regard to a policy as required in *Monell v. Department of Social Services* (1978) 436 U.S. 658, 691-694. In such instances Federal Rules of Civil Procedure Rule

*Theresa L. Passineau v. Monterey County Dept. of Social & Employment Services, et al.*   Case No. C 07-05681 JW
Monterey County Defendants Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss
Complaint and Motion for a More Definite Statement                                          5

12(e) provides that a party such as Defendants may move for a more definite statement. Therefore, the court should order Plaintiff to file a more definite statement.

## VI.

## CONCLUSION

Based on the above, Defendants request that the court dismiss the Complaint. If the court is inclined not to so act, then it should dismiss the present complaint and order Plaintiff to file an amended complaint asserting specific allegations as to each Monterey County Defendant.

DATED: February 25, 2008.                    Respectfully submitted,

                                              CHARLES J. McKEE, County Counsel


By    /S/ Irven L. Grant
      IRVEN L. GRANT, Deputy County Counsel

Attorneys for Defendants MONTEREY COUNTY DEPARTMENT OF SOCIAL & EMPLOYMENT SERVICES, STEVE MUDD, PAT MANNION, MONTEREY COUNTY SHERIFF'S DEPARTMENT, and D. FOSTER

F:\WPWIN60\TXT\LIT\400 - Tort Lit\Passineau\Reply to Opp to Mtn to Dismiss.wpd

*Theresa L. Passineau v. Monterey County Dept. of Social & Employment Services, et al.*   Case No. C 07-05681 JW
Monterey County Defendants Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss
Complaint and Motion for a More Definite Statement   6