1  Jerome P. Mullins
   Attorney at Law
   95 South Market Street, Suite 300
2  San Jose, California 95113
   Voice: (408) 252-9937
3  Fax: (650) 685-5467

4  State Bar of California
   Active Member Number 57861

5  Attorney for Plaintiff
   THERESA LOUISE PASSINEAU
6

7

8  **UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF CALIFORNIA**

9

10  THERESA LOUISE PASSINEAU,           )
                              Plaintiff, )
11                                       )   **No. C 07-05681 JW**
                                         )
12                                       )
                                         )
13  vs.                                  )   **FIRST AMENDED COMPLAINT
                                         )   FOR DAMAGES**
14                                       )
                                         )
15                                       )   **Violation of Civil Rights
    MONTEREY COUNTY DEPARTMENT           )   Title 42, U.S.C. Section 1983**
16  OF SOCIAL AND EMPLOYMENT;            )
    SERVICES; STEVE MUDD and             )
17  PAT MANNION, in their official capacity as )   **JURY TRIAL DEMANDED**
18  social workers for MONTEREY COUNTY   )
    DEPARTMENT OF SOCIAL AND             )
19  EMPLOYMENT SERVICES;                 )
20                                       )
                                         )
21  MONTEREY COUNTY SHERIFF'S            )
    DEPARTMENT; and D. FOSTER,           )
22  in her official capacity as Deputy Sheriff for )
    MONTEREY COUNTY;                     )
23                                       )
24                                       )
    SANTA CRUZ COUNTY HUMAN              )
25  RESOURCES AGENCY/FAMILY &            )
    CHILDREN'S SERVICES; and             )
26  SYLVIA HERNANDEZ, in her official     )
27  capacity as social worker            )
    for SANTA CRUZ COUNTY HUMAN          )
28

                                        1

Passineau v. Monterey County, Case No. C 07 05681 RS          First Amended Complaint for Damages

RESOURCES AGENCY/FAMILY & )
CHILDREN'S SERVICES, )
 )
                                               Defendants )
_____

## JURISDICTION AND VENUE

1.     This court has jurisdiction over the subject matter of this action pursuant to Title 28, United States Code, Sections 1331 and 1343. This cause of action is authorized by 42 U.S.C. Section 1983 and the Constitution of the United States to redress deprivations of constitutionally protected rights and interests under color of state law.

2.     The conduct upon which this suit is based occurred in this judicial district.

3.     Plaintiff is informed and believes and on that basis alleges that each of the named defendants resides in this judicial district.

## PARTIES

4.     Plaintiff THERESA PASSINEAU is a citizen of the United States, a resident of Monterey County, California, and on July 6, 2007, had joint legal custodian of six children with her husband, Brett Passineau.

5.     Defendant MONTEREY COUNTY DEPARTMENT OF SOCIAL AND EMPLOYMENT SERVICES ("DSES") is a local public entity situated in the State of California and organized under the laws of the State of California.

6.     Defendant STEVE MUDD is, and was at all times mentioned herein, a social worker and in doing the things hereinafter alleged, acted under color of state law as an agent of CHILD PROTECTIVE SERVICES, COUNTY OF MONTEREY

Passineau v. Monterey County, Case No. C 07 05681 RS            First Amended Complaint for Damages

DEPARTMENT OF SOCIAL AND EMPLOYMENT SERVICES, and with its full

consent and approval.

7.    Defendant PATRICIA MANNION is, and was at all times mentioned herein,

an Emergency Response Supervising Social Worker and in doing the things hereinafter

alleged, acted under color of state law as an agent of, COUNTY OF MONTEREY

DEPARTMENT OF SOCIAL AND EMPLOYMENT SERVICES, and with its full

consent and approval. Ms. Mannion's supervisors included MARGARET HUFFMAN,

Emergency Response Program Manager; ROBERT TANIGUCHI, Deputy Director; and

ELLIOT ROBINSON, Program Director.

8.    Defendant MONTEREY COUNTY SHERIFF'S DEPARTMENT is a local

public entity situated in the State of California and organized under the laws of the State of

California.

9.    Defendant D. FOSTER is, and was at all times mentioned herein, a DEPUTY

SHERIFF and in doing the things hereinafter alleged, acted under color of state law as an

agent of the MONTEREY COUNTY SHERIFF'S DEPARTMENT and with its full

consent and approval.

10.    Defendant SANTA CRUZ COUNTY HUMAN RESOURCES

AGENCY/FAMILY & CHILDREN'S SERVICES is a local public entity situated in the

State of California and organized under the laws of the State of California.

11.    Defendant SYLVIA HERNANDEZ is, and was at all times mentioned herein,

a social worker, and in doing the things hereinafter alleged, acted under color of state law

as an agent of both COUNTY OF MONTEREY DEPARTMENT OF SOCIAL AND

EMPLOYMENT SERVICES, and SANTA CRUZ COUNTY HUMAN RESOURCES

Passineau v. Monterey County, Case No. C 07 05681 RS          First Amended Complaint for Damages

AGENCY/FAMILY & CHILDREN'S SERVICES with the full consent and approval of both counties.

12.    In doing the things herein alleged, the defendants, and each of them, acted as the agent, servant, employee and in concert with each of the remaining defendants.

### STATEMENT OF FACTS

13.    At about 6:30 P.M. on Wednesday, July 6, 2005, defendant social worker STEVE MUDD, accompanied by at least three armed, uniformed peace officers, including defendant Monterey County DEPUTY SHERIFF D. FOSTER, arrived at the residence of the plaintiff THERESA PASSINEAU. Defendant MUDD'S first words to Plaintiff, as he exited his automobile were, "We're here to take the children." The arrival of the Defendants was otherwise unannounced, and MUDD entered the residence without plaintiff's consent and without a warrant. MUDD and the officers informed Plaintiff that they were taking these actions because of allegations made on July 2nd and thereafter that BRETT PASSINEAU, Plaintiff's husband, had sexually abused two of Plaintiff's children (adopted boys) while camping in San Luis Obispo County some several weeks earlier. The adopted boys were not present at the residence when MUDD and the officers arrived, and were in fact visiting a former foster mother in Santa Rosa. It was the former foster mother who had reported the allegations of the boys to Santa Rosa and Sonoma County authorities on July 2nd.

14.    VIRGINIA LLEWELYN, the mother of BRETT PASSINEAU, was present at the Plaintiff's residence when Defendant MUDD and the officers arrived. Ms. Llewelyn offered to take custody of the children to live in her residence indefinitely, and in any event, until a court hearing could be held, but MUDD ignored her offer. BRETT

Passineau v. Monterey County, Case No. C 07 05681 RS                    First Amended Complaint for Damages

PASSINEAU arrived in his truck at the residence shortly after Defendant MUDD arrived, and offered to move out of the residence until the matter could be resolved in court, but MUDD ignored his offer. Plaintiff THERESA PASSINEAU expressed her consent in BRETT PASSINEAU'S proposal, and requested that the children remain in the home, but MUDD ignored her entreaties. Thereupon, Defendants MUDD and FOSTER chose to detain the children pending the filing of a dependency petition in the Monterey County Juvenile Court, so they took custody of Plaintiff's children (all girls) who were present at the residence at that time, and they departed.

15.    From July 2nd to July 6th, a large number of social workers and peace officers from Sonoma County, San Luis Obispo County and Monterey county were involved in the investigation leading up to the removal of the children and thereafter. Early decisions had to be made regarding which of these governmental agencies should act, and which actions they should take. Two days after the removal, on July 8th, PATRICIA MANNION filed a sworn JUVENILE DEPENDENCY PETITION (VERSION ONE) in the Superior Court of Monterey County naming all the children as subjects of the petition. In her sworn petition Defendant MANNION declared,

> j-9 On July 6, 2005, Betty Johnson, a social worker from Sonoma County, and Vera Chambers , a Monterey County social worker, interviewed the girls in the home… The interview took place outside of the home, *but the girls did not make any statements that they had been molested.*
>
> j-11 Due to the complex nature of the investigation and the concern for the children's welfare, law enforcement placed the children in protective custody on July 6, 2005.

16.    By her words, Ms MANNION demonstrated that she had been acting, and continued to act in a supervisory and coordinating capacity for the multi-jurisdictional, pre-judicial phase of the investigation, including the removal of the children from Plaintiff's

Passineau v. Monterey County, Case No. C 07 05681 RS                    First Amended Complaint for Damages

residence. Her activities would later include direct contact with Plaintiff as well as the coordination of the large number of investigative personnel. Court records indicate that she apparently acted in that capacity continuously for the duration of the case.

17.    The above-named defendants had no probable cause to believe that the children were in imminent danger of serious bodily injury at the time of the entry and removal and therefore acted contrary to federal constitutional standards that required a warrant before removal. The above-named defendants also acted contrary to the requirements of California Welfare and Institutions Code sections 305 and 306.

18.    The above-named defendants had ample time to obtain a warrant and failed to do so, electing instead to remove the children without a court order of any kind.

19.    The removal of the children was not necessary to avert any perceived harm to their welfare.

20.    In making the decision to remove and detain the children, FOSTER, MANNION and MUDD acted contrary to federal constitutional standards requiring them to return the children unless the children were in danger of serious bodily injury or death. FOSTER, MANNION and MUDD also violated the mandate of Section 309 of the California Welfare and Institutions Code in that they could not reasonably believe that detention was necessary for the immediate and urgent protection of the children.

21.    The COUNTY OF MONTEREY, in flagrant violation of the dictates of the California Welfare and Institutions Code, has been conducting the removal of children without warrants in this manner for years. In fact, MONTEREY COUNTY has for years conducted the most minimal training of its social workers on the subject of warrants at all. Based upon the statements of credible witnesses, Monterey County has *never* conducted

6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

training on the specific procedures for obtaining warrants from judicial officers, such as the preparation of declarations in compliance with Code of Civil Procedure Section 2015.5. This longstanding practice of removing children without warrants has become commonplace for MONTEREY COUNTY, with the highest levels of county social services officials effectively ratifying the practice and therefore making it standard operating procedure.

22.    Almost immediately after taking the children, defendant MONTEREY COUNTY DEPARTMENT OF SOCIAL AND EMPLOYMENT SERVICES delegated much of the investigation in the field to the SANTA CRUZ COUNTY DEPARTMENT OF HUMAN RESOURCES AGENCY/FAMILY & CHILDREN'S SERVICES, which agency, jointly, and under the supervision and direction of the MONTEREY COUNTY DEPARTMENT OF SOCIAL AND EMPLOYMENT SERVICES, conducted a patently biased, coercive, and one-sided investigation of plaintiff with deliberate and callous indifference to plaintiff's constitutional rights.

23.    An initial hearing was scheduled in Juvenile Court for July 11, 2005, but was continued until Friday, July 15, 2005. At the hearing on July 15th, the presiding judge volunteered the following gratuitous excoriation to Plaintiff's husband, as Plaintiff recalls it: "To bring a boy who had already been sexually abused into your home to protect and nurture him, and then to sexually abuse him again is despicable!" Then, turning to Plaintiff, the judge remarked: "If I were the mother, I would have kicked the husband out two seconds after I heard about this." Plaintiff's husband was not arrested on criminal charges until July 25th, indicating that there was not even probable cause to arrest the man on the date of the judge's hasty condemnation of him.

7

24.   The judge's remarks in open court set the tone for the hostile, discriminatory investigation of Plaintiff that was to be conducted over the next eleven months with deliberate and callous indifference to her rights under the United States Constitution. Consistent with the judge's remarks, social workers investigating the case, including PATRICIA MANNION and SYLVIA HERNANDEZ repeatedly advised Plaintiff that she could *never* effect reunification with her children unless she divorced her husband, and they faulted her "progress" for not verbalizing express, explicit and total belief in the accusatory allegations of the boys.

25.   Social workers in both MONTEREY COUNTY and SANTA CRUZ COUNTY, in flagrant violation of the dictates of the California Welfare and Institutions Code, have been making these coercive statements for years. Based upon the statements of credible witnesses, this longstanding practice of creating a "forced election" (between children and husband) for persons in Plaintiff's position has become commonplace for both MONTEREY COUNTY and SANTA CRUZ COUNTY, with the highest levels of county social services officials effectively ratifying the practice, and therefore making it standard operating procedure.

26.   On the basis of a completely biased and constitutionally offensive investigation conducted over a period of approximately eleven months or longer by the MONTEREY COUNTY DEPARTMENT OF SOCIAL AND EMPLOYMENT SERVICES and the SANTA CRUZ COUNTY HUMAN RESOURCES AGENCY/FAMILY & CHILDREN'S SERVICES, the Superior Court of Monterey County terminated the parental rights of plaintiff with regard to all of her children.

27.   Whereupon, pursuant to California Government Code Section 945.6, plaintiff filed a timely claim against defendant MONTEREY COUNTY, on March 23, 2007, which the MONTEREY COUNTY BOARD OF SUPERVISORS rejected on May 8, 2007.

### STATEMENT OF DAMAGES

28.   As a direct and proximate result of the incidents alleged in this complaint, plaintiffs sustained injuries and damages including, but not limited to: pain, suffering, as well as severe emotional distress, fear, anxiety, embarrassment, and humiliation, all to their general damage in an amount according to proof.

29.   As a further direct and proximate result of the incidents alleged in this complaint, plaintiff suffered loss of income, incurred attorney's fees, and other incidental expenses, all to her special damage in an amount according to proof.

30.   In doing the things alleged herein, defendants acted willfully and maliciously and in deliberate, reckless or callous disregard of the plaintiffs' rights justifying an award of punitive damages in accordance with proof.

31.   Plaintiffs have been compelled to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to reasonable attorney's fees pursuant to Title 42, United States Code § 1988.

### Count One
### Violation of Civil rights
### Title 42, United States Code, Section 1983
### (Defendants FOSTER, MANNION and MUDD)

32.   Plaintiff realleges and incorporates herein by reference the allegations set forth in Paragraphs 1 through 27 of this complaint.

Passineau v. Monterey County, Case No. C 07 05681 RS          First Amended Complaint for Damages

33.   In doing the acts complained of herein, defendants FOSTER, MANNION and MUDD acted under color of state law to deprive plaintiff as alleged herein, of constitutionally protected rights including, but not limited to:

(a) the right not be deprived of liberty without due process of law;

(b) the right to be free from unreasonable interference with parent-child relationships;

(c) the right to procedural due process;

(d) the right to be free from unreasonable searches and seizures;

(e) the right to be free from arbitrary intrusions on plaintiffs' physical and emotional well-being.

(f) the right to associate with another person in a marital relationship.

34.   As a direct and proximate result of the acts complained of herein, plaintiffs have suffered general and special damages as set forth in this complaint.

**Wherefore**, plaintiffs pray for relief as hereinafter set forth.

**Count Two**
**Violation of Civil rights**
**Title 42, United States Code, Section 1983**
**(Defendants MANNION and HERNANDEZ)**

35.   Plaintiffs realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 27 of this complaint.

36.   In doing the acts complained of herein, defendants MANNION and HERNANDEZ acted under color of state law to deprive plaintiff as alleged herein, of constitutionally protected rights including, but not limited to:

Passineau v. Monterey County, Case No. C 07 05681 RS          First Amended Complaint for Damages

(a) the right not be deprived of liberty without due process of law;

(b) the right to be free from unreasonable interference with parent-child relationships;

(c) the right to procedural due process, including a fair and impartial court hearing;

(d) the right to be free from arbitrary intrusions on plaintiffs' physical and emotional well-being.

(e) the right to associate with another person in a marital relationship.

37.    As a direct and proximate result of the acts complained of herein, plaintiffs have suffered general and special damages as set forth in this complaint.

**Wherefore**, plaintiffs pray for relief as hereinafter set forth.

**Count Three**
**Violation of Civil rights**
**Title 42, United States Code, Section 1983**
**(Defendants FOSTER, MANNION AND MUDD)**

38.    Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 27 of this complaint.

39.    The seizure and removal of the plaintiff's children constituted part of a pattern and practice of MONTEREY COUNTY to remove children from the custody of their parents without a warrant, without adequate investigation and without probable cause to believe that the children are in imminent harm of physical injury or death or without probable cause to believe that the children are at risk of any abuse or neglect. This constitutes a violation of Plaintiff's constitutional right to direct the care, custody, and

11

control of her children, *the oldest of the fundamental liberty interests* recognized by the United States Supreme Court, *Troxel v. Granville*, 530 U.S. 57 (2000).

40.    As a direct and proximate result of the acts complained of herein, plaintiffs have suffered general and special damages as set forth in this complaint.

**Wherefore**, plaintiffs pray for relief as hereinafter set forth.

### Count Four
### Violation of Civil rights
### Title 42, United States Code, Section 1983
### (Defendants MANNION AND HERNANDEZ)

41.    Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs 1 through 27 of this complaint.

42.    The coercive and directive statements of social workers MANNION and HERNANDEZ to Plaintiff constituted part of a pattern and practice of MONTEREY COUNTY and SANTA CRUZ COUNTY to remove children from the custody of their parents without adequate investigation and in violation of the parents' fundamental right to associate freely in a marital relationship, in the sense of *Zablocki v. Redhail*, 434 U.S. 374 (1978)

43.    As a direct and proximate result of the acts complained of herein, plaintiffs have suffered general and special damages as set forth in this complaint.

**Wherefore**, plaintiffs pray for relief as hereinafter set forth.

### Jury Trial Demand

44.    Plaintiffs demand a jury trial in this matter.

Passineau v. Monterey County, Case No. C 07 05681 RS                First Amended Complaint for Damages

1

## **Prayer**

2    **Wherefore**, plaintiff prays for judgment against the defendants as follows:

3

4        1.      General damages according to proof against all defendants;

5        2.      Special damages according to proof against all defendants;

6

7        3.      Attorneys' fees pursuant to statute against all defendants;

8        4.      Costs of suit; and

9

10       5.      For such other and further relief as the court deems appropriate.

11

12   Dated: _____        _____

13                                  Jerome P. Mullins
                               Attorney for Plaintiff
                               Theresa Passineau

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Passineau v. Monterey County, Case No. C 07 05681 RS          First Amended Complaint for Damages