1  DANA McRAE, State Bar No. 142231
   County Counsel, County of Santa Cruz
2  JESSICA C. ESPINOZA, State Bar No. 235941
   Assistant County Counsel
3  701 Ocean Street, Room 505
   Santa Cruz, California 95060
4  Telephone: (831) 454-2040
   Fax: (831) 454-2115
5
6  Attorneys for Defendants
   COUNTY OF SANTA CRUZ HUMAN
7  RESOURCES AGENCY/FAMILY &
   CHILDREN'S SERVICES AND
8  SYLVIA HERNANDEZ

9                    UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

11

| | |
|---|---|
| THERESA LOUISE PASSINEAU, | Case No. C07-05681 JW |
| Plaintiff, | **SANTA CRUZ COUNTY DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| v. | |
| MONTEREY COUNTY DEPARTMENT OF SOCIAL AND EMPLOYMENT SERVICES, et. al. | Date: August 11, 2008<br>Time: 9:00 a.m.<br>Dept: Courtroom 8, 4th Floor |
| Defendants. | |

22       TO THE COURT AND PLAINTIFF THERESA LOUISE PASSINEAU:  PLEASE TAKE

23  NOTICE that on **August 11, 2008**, at **9:00 a.m.** or as soon thereafter as the motion may be heard in

24  Courtroom 4, 5th Floor, of the above-referenced court, defendants Santa Cruz County Human

25  Resources Agency/Family & Children's Services ("Santa Cruz County") and Sylvia Hernandez

26  ("Hernandez"), collectively referred to herein as "Santa Cruz County Defendants," will move the

27  Court for an order dismissing plaintiff's amended complaint pursuant to Federal Rule of Civil

28  Procedure 12(b)(6).

The grounds for this motion are that plaintiff's amended complaint does not set forth any facts sufficient to state a cause of action against defendants Hernandez or Santa Cruz County. Accordingly, Santa Cruz County Defendants request that the Court dismiss all claims filed by plaintiff against Hernandez and Santa Cruz County without leave to amend.

This motion is based on this notice of motion, the accompanying memorandum of points and authorities, the pleadings on file in this action, and any other matter the Court deems proper to review at the hearing of this motion.

Dated: June 25, 2007                     DANA McRAE, COUNTY COUNSEL

By: _____/S/_____
JESSICA C. ESPINOZA
Assistant County Counsel
Attorneys for Defendants COUNTY OF
SANTA CRUZ HUMAN RESOURCES
AGENCY/FAMILY & CHILDREN'S
SERVICES AND SYLVIA HERNANDEZ

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

On May 22, 2008, the Court granted in part and denied in part Santa Cruz County Defendants' motion to dismiss Plaintiff's original complaint. The Court granted the motion as to Santa Cruz County with leave to amend those claims so that plaintiff could attempt to set forth facts sufficient to state a claim under *Monell*. (*See* Court Order, p. 11:2-11.) The Court denied the motion as to Hernandez, but indicated that Hernandez may be entitled to absolute immunity for her alleged actions. (*See* Court Order, p. 12 fn. 8.)

Plaintiff recently filed an amended complaint. The amended complaint alleges one cause of action against Hernandez brought under 42 U.S.C. section 1983 and one cause of action against Santa Cruz County also brought under 42 U.S.C. section 1983. Plaintiff's amended complaint

1  contains the same defects as the original complaint in that it does not state sufficient facts to state a
2  cause of action against Santa Cruz County.  Moreover, plaintiff's amended complaint fails to state a
3  cause of action against Hernandez as she is entitled to absolute immunity for her alleged actions in
4  this case.  As plaintiff is unable to state facts sufficient to state a cause of action against Santa Cruz
5  County or Hernandez, Santa Cruz County Defendants move to dismiss all claims filed by plaintiff
6  against them without leave to amend.

### ARGUMENT

### I.

### THE COURT SHOULD GRANT THIS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AS TO HERNANDEZ AND SANTA CRUZ COUNTY

Pursuant to Federal Rules of Civil Procedure 12(b)(6) a complaint may be dismissed against a defendant for failure to state a claim upon which relief can be granted.  Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. (*Balistreri v. Pacifica Police Department* (9th Cir. 1990) 901 F.2d 696, 699.)  Courts may dismiss a case without leave to amend if the plaintiff is unable to cure the defect by amendment. (*Lopez v. Smith* (9th Cir. 2000) 203 F.3d 1122, 1129.)  For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." (*Usher v. City of Los Angeles* (9th Cir. 1987) 828 F.2d 556, 561.)  Any existing ambiguities must be resolved in favor of the pleading. (*Walling v. Beverly Enters* (9th Cir. 1973) 476 F.2d 393, 396.)

#### A.    Hernandez Is Entitled To Absolute Immunity.

Absolute immunity protects its holders from needing to answer for their conduct in a civil rights action. (*Mitchell v. Forsyth* (1985) 472 U.S. 511, 525.)  A court may grant absolute immunity on a Rule 12(b)(6) motion when it is apparent from the face on the complaint that absolute immunity applies. (*See Arizona Minority Coalition for Fair Redistricting v. Arizona* (D. Ariz. 2005) 366 F. Supp. 2d 887, 895.)

1   The Ninth Circuit has held that social workers enjoy absolute immunity when they perform
2   "quasi-judicial" actions or when they perform "quasi-prosecutorial" actions. (*See Meyers v. Contra
3   Costa County of Dep't of Social Services* (9th Cir. 1987) 812 F.2d 1154, 1156-1157.) The initiation
4   and pursuit of child dependency proceedings are protected by quasi-prosecutorial immunity. (*Id*. at
5   1157.) Quasi-judicial immunity is available when a social worker acts in a capacity functionally
6   comparable to that of a judge, such as when exercising discretionary judgment. (*Antoine v. Byers &
7   Anderson, Inc.* (1996) 508 U.S. 429, 436 *quoting Imbler v. Patchman* (1975) 424 U.S. 409, 423
8   n.20.)

9   It is apparent on the face of plaintiff's amended complaint that Hernandez's alleged improper
10  actions were initiated and pursued as part of the child dependency process after the children were
11  already removed and therefore protected by quasi-prosecutorial immunity. Hernandez was only
12  involved in the investigation during and in preparation for the Juvenile Court proceedings which is
13  clearly covered by quasi-prosecutorial immunity. Plaintiff does not allege that Hernandez took any
14  action prior to the operation of the judicial process. Plaintiff does not allege Hernandez was
15  involved in the removal of the children on July 6, 2005 or the investigation leading up to their
16  removal. (Amended Complaint at ¶¶ 13, 15.) In fact, plaintiff states that Santa Cruz County and
17  Hernandez were not asked to participate in the investigation until after the children were removed.
18  (*Id.* at ¶ 22.) As all of the alleged actions taken by Hernandez are protected by quasi-prosecutorial
19  immunity, plaintiff is unable to state a claim against Hernandez. Santa Cruz County Defendants
20  respectfully request this Court dismiss all causes of action against Hernandez without leave to
21  amend.

22  **B.    Plaintiff's Amended Complaint Fails To Allege Sufficient Facts To State A 1983 Claim As To Santa Cruz County.**
23

24  Section 1983 provides for liability against a "[P]erson who, under color of any statute,
25  ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any
26  citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and
27  laws . . . ." (42 U.S.C. § 1983.) Liability under section 1983 requires that there be an actual
28  connection or link between the actions of the defendant and the deprivation alleged to have been

suffered by the plaintiff. (*Monell v. Department of Social Services* (1978) 436 U.S. 658, 691-694; *Rizzo v. Goode* (1976) 423 U.S. 362, 370.) The Ninth Circuit has noted that "a person 'subjects' another to the deprivation of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." (*Johnson v. Duffy* (9th Cir. 1978) 588 F.2d 740, 743.)

Here, plaintiff's allegations against Santa Cruz County do not state an actual connection between the County's alleged actions and the deprivation of plaintiff's civil rights. In plaintiff's only count against Santa Cruz County, plaintiff claims that:

> The coercive and directive statements of social workers MANNION and HERNANDEZ to Plaintiff constituted a part of pattern and practice of MONTEREY COUNTY and SANTA CRUZ COUNTY to remove children from the custody of their parents without adequate investigation and in violation of the parents' fundamental right to associate freely in a marital relationship, in the sense of *Zablocki v. Rehail*, 434 U.S. 374 (1978).

(Amended Complaint at ¶ 42.) As stated above, Santa Cruz County was not involved in removal of the children on July 6, 2005 or the investigation leading up to the removal. (*Id.* at ¶¶ 13, 15, 22.) Therefore, even if Santa Cruz County had a procedure of "removing children from the custody of their parents without adequate investigation" such procedure was not implicated in this case and cannot be the subject of liability. (*Monell, supra,* 436 U.S. at 691-694.)

Plaintiff's only factual allegation related to Santa Cruz County's practice of conducting unconstitutional investigations is based on Hernandez's allegedly coercive and directive statements to plaintiff. It is unclear from plaintiff's amended complaint how Hernandez's alleged statements violated her constitutional rights. Plaintiff claims that such statements "violated the parents' fundamental right to associate freely in a marital relationship in the sense of *Zablocki v. Rehail*, 434 U.S. 374 (1978)." However, *Zablocki* is factually inapposite to this case and does not support plaintiff's claim. *Zablocki* involved the freedom to marry and challenged the legality of a state statute that prevented residents from marrying if they were behind in their child support obligations or if the children to whom they were obligated were likely to become public charges. (*Id.* at 375.)

*Passineau v. Monterey County, et al.*, Case No. C07-05681 JW    SANTA CRUZ COUNTY DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

-5-

Unlike, *Zablocki* this case does not involve a state statute or the right to marry. Plaintiff does not allege that Hernandez's statements prevented her from getting married. Plaintiff does not even claim that Hernandez's alleged statements were false, misleading or even relied upon by the Court. Thus, even if true, it is unclear how such comments deprived plaintiff of any constitutional rights.

Plaintiff's amended complaint fails to state sufficient facts that Santa Cruz County violated any of her constitutional rights. In ruling on a motion to dismiss courts do not accept as true legal conclusions cast in the form of allegations if such conclusions cannot be reasonably drawn from the facts alleged and courts need not accept unreasonable inferences or unwarranted deductions of fact. (*Sprewell v. Golden State Warriors* (9th Cir. 2001) 266 F.3d 979, 988; *Western Mining Council v. Watt* (9th Cir. 1981) 643 F.2d 618, 624; *Dubbs v. C.I.A.* (C.D. Cal. 1990) 769 F.Supp. 1113,1115.) Here, Hernandez's alleged comments to plaintiff during her investigation do not amount to a constitutional violation. Plaintiff's conclusory allegation that Santa Cruz County conducts unconstitutional investigations, by itself, is insufficient to support any claim for relief against Santa Cruz County. As plaintiff has been given a fair chance to state whatever facts exist as to Santa Cruz County, Santa Cruz County Defendants respectfully requests that this Court dismiss all claims against Santa Cruz County without leave to amend.

## CONCLUSION

For the reasons discussed above, Santa Cruz County Defendants request that the Court dismiss plaintiff's amended complaint against Santa Cruz County and Hernandez without leave to amend as plaintiff is unable to set forth any facts sufficient to state a cause of action against them.

Dated: June 19, 2008   DANA McRAE, COUNTY COUNSEL

By: _____/S/_____
JESSICA C. ESPINOZA
Assistant County Counsel
Attorneys for Defendants COUNTY OF
SANTA CRUZ HUMAN RESOURCES
AGENCY/FAMILY & CHILDREN'S
SERVICES AND SYLVIA HERNANDEZ