1  CHARLES J. McKEE    (SBN 152458)
County Counsel
2  IRVEN L. GRANT     (SBN 068950)
Deputy County Counsel
3  Office of the County Counsel
County of Monterey
4  168 W. Alisal Street, 3rd Floor
Salinas, California  93901-2680
5  email: granti@co.monterey.ca.us
Telephone:   (831)  755-5045
6  Facsimile:    (831)  755-5283

7  Attorneys for Defendants MONTEREY COUNTY DEPARTMENT OF SOCIAL &
EMPLOYMENT SERVICES, STEVE MUDD, PAT MANNION, MONTEREY
8  COUNTY SHERIFF'S DEPARTMENT, and DIANE FOSTER

9

10             **IN THE UNITED STATES DISTRICT COURT**

          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
11

12  THERESA LOUISE PASSINEAU,       Case No.  C 07-05681 JW

13

14             Plaintiff,       DEFENDANTS MONTEREY COUNTY
DEPARTMENT OF SOCIAL AND
EMPLOYMENT SERVICES AND PAT
15  v.                    MANNION'S NOTICE OF MOTION AND
MOTION TO DISMISS FIRST AMENDED
16                        COMPLAINT; MEMORANDUM OF
MONTEREY COUNTY DEPARTMENT OF  POINTS AND AUTHORITIES IN
17  SOCIAL AND EMPLOYMENT SERVICES,  SUPPORT
ET AL.,
18

19             Defendants.     Date:   August 11, 2008
                               Time:  9:00 AM
20  _____/  Dept.:  Courtroom 8, 4th Floor

21

22  **TO ALL PARTIES AND TO THEIR  ATTORNEYS OF RECORD:**

23       NOTICE IS HEREBY GIVEN that on August 11, 2008, at 9:00 a.m. or as soon thereafter as the

24  motion may be heard in Courtroom #8, 4th Floor, of the United States District Court for the Northern

25  District of California, located at 280 South First Street, San Jose, California, Defendants PAT

26  MANNION, and MONTEREY COUNTY DEPARTMENT OF SOCIAL AND EMPLOYMENT

27  SERVICES will move the Court for an order dismissing plaintiff's complaint pursuant to Federal Rule

28  of Civil Procedure 12(b)(6).

1    The grounds for this motion are that Plaintiff's complaint does not set forth facts sufficient to

2   state a cause of action against Defendant Pat Mannion, and as to Defendant Monterey County

3   Department of Social & Employment Services for the time period of July 8, 2005 and onward, if at all.

4   For these reasons, these Defendants request that the Court dismiss all claims filed by plaintiff against

5   Defendant Mannion, to dismiss all claims as to DSES or otherwise limit Plaintiff's claims as to

6   Defendant Monterey County Department of Social and Employment Services to the removal of the

7   minor children.

8    This motion is based on this notice of motion, the accompanying memorandum of points and

9   authorities, the pleadings on file in this action, and any other matter the Court deems proper to review at

10  the hearing of this motion.

11

12  DATED:  June 25, 2008.                    Respectfully submitted,

13                                            CHARLES J. McKEE, County Counsel

14

15                                            By_____
                                                    IRVEN L. GRANT, Deputy County Counsel
16
                                              Attorneys for Defendants MONTEREY COUNTY
17                                            DEPARTMENT OF SOCIAL & EMPLOYMENT
                                              SERVICES, and PAT MANNION
18

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.

3

## INTRODUCTION

4      In its May 22, 2008 Order the Court granted in part, Defendants' motion as to Defendant Mannion,

5 allowing "her absolute immunity for actions taken on July 11, 2005 and onward. Plaintiff was granted

6 leave to amend the complaint (see Court Order, page 12, lines 9-13; page 16, lines 14-16). The Court

7 found that Plaintiff did sufficiently allege a <u>Monell</u> claim against Monterey County (see Court Order,

8 page 10, lines 20-21). (See Exhibit A attached, Court's Order dated May 22, 2008.)

9      Plaintiff has filed the First Amended Complaint alleging in four counts various violations of Title

10 42, U.S.C. Section 1983, civil rights as to Monterey County Defendants Foster, Mannion, and Mudd.

11 Neither Monterey County nor Defendant Monterey County Department of Social and Employment

12 Services (DSES) was named in any of the four counts.

13      As set out below, Plaintiff has failed to allege facts sufficient to overcome the absolute immunity

14 allowed Defendant Mannion under the Court's prior order. Moreover, Defendant DSES is not named

15 within any of the four counts.

16

## II.

17

## OVERVIEW

18      The Court in its May 22, 2008 ruling, held as to Defendant Mannion: "The alleged investigatory

19 actions taken by Mudd and Mannion during, and in preparation for, the Juvenile Court proceedings were

20 initiated and pursued as part of a child dependency process and are therefore quasi-prosecutorial in

21 nature. Those proceedings began on July 11, 2005. Thus, the Court finds that Mudd and Mannion are

22 entitled to absolute immunity for actions from July 11, 2005 onward." (See Court's Order, page 12,

23 lines 9-13.)

24      Defendant Mannion is again named in the amended complaint. Plaintiff attempts to avoid the bar

25 of the Court's ruling in alleging that Defendant Mannion's participation began on July 8, 2007, post

26 removal of the children from Plaintiff's home: "Two days after the removal, on July 8[th], PATRICIA

27 MANNION filed a sworn JUVENILE DEPENDENCY PETITION (VERSION ONE) in the Superior

28 Court of Monterey County naming all the children as subjects of the petition." (Complaint, page 5, lines

1  15-18.)

2      Defendants' motion will demonstrate that actions attributed to Defendant Mannion were in

3  preparation for the Juvenile Court proceedings, itself a key aspect of the child dependency process.  As

4  such these actions were quasi-prosecutorial in nature and Defendant Mannion is entitled to absolute

5  immunity for actions taken from at least July 8, 2007 onward.

6                                    **III.**

7                          **LAW AND ARGUMENT**

8      A.    **Applicable Law**

9      Pursuant to Federal Rules of Civil Procedure 12(b)(6) a complaint may be dismissed against a

10  defendant for failure to state a claim upon which relief can be granted.  Dismissal may be based on either

11  the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

12  theory.  (*Balistreri v. Pacifica Police Department* (9th Cir. 1990) 901 F.2d 696, 699.)  Courts may

13  dismiss a case without leave to amend if the plaintiff is unable to cure the defect by amendment.  (*Lopez*

14  *v. Smith* (9th Cir. 2000) 203 F.3d 1122, 1129.)

15      In its prior order of May 22, 2008, and in particular, as to Defendant Mannion, this Court held:

16  "The Ninth Circuit has held that social workers enjoy absolute immunity when they perform "quasi-

17  judicial" actions or when they perform "quasi-prosecutorial" actions.  See *Meyers v. Contra Costa*

18  *County Dep't of Social Services*, 812 F.2d 1154, 1156-57 (9th Cir. 1987).  The initiation and pursuit of

19  child dependency proceedings are protected by quasi-prosecutorial immunity.  *Id.* at 1157.  However,

20  quasi-prosecutorial immunity does not apply to actions taken unilaterally prior to the operation of the

21  judicial process and not for preparation or for presentation to a court.  *Id.*  Quasi-judicial immunity is

22  available when a social worker acts in a capacity functionally comparable to that of a judge, such as

23  when exercising discretionary judgment.  *Antoine*, 508 U.S. AT 436 (quoting *Imbler v. Pachtman*, 424

24  U.S. 409, 423 n.20).

25      The alleged investigatory actions taken by Mudd and Mannion during, and in preparation for, the

26  Juvenile Court proceedings were initiated and pursued as part of a child dependency process and are

27  therefore quasi-prosecutorial in nature.  Those proceedings began on July 11, 2005.  Thus the Court

28  finds that Mudd and Mannion are entitled to absolute immunity for actions from July 11, 2005 onward."

**B.    Argument - The Court should again grant absolute immunity as to Defendant Mannion.**

Plaintiff alleges at ¶ 15, page 5, line 10-18 that a "large number of social workers and peace officers..." Defendant Mannion is not identified as one of these social workers. Rather, Defendant Mannion is alleged to have filed a sworn JUVENILE DEPENDENCY PETITION, naming all children on July 8, 2007, two days after removal. As this Court has held, the filing of a petition and preparation of a petition is the first step in carrying out the quasi-prosecutorial actions identified in *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 433 NY (1933), (Court's order of May 22, 2008, at page 12, lines 9-11).

Plaintiff further alleges that Defendant Mannion, "In her sworn petition Defendant MANNION declared,

> j-9 On July 6, 2005, Betty Johnson, a social worker from Sonoma County, and Vera Chambers, a Monterey County social worker, interviewed the girls in the home...The interview took place outside of the home, *but the girls did not make any statements that they had been molested.*

> j-11 Due to the complex nature of the investigation and the concern for the children's welfare, law enforcement placed the children in protective custody on July 6, 2005.

Without question, these allegations describe investigatory and preliminary actions necessary to and in preparation for the Juvenile Court proceedings. Moreover the allegations describe the action of others, not Mannion. The petition is prepared for the Juvenile Court proceedings and as such Mannion is protected per the Court's prior order. Moreover there are no facts alleged that Defendant Mannion was involved in the removal of children.

At ¶ 20, page 6, lines 16-18, Plaintiff claims that Defendant Mannion took part in the decision to remove and detain the children. No facts other than this conclusionary statement are otherwise asserted.

In ruling on a motion to dismiss courts do not accept as true legal conclusions cast in the form of allegations if such conclusions cannot be reasonable drawn from the facts alleged and courts need not accept unreasonable inferences or unwarranted deductions of fact. (*Sprewell v. Golden State Warriors* (9th Cir. 2001) 266 F.3d 979, 988; *Western Mining Council v. Watt* (9th Cir. 1981) 643 F.2d 618, 624; *Dubbs v. C.I.A.* (C.D. Cal. 1990) 769 F.Supp. 1113, 1115.)

In summary as to Defendant Mannion, the amended complaint alleges insufficient facts to defeat

1  the Court's prior order.  In fact, aside from alleging an earlier date as to Defendant Mannion's asserted

2  participation, now July 8, 2005, as opposed to July 11, 2005, Plaintiff has completely ignored the

3  Court's prior order and discussion of absolute immunity granted to this Defendant.  As a result,

4  Defendant Mannion should be dismissed from each of Plaintiff's four counts, as Plaintiff has failed to

5  allege adequate facts to support the claims made in each count as to Mannion.

6  **C.**   **Further Argument - Defendant DSES's Liability, if such exists, should be limited to**

7  **the removal action taken on July 6, 2007, and thereafter, until the Juvenile Court**

8  **Petition was filed on July 8, 2007.**

9  Plaintiff alleges that Defendant Deputy Sheriff D. Foster and Monterey County Social Worker

10  Steve Mudd removed the remaining four children from the Passineau home on July 6, 2007, without a

11  warrant (Complaint, ¶ 13, page 4. lines 7-22).

12  Plaintiff's allegations do not include or involve Defendant Sheriff Foster in the further dependency

13  proceedings which were initiated with the filing of the juvenile petition on July 8, 2005 (Complaint, ¶

14  15, page 5, lines 15-17).

15  Defendant Mudd's involvement as alleged is confined to the removal of the children (Amended

16  Complaint, ¶¶ 13, 14, 20).

17  Allegations as to Defendant DSES are first asserted as violations of removal without a prior

18  warrant, completed as of July 6, 2007, and its failure to train County employees in such removals

19  (Amended Complaint, ¶¶ 20, 21).  Thereafter Defendant DSES's liability presumably hedges on the

20  actions of Defendant Mannion, namely conducting a hostile and discriminatory investigation (Amended

21  Complaint, ¶ 24), making certain "coercive statements" (Complaint, ¶ 25), and conducting a "biased and

22  constitutionally offensive investigation" (Complaint, ¶ 26).  Plaintiff refers to other social workers as

23  well, but fails to identify their status or any specifics as to these alleged actions.

24  These claims as to Defendant Mannion have to do with the events which make up the Juvenile

25  Court proceedings and quasi-prosecutorial function of Defendant employees.  Defendant Mannion is the

26  sole named Monterey County Employee alleged to be involved in the post-removal investigating period

27  and subsequent court proceedings.

28  Defendants assert that Defendant Mannion is entitled to absolute immunity as argued above.  If

1   Defendant Mannion is entitled to immunity, then DSES is likewise protected, as the Department can

2   only act through its employees.  As a result, DSES' liability, if any, is limited to actions taken prior to

3   the filing of the juvenile petition, namely July 6-8, 2005.

4       Plaintiff has failed to allege in any of the complaint's four counts any count against Defendant

5   DSES.  If Plaintiff argues that this was an oversight, then as set out above, DSES's liability should be

6   limited to actions involving only the removal of the four children.

7   <center>**CONCLUSION**</center>

8       Defendant Mannion was not involved in the initial removal of the four children from Plaintiff's

9   home, hence no possible liability for that time period.  Defendant Mannion's acts taken after removal,

10  namely the investigation done to prepare the dependency case, if any, is protected under the doctrine of

11  absolute immunity.  Defendant DSES is not named within any of the four counts.  Even if Defendant

12  DSES were named, its liability must stem from the actions taken by Defendant Mannion which in turn

13  are fully protected.  As such Plaintiff cannot properly allege any claim against Defendant DSES, except

14  as for the removal period of July 6, 2005 - July 8, 2005, if any all.

15      As a result, as all the actions alleged against Defendant Mannion are protected , Plaintiff is unable

16  to state a claim against Mannion.  Therefore Defendant requests that the Court dismiss all causes of

17  action against Mannion without leave to amend.  Further, that Defendant DSES, if found to be a properly

18  named as a Defendant, that its liability, if any, be limited to the removal of the minor children.

19  DATED:      June 26, 2008.                    Respectfully submitted,

20                                               CHARLES J. McKEE, County Counsel

22                                               By____/s/ Irven L. Grant_____
                                                     IRVEN L. GRANT, Deputy County Counsel

                                                 Attorneys for Defendants MONTEREY COUNTY
24                                               DEPARTMENT OF SOCIAL & EMPLOYMENT
                                                 SERVICES, STEVE MUDD, PAT MANNION,
25                                               MONTEREY COUNTY SHERIFF'S DEPARTMENT, and
                                                 D. FOSTER
26  F:\WPWIN60\TXT\LIT\400 - Tort Lit\Passineau\Mtn to DismissFAC.wpd