DANA McRAE, State Bar No. 142231
County Counsel, County of Santa Cruz
JESSICA C. ESPINOZA, State Bar No. 235941
Assistant County Counsel
701 Ocean Street, Room 505
Santa Cruz, California 95060
Telephone: (831) 454-2040
Fax: (831) 454-2115

Attorneys for Defendants
COUNTY OF SANTA CRUZ HUMAN
RESOURCES AGENCY/FAMILY &
CHILDREN'S SERVICES AND
SYLVIA HERNANDEZ

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| THERESA LOUISE PASSINEAU,<br><br>     Plaintiff,<br><br>v.<br><br>MONTEREY COUNTY DEPARTMENT OF SOCIAL AND EMPLOYMENT SERVICES, et. al.<br><br>     Defendants. | Case No. C07-05681 JW<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>**Date:    July 7, 2008**<br>**Time:   10:00 a.m.**<br>**Ctrm:   8 (Hon. James Ware)** |

        The parties to this action jointly submit the following Case Management Conference Statement.

### JURISDICTION AND SERVICE

        1.        Plaintiff claims subject matter jurisdiction of this court under the general federal question statute, 28 U.S.C. 1331, as well as 28 U.S.C. 1343, and brings this action pursuant to 42 U.S.C. 1983 and the U.S. Constitution.  Plaintiff has effected service on each named defendant as of January 25, 2008.

On May 22, 2008, this court entered its order granting in part and denying in part the various motions of the defendants. In its order, this court acknowledged jurisdiction of this cause action. On June 6, 2008, Plaintiff filed her FIRST AMENDED COMPLAINT to comply with the court's order.

## DESCRIPTION OF THE CASE

2.     The Independence Day holiday fell on a Monday in 2005, and by the time of that holiday weekend, Plaintiff Theresa Louise Passineau and her husband Brett Passineau, who had been married since July 18, 1998, had effected joint legal custody of six minor children (two boys and four girls). The Passineaus and all of the children resided together at a residence in the Salinas area of Monterey County, California.

The four girls included the following: the youngest was a toddler, born October 14, 2002, whom the Passineaus adopted on June 11, 2003; the oldest was a teenage cousin of Brett Passineau, who had been residing with the Passineaus since January 3, 1999 and over whom the Passineaus established a formal legal guardianship on October 1, 1999; and finally, an eleven-year old and a ten-year-old came to live with the Passineaus on or about December 23, 2004, and the Passineaus were in the process of adopting them, with final adoption expected later that summer.

The two boys (a four-year old and a six-year old) had come to reside with the Passineaus on May 23, 2003, and the Passineaus had actually completed adopting these boys on June 14, 2004. On the holiday weekend described, the boys were visiting a former foster mother in Sonoma County, and they had been there for several days. On or about Saturday, July 2nd, the two boys told the former foster mother that Brett Passineau had engaged in sexual contact with them. The boys referred to the conduct as the "tickle game," and stated that it had occurred over a period of time when the boys accompanied Brett Passineau on camping trips to Lake San Margarita in San Luis Obispo County. The boys described the sexual conduct as skin-to-skin contact. Sonoma County social workers thereafter effected constructive custody of the two boys and elected to permit them to remain at least temporarily in the physical custody of the former foster mother pending court action.

Police agencies from Santa Rosa (Sonoma County), San Luis Obispo and Monterey County, and the Child Protective Services agencies of Sonoma and Monterey County commenced an

investigation.  As a result of this investigation, on the evening of Wednesday, July 6th, Monterey County social worker Steve Mudd arrived at the Passineau residence, announced, "We're here to take the children" and then took the four girls into custody without a warrant or any other pre-removal judicial order.  Defendants disagree that this statement was made.  Monterey County Deputy Sheriff Dianna Foster and other peace officers joined Mudd in the removal of the girls, and transported them to a placement center that evening.  Defendants assert that Deputy Foster after arriving on scene and meeting with Passineau, decided to remove the minors and Mudd provided transport.

On Friday, July 8, 2005, the Monterey County Department of Social and Employment Services filed a petition in the Superior Court of Monterey County, and after a court appearance that day, and on the following Monday, the court ordered the children to be detained. Almost immediately, at the request of Monterey County social workers, Santa Cruz County social workers, together with Monterey County Social Worker Pat Mannion, participated personally in the investigation related to the dependency proceedings, and handled the proceedings.

After numerous court appearances, in 2006 the Superior Court entered judgment for permanent removal of all six children from the Passineau home and for termination of the parental rights of both Theresa and Brett Passineau.  All decisions, orders and judgments associated with the dependency proceeding are now final.

## **LEGAL ISSUES**

3.      Plaintiff contends that named defendants seized her children and held them without a warrant or any other pre-removal judicial order, and in the absence of exigent circumstances. She contends that named defendants took these actions despite the fact that Plaintiff and other persons related to Plaintiff offered immediate (and later) alternate placement arrangements for the children. These actions, she contends, were in violation of express and explicit statutory and constitutional preference for temporary placement with family members and for reunification pending the investigation and litigation. Plaintiff further contends that named defendants abused their discretion in conducting their investigation by coercing her on several occasions to divorce her husband as a condition to regaining custody of her children.

Plaintiff contends: (1) warrantless searches and seizures by state agents in and around residences are presumptively unlawful; (2) there is no "juvenile dependency exception" to the constitutional requirement for a warrant; (3) the exclusionary rule does not apply to juvenile dependency proceedings; (4) it is unclear whether the evidentiary objection "evidence illegally obtained," has any meaning in a juvenile dependency proceeding designed on a "collaborative paradigm;" (5) the warrantless removal of the children was done without the presence of exigent circumstances, and this action violated her fundamental liberty interests protected by the federal and state constitutions. Plaintiff further contends that the child welfare investigation was conducted in such a biased, result-oriented and coercive manner as to be an abuse of discretion and to violate her civil rights regardless of the reports and recommendations submitted by the investigative agents.

Defendants contend that Plaintiff has failed to state a cause of action. Defendants also contend Plaintiff has not alleged a violation of any rights not already litigated to a final judgment in the Superior Court dependency proceedings. Named defendants admit there was no pre-removal warrant or other judicial order but assert that exigent circumstances were present. Defendants believe additionally that exigent circumstances existed at the time of removal to sustain a warrantless removal of each and every one of the children. Defendants assert that the investigation was conducted without coercion or bias against reunification of the children with Plaintiff Theresa Passineau. Defendants further assert that the dependency proceedings were conducted properly and each defendant is entitled to a complete defense under absolute and qualified immunity principles.

## MOTIONS

4.       Santa Cruz County Defendants filed a 12(b)(6) motion as to plaintiff's amended complaint which is set for hearing on October 20, 2008. Defendants Mannion and Monterey County Department of Social and Employment Services intend to file a 12(b)(6) motion as to the recently filed amended complaint. As to Mannion, it will be argued that she is entitled to absolute immunity from the time period of July 8, 2007 onward. As to the Department, that it has liability if at all only from the initial removal.

## AMENDMENT OF THE PLEADINGS

5.    Defendants may amend its answer based upon the court order on the first and second 12(b)(6) motions.

## EVIDENCE PRESERVATION

6.    As the files and records for the dependency matter are largely confidential, the defendants have retained all files and records.

## DISCLOSURES

7.    Plaintiffs and defendants have not made their initial disclosures pursuant to FRCP 26. Plaintiff is ready and willing to disclose any admissible documents now in the possession of Plaintiff, but virtually all of these are merely copies of those that have been in the possession of the named Defendants for months.  Defendants are ready to make their FRCP 26 disclosures after the hearing on their Rule 12(6)(6) motions, to the extent necessary.

## DISCOVERY

8.    Defendants believe it is possible to have the parties agree to a set of relevant documents.  Defendants plan to take the deposition of Plaintiff, her husband, and other persons beginning in September 2008.

## CLASS ACTIONS

9.    This case is not a class action lawsuit, and no certification as such is anticipated.

## RELATED CASES

10.    There are no related cases or proceedings pending before another judge of this court, or before another court or administrative body.

## RELIEF

11.    Plaintiff seeks monetary damages and no injunctive relief.  Further, plaintiff does not seek to vacate, set aside, or overturn the final judgment in the Superior Court of Monterey County.

## SETTLEMENT AND ADR

12.    The case can be divided into two parts: (a) the justification for a warrantless removal of the minor children; (2) the fairness of the subsequent investigation, which lasted about one year.

Defendants expect Plaintiff to identify what specific event or circumstances led to a violation of her fundamental liberty interests. Plaintiffs and Monterey County are seeking authority to participate in non-binding arbitration, after limited discovery.  Santa Cruz County Defendants are agreeable to mediation through the Court ADR program or a settlement conference with a magistrate judge.

### CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

13.    Plaintiff has declined to stipulate to a magistrate judge hearing any aspect of this cause of action.

### NARROWING OF ISSUES

15.    N/A

### EXPEDITED SCHEDULE

16.    On the basis of available information, the parties have not concluded that the case is suitable to an expedited schedule.

### SCHEDULING

17.    The parties request a non-expert discovery cut-off date in April 2009.  The defendants anticipate filing a motion for summary judgment in July 2009.  The parties suggest September 2009 for a pre-trial conference date and October 2009 for a trial date.

### TRIAL

18.    The parties request a trial by jury, and expect its duration, exclusive of jury selection, to be ten court days.

### DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PARTIES

19.    No party has filed a "Certification of Interested Entities or Persons," and none is anticipated.

### OTHER MATTERS

20.    Plaintiff and Defendants request the court to correct its order dated May 22, 2008, by which it ruled on the various Defendants' motions. On page 11, line 1 of the order, there appears the subheading, "b. Santa Clara County." Also on page 11, line 3, there appears the sentence, "Based on

1  the allegations above, the Court finds that Plaintiff has failed to allege[d] a *Monell* claim against

2  [the] Santa Clara County." The reference to Santa Clara County is apparently a transcription error.

3  Santa Clara County is not a party to this cause of action, and is not expected to be a party to this

4  action. The text should recite Santa Cruz County, not Santa Clara County.

5                                  **IDENTIFICATION OF LEAD COUNSEL**

6         Trial counsel for Plaintiffs: Jerome P. Mullins, Attorney at Law, 95 South Market Street,

7  Suite 300, San Jose, California 95113, (408) 252-9937, (650) 685-5467 (fax).

8         Trial counsel for Monterey County Defendants:  Irven L. Grant, Deputy County Counsel, 168

9  West Alisal Street, 3rd Floor, Salinas, California 93901, (831) 755-5045.

10        Trial Counsel For Santa Cruz County Defendants:  Jessica C. Espinoza, Asst. County

11  Counsel, 701 Ocean Street, Room 501, Santa Cruz, California 95060, (831) 454-2040.

12

13  Dated: June 27, 2008                    CHARLES J. McKEE, COUNTY COUNSEL

14

15                                         By: _____/S/_____

16                                              IRVEN L. GRANT
                                                Deputy County Counsel
17                                              Attorneys for Defendants MONTEREY
                                                COUNTY DEPARTMENT OF SOCIAL &
18                                              EMPLOYMENT SERVICES, STEVE MUDD,
                                                PAT MANNION, MONTERREY COUNTY
19                                              SHERIFF'S DEPARTMENT AND D.
                                                FOSTER.
20

21

22  Dated: June 27, 2008                    LAW OFFICES OF JEROME P. MULLINS

23

24                                         By: _____/S/_____

25                                              JEROME P. MULLINS
                                                Attorneys for Plaintiff THERESA PASSINEAU
26  ///

27  ///

28  ///

1    Dated: June 27, 2008                          DANA McRAE, COUNTY COUNSEL

2

3                                                  By: _____/S/_____
                                                       JESSICA C. ESPINOZA
4                                                      Assistant County Counsel
                                                       Attorneys for Defendants COUNTY OF
5                                                      SANTA CRUZ HUMAN RESOURCES
                                                       AGENCY/FAMILY & CHILDREN'S
6                                                      SERVICES AND SYLVIA HERNANDEZ

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28