IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Theresa Louise Passineau, | NO. C 07-05681 JW |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS** |
| v. | |
| Monterey County Dep't of Soc. and Employment Servs., et al., | |
| Defendants. | |

## I.  INTRODUCTION

Theresa Louise Passineau ("Plaintiff") brings this action against various departments and employees of Monterey County and Santa Cruz County (collectively, "Defendants"), alleging, *inter alia*, that Defendants violated her Fourth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 when they removed her children from her custody without a warrant.

Presently before the Court are Defendants' various Motions to Dismiss.[1]  The Court found it appropriate to take the matter under submission without oral argument.  See Civ. L.R. 7-1(b).  Based on the papers submitted to date, the Court GRANTS Santa Cruz County Defendants' Motion to Dismiss and GRANTS in part and DENIES in part Monterey Social Services and Patricia Mannion's Motion to Dismiss.

---

[1] (Monterey Social Services and Patricia Mannion's Motion to Dismiss First Amended Complaint, hereafter, "Monterey Motion," Docket Item No. 43; Santa Cruz County Defendants' Motion to Dismiss First Amended Complaint, hereafter, "Santa Cruz Motion," Docket Item No. 42.)

## II.  BACKGROUND

In a First Amended Complaint filed on June 10, 2008, Plaintiff alleges as follows:

Plaintiff is an individual residing in Monterey County, California.  (First Amended Complaint for Damages ¶ 4, hereafter, "FAC," Docket Item No. 39.)  Defendants Monterey County Department of Social and Employment Services ("Monterey Social Services") and the Monterey County Sheriff's Department ("Monterey Sheriff's Department") (collectively, "Monterey County") are both departments within Monterey County.  (Id. ¶¶ 5, 7.)  Defendants Steve Mudd ("Mudd") and Patricia Mannion ("Mannion") are employees of Monterey Social Services.  (Id. ¶¶ 6, 7.)  Defendant D. Foster ("Foster") is an employee of the Monterey Sheriff's Department.  (Id. ¶ 9.)  Santa Cruz County Human Resources Agency and Family and Children's Services ("Santa Cruz County") is a department within Santa Cruz County.  (Id. ¶ 10.)  Sylvia Hernandez ("Hernandez") is an agent of Monterey Social Services and Santa Cruz County.[2]  (Id. ¶ 11.)

Plaintiff is married to Brett Passineau with whom she shares joint legal custody of six children.  (FAC ¶ 4.)  Two of Plaintiff's children are adopted males.  (Id. ¶ 13.)

On July 6, 2005 at around 6:30 p.m., Mudd and Foster conducted an unannounced search of Plaintiff's residence.  (FAC ¶ 13.)  Although Mudd and Foster had time to obtain a warrant, they conducted the search without consent or a warrant.  (Id. ¶¶ 13, 18.)  Plaintiff's two adopted male children were not present at the time of the incident.  (Id. ¶ 13.)  Mudd and Foster took custody of Plaintiff's other four children, all females.  (Id. ¶ 14.)  Plaintiff was told her children were taken based on allegations that Plaintiff's husband sexually abused the male children.  (Id. ¶ 13.)

The children were detained by Mudd and Foster for later dependency proceedings. (FAC ¶ 14.)  An initial hearing in Juvenile Court was scheduled for July 11, 2005, but was

---

[2] Santa Cruz County and Hernandez are collectively referred to as "Santa Cruz County Defendants."

2

continued to July 15, 2005. (Id. ¶ 23.) Monterey Social Services delegated most of the investigation for the dependency proceeding to Santa Cruz County. (Id. ¶ 22.)

Throughout the investigation, Mannion and Hernandez repeatedly faulted Plaintiff for not believing the allegations of abuse made by her male children and advised her that she would never be reunited with her children unless she left her husband. (FAC ¶ 24.) Based on the investigation, the Superior Court of Monterey County terminated Plaintiff's parental rights as to all the children. (Id. ¶ 26.)

On the basis of the allegations outlined above, Plaintiff alleges four causes of action: (1) Violation of the Fourth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 against Foster, Mannion and Mudd; (2) Violation of the Fourth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 against Mannion and Hernandez;[3] (3) Violation of the Fourth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983 against Monterey County under Monell;[4] and (4) Violation of Plaintiff's right to associate freely in a marital relationship pursuant to 42 U.S.C. § 1983 against Monterey County and Santa Cruz County under Monell.

Presently before the Court are Monterey Social Services and Patricia Mannion's Motion to Dismiss and the Santa Cruz County Defendants' Motion to Dismiss.

### III. STANDARDS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief may be granted against that defendant. Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-534 (9th Cir. 1984).

---

[3] Although Mannion is named in Plaintiff's First and Second Causes of Action, the only difference between the two causes of action is that the Second Cause of Action does not state that Mannion violated Plaintiff's right to be free from unreasonable searches and seizures. (FAC ¶¶ 33, 36.)

[4] Monell v. Dep't of Social Servs., 436 U.S. 658 (1978).

For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). Any existing ambiguities must be resolved in favor of the pleading. Walling v. Beverly Enters., 476 F.2d 393, 396 (9th Cir. 1973).

However, mere conclusions couched in factual allegations are not sufficient to state a cause of action. Papasan v. Allain, 478 U.S. 265, 286 (1986); see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988). The complaint must plead "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. __ , 127 S. Ct. 1955, 1974 (2007). Courts may dismiss a case without leave to amend if the plaintiff is unable to cure the defect by amendment. Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

## IV. DISCUSSION

### A. First and Second Causes of Action Against Hernandez and Mannion

Santa Cruz County Defendants and Mannion move to dismiss Plaintiff's First and Second Causes of Action as to Hernandez and Mannion on the ground that they are entitled to absolute immunity. (Santa Cruz Motion at 4; Monterey Motion at 5.)

Absolute immunity protects its holders from needing to answer for their conduct in a civil damages action. Mitchell v. Forsyth, 472 U.S. 511, 525 (1985). A court may grant absolute immunity on a Rule 12(b)(6) motion when it is apparent from the face of the complaint that absolute immunity applies. See Arizona Minority Coalition for Fair Redistricting v. Arizona, 366 F. Supp. 2d 887 (2005). However, "[t]he presumption is that qualified rather than absolute immunity is sufficient to protect government officials in the exercise of their duties." Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 433 n.4 (1993) (quoting Burns v. Reed, 500 U.S. 478, 486-87 (1991)).

The Ninth Circuit has held that social workers enjoy absolute immunity when they perform "quasi-judicial" actions or when they perform "quasi-prosecutorial" actions. See Meyers v. Contra Costa County Dep't of Social Services, 812 F.2d 1154, 1156-57 (9th Cir. 1987). The initiation and pursuit of child dependency proceedings are protected by quasi-prosecutorial immunity. Id. at 1157.

However, quasi-prosecutorial immunity does not apply to actions taken unilaterally prior to the operation of the judicial process and not for preparation of a case or for presentation to a court. Id. Quasi-judicial immunity is available when a social worker acts in a capacity functionally comparable to that of a judge, such as when exercising discretionary judgment. Antoine, 508 U.S. at 436 (quoting Imbler v. Pachtman, 424 U.S. 409, 423 n.20 (1976)).

With respect to Hernandez and Mannion's conduct, Plaintiff alleges as follows:

> Social workers investigating this case, including Patricia Mannion and Sylvia Hernandez repeatedly advised Plaintiff that she could never effect reunification with her children unless she divorced her husband, and they faulted her "progress" for not verbalizing express, explicit and total belief in the accusatory allegations of the boys. (FAC ¶ 24.)
>
> Social workers in both Monterey County and Santa Cruz County . . . have been making these coercive statements for years. . . . [T]his longstanding practice of creating a "forced election" (between children and husband) for persons in Plaintiff's position has become commonplace for both Monterey County and Santa Cruz County, with the highest levels of county social services officials effectively ratifying the practice, and therefore making it standard operating procedure. (FAC ¶ 25.)

In addition to the allegations above, Plaintiff alleges the following with respect to Mannion:

> Two days after the removal [of Plaintiff's children], on July 8, [2005,] Mannion filed a sworn Juvenile Dependency Petition in the Superior Court of Monterey County naming all the children as subjects of the petition. (FAC ¶ 15.)  In her sworn petition Mannion declared,
>
> j-9 On July 6, 2005, Betty Johnson, a social worker from Sonoma County, and Vera Chambers, a Monterey County social worker, interviewed the girls in the home . . . . The interview took place outside of the home, *but the girls did not make any statements that they had been molested.*
>
> j-11 Due to the complex nature of the investigation and the concern for the children's welfare, law enforcement placed the children in protective custody on July 6, 2005. (Id.)
>
> By her words, Mannion demonstrated that she had been acting, and continued to act in a supervisory and coordinating capacity for the multi-jurisdictional, pre-judicial phase of the investigation, including the removal of the children from Plaintiff's residence. Her activities would later include direct contact with Plaintiff as well as the coordination of the large number of investigative personnel. Court records indicate that she apparently acted in that capacity for the duration of the case. (FAC ¶ 16.)

The constitutional violation as described in the above paragraphs expressly alleges that Hernandez and Mannion's conduct was done in context of "investigating the case" pursuant to the child dependency proceeding. There are no allegations that Hernandez or Mannion engaged in any conduct outside of their participation in their respective counties' investigation. There are no

allegations that Hernandez and Mannion took unilateral actions. Rather, the investigatory actions are alleged to have taken place during, and in preparation for court proceedings that were initiated and pursued as part of a child dependency process. Thus, the Court finds that it is apparent from the face of the Complaint that Hernandez and Mannion performed "quasi-prosecutorial" actions and are entitled to absolute immunity.[5]

Accordingly, the Court GRANTS Santa Cruz County Defendants' Motion to Dismiss Plaintiff's Second Cause of Action as to Hernandez and GRANTS Defendant Mannion's Motion to Dismiss Plaintiff's First and Second Causes of Action.

**B.     Third Cause of Action Against Monterey County**

Defendant Monterey Social Services moves to dismiss Plaintiff's Third Cause of Action as to Monterey Social Services' conduct that occurred after the removal of Plaintiff's children, on the grounds that (1) the alleged conduct of Monterey Social Services is vicariously asserted through Mannion, who is protected by absolute immunity, and (2) Plaintiff fails to name Monterey Social Services under any cause of action. (Monterey Motion at 6.)

Monterey Social Services' first contention was addressed by the Court's May 2008 Order. The Court explained that a public entity cannot be held liable for a § 1983 violation under a theory of respondeat superior. (See May 2008 Order at 8.) Thus, the Court found that Plaintiff could only state a Monell claim against Monterey County. The Court also found that Plaintiff had sufficiently alleged a violation of § 1983 under Monell against Monterey County, including Monterey Social

---

[5] In its May 2008 Order, the Court found that the taking of Plaintiff's children on July 6, 2005 "may have occurred outside the context of any judicial or dependency proceeding and therefore may not have been quasi-prosecutorial in nature." (Order Granting in Part and Denying in Part Motion to Dismiss at 12, hereafter, "May 2008 Order," Docket Item No. 38.) Plaintiff attempts to connect Mannion to the July 6, 2005 removal of her children in the First Amended Complaint by alleging that Mannion's petition demonstrates that she acted "in a supervisory and coordinating capacity for the . . . pre-judicial phase of the investigation, including the removal of the children." (FAC ¶ 16.) However, Plaintiff does not actually allege any conduct by Mannion that may have occurred outside her quasi-prosecutorial role of investigating and filing a Juvenile Dependency Petition. Accordingly, the Court finds that these allegations fail to defeat the absolute immunity applicable to Mannion's conduct.

6

Services, because Plaintiff alleged that her rights were violated by Foster and Mudd, who were carrying out a policy, custom, or practice of Monterey County.[6]

Plaintiff's First Amended Complaint makes essentially the same allegations as to Monterey Social Services as the original Complaint. Plaintiff alleges that Foster and Mudd, agents of Monterey County, participated in the removal of Plaintiff's children on July 6, 2005 without a warrant, and this incident was part of a pattern and practice of Monterey County. (See FAC ¶¶ 6, 13, 17, 20, 21, 39.) Thus, Plaintiff's allegations are sufficient to state a Monell claim against Monterey Social Services for the same reasons as those articulated in the Court's May 2008 Order.

With respect to Monterey Social Services' second contention, the Court finds that Plaintiff has sufficiently identified Monterey Social Services as a Defendant under her Third Cause of Action. As was the case with the original Complaint, Plaintiff fails to identify any of the public entities in the captions for each cause of action listed in the First Amended Complaint. (See FAC at 11, 12.) However, Paragraphs 39 and 42 of the First Amended Complaint specifically refer to "a pattern and practice of Monterey County." (FAC ¶¶ 39, 42.) Accordingly, the Court finds that, notwithstanding Plaintiff's oversight in the captions, Plaintiff has alleged those causes of action against Monterey Social Services.

Accordingly, the Court DENIES Monterey Social Services' Motion to Dismiss Plaintiff's Third Cause of Action.

**C.      Fourth Cause of Action Against Defendants Santa Cruz and Monterey Counties**

Santa Cruz County Defendants and Monterey County Defendant move to dismiss Plaintiff's Fourth Cause of Action for violation of Plaintiff's right to associate freely in a marital relationship on the ground that Plaintiff's allegations fail to demonstrate the causation element required for a Monell claim. (Santa Cruz Motion at 5; Monterey Motion at 6.)

---

[6] Foster is an employee of the Monterey County Sheriff's Department and Mudd is an employee of Monterey Social Services.

1   To prevail on a § 1983 claim against a local government under <u>Monell</u>, a plaintiff must
2  satisfy a three-part test: (1) an official violated the plaintiff's constitutional rights; (2) the violation is
3  a part of a policy or custom and may not be an isolated incident; and (3) there is a nexus between the
4  specific policy or custom to the plaintiff's injury. See <u>Monell</u>, 436 U.S. at 690-92.

5   With respect to her Fourth Cause of Action, Plaintiff alleges as follows:

> The coercive and directive statements of social workers Mannion and Hernandez to Plaintiff [discussed above] constituted part of a pattern and practice of Monterey County and Santa Cruz County to remove children from the custody of their parents without adequate investigation and in violation of the parents' fundamental right to associate freely in a marital relationship, in the sense of <u>Zablocki v. Redhail</u>, 434 U.S. 374 (1978).[7]  (FAC ¶ 42.)

Based on the allegations above and an examination of the allegations that have been incorporated by reference, the Court finds that Plaintiff's Fourth Cause of Action for <u>Monell</u> violations against the Santa Cruz County Defendants and Monterey County Defendant fails. As a predicate for municipal liability, Plaintiff must show that a Santa Cruz County or a Monterey County official violated her constitutional rights. See <u>Monell</u>. Here, Santa Cruz County is only alleged to have acted through the conduct of Defendant Hernandez, and Monterey County is only alleged to have acted through the conduct of Defendant Mannion. However, the Court has found that Defendants Hernandez and Mannion are entitled to absolute immunity. Thus, Plaintiff's allegations, even if assumed to be true, do not establish any underlying violation of Plaintiff's constitutional rights caused by Santa Cruz County or Monterey County through the actions of Hernandez and Mannion.

Accordingly, the Court GRANTS Santa Cruz County Defendants and Monterey County Defendant's Motions to Dismiss Plaintiff's Fourth Cause of Action.

**D.   Leave to Amend**

Leave to amend under Fed. R. Civ. P. 15(a) "shall be freely given when justice so requires." <u>Keniston v. Roberts</u>, 717 F.2d 1295, 1300 (9th Cir. 1983). "This policy is to be applied with extreme liberality." <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1051 (9th Cir. 2003);

---

[7] <u>Zablocki</u> concerned a Wisconsin statute that prohibited residents from marrying if they were behind in paying child support. 434 U.S. at 375. The Supreme Court held the statute was unconstitutional. <u>Id.</u> at 390-91.

Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001). A court may consider whether the plaintiff has previously amended the complaint or repeatedly failed to cure deficiencies in prior amendments. Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004); Eminence Capital, 316 F.3d at 1052; Keniston, 717 F.2d at 1300. Thus, a district court's discretion over whether to grant leave to amend is "especially broad" where the court has already given a plaintiff one or more opportunities to amend the complaint. See Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996).

In this case, the Court has granted Plaintiff leave to amend once. The Court finds that Plaintiff will not be able to cure the defects of her allegations concerning Defendants Mannion and Hernandez to overcome the fact that they are entitled to absolute immunity for their quasi-prosecutorial actions. In light of Plaintiff's failure to cure the defects consistent with the Court's May 2008 Order, the Court declines to grant further leave to amend claims against Defendants Hernandez and Mannion. In addition, since Hernandez and Mannion are entitled to absolute immunity, the Court also denies Plaintiff leave to amend her Monell claim against the Santa Cruz County Defendants and Monterey County Defendant for alleged interference with her freedom of association in martial relationship.

## V. CONCLUSION

The Court GRANTS in part and DENIES in part Defendants' Motions to Dismiss, as follows:

(1) The Court GRANTS Santa Cruz County Defendants' Motion to Dismiss Plaintiff's Second and Fourth Causes of Action as to Santa Cruz County and Hernandez without leave to amend.

(2) The Court GRANTS Defendant Mannion's Motion to Dismiss Plaintiff's First and Second Causes of Action without leave to amend.

(3) The Court DENIES Defendant Monterey County Defendant's Motion to Dismiss Plaintiff's Third Cause of Action and GRANTS Monterey County Defendant's Motion to Dismiss Plaintiff's Fourth Cause of Action without leave to amend.

The parties shall appear for a Case Management Conference on **January 12, 2009 at 10 a.m.** On or before **January 5, 2009**, the parties shall file a Joint Case Management Statement. The Statement shall include, among other things, a good faith discovery plan with a proposed date for the close of all discovery.

Dated: December 17, 2008

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Irven Grant granti@co.monterey.ca.us
Jerome Pierce Mullins alawyer@silicon-valley.com
Jessica Claudine Espinoza jessica.espinoza@co.santa-cruz.ca.us

**Dated: December 17, 2008**               **Richard W. Wieking, Clerk**

                                           **By:   /s/ JW Chambers
                                                   Elizabeth Garcia
                                                   Courtroom Deputy**